UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV-15-07503-MWF-JC | Date:  January 7, 2016 |
| Title: | Jane Doe -*v*- Derrick Rose, et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

        Deputy Clerk:                            Court Reporter:
        Rita Sanchez                            Not Reported

        Attorneys Present for Plaintiff:       Attorneys Present for Defendant:
        None Present                            None Present

**Proceedings (In Chambers):**   ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND MOTION FOR LEAVE TO FILE PROPOSED FIRST AMENDED COMPLAINT [11][16]

      Two motions are before the Court:  Plaintiff's Motion to Remand filed on October 26, 2015 and Plaintiff's Motion for Leave to File Proposed First Amended Complaint (the "Motion to Amend") filed on November 23, 2015.  (Docket Nos. 11, 16).  Defendant Derrick Rose submitted Oppositions to the Motions on November 16, 2015 and December 14, 2015, respectively.  The Court reviewed and considered the papers on the Motions and held a hearing on **January 4, 2016**.

      Both Motions are **DENIED**.  The Court has original jurisdiction over this action because the parties are completely diverse and the amount in controversy exceeds $75,000.  And because Plaintiff's attempt to add a non-diverse Defendant is likely intended to divest the Court of its subject matter jurisdiction, granting leave to amend would only promote forum shopping and wasting of litigation resources.  The non-diverse Defendant, Keyanna LaVergne, is alleged to have defamed Plaintiff and invaded her privacy.

### I.   BACKGROUND

      On August 26, 2015, Plaintiff initiated this action in Los Angeles Superior Court under the pseudonym "Jane Doe."  (Superior Court Complaint ("Complaint") (Docket

---

                              **CIVIL MINUTES—GENERAL**                            1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV-15-07503-MWF-JC | Date:  January 7, 2016 |
| Title:     Jane Doe -v- Derrick Rose, et al. | |

No. 1-1)).  Plaintiff alleges that Defendants drugged her, entered her apartment while she was asleep, and gang raped her.  (*Id.* ¶ 1).  The Complaint asserts only state law claims for relief, ranging from trespass to battery to a claim for gender violence under California Civil Code § 52.4.  (*Id.* ¶¶ 56-114).  Plaintiff seeks various forms of damages as well as a "declaration from the Court that Defendants Rose, Hampton, and Allen's behavior is that of sexual predators and that their words and conduct violates civil rights of women . . . ."  (*Id.* ¶¶ 115-16, Prayer for Relief at 24).

On September 24, 2015, Defendants timely removed the action to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  (Notice of Removal at 2 (Docket No. 1)).  Plaintiff filed the Motion to Remand a month later, challenging Defendants' jurisdictional claims and factual assertions.  Shortly after Defendants submitted their Opposition to the Motion to Remand, Plaintiff filed her Motion to Amend, seeking to add a non-diverse Defendant to this action.

The Court examines the merits of each Motion in turn.

**II.     MOTION TO REMAND**

A non-resident defendant seeking to remove an action grounded in state law bears the burden to establish complete diversity among the served parties and an amount in controversy that exceeds $75,000.  *See* 28 U.S.C. §§ 1332(a)(1), 1441(a).  As to the diversity requirement, the removing party must show that the citizenship of each plaintiff was different from that of each defendant at the time the action was filed as well as at the time it was removed.  *See Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1130 (9th Cir. 2002) (examining the parties' citizenship at the time the complaint was filed and the action removed); *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) ("In the case of a removed action, diversity must exist both when the state petition is filed and when the petition for removal is filed.").  And as to the amount of controversy, the removing defendant may satisfy her burden if it is "'facially apparent' from the complaint" that the requested relief is greater than the jurisdictional minimum.  *Singer v. State Farm Mut. Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-07503-MWF-JC                        Date:  January 7, 2016
Title:     Jane Doe -v- Derrick Rose, et al.

Plaintiff challenges the propriety of removal on two grounds:

*First*, Plaintiff contends that removal was procedurally improper because Defendant Rose failed to obtain the consent of the remaining two Defendants prior to filing the Notice of Removal.  (Motion at 3).  The argument comes close to being frivolous, however, since even Plaintiff recognizes that the remaining Defendants were not served at the time of removal.  (*Id.*).  For almost a century the Ninth Circuit has held that the parties who have not been served need not join or consent to removal.  *Cmty. Bldg. Co. v. Maryland Cas. Co.*, 8 F.2d 678, 679 (9th Cir. 1925) ("[D]efendants over whom the court has not acquired jurisdiction may be disregarded in removal proceedings, and that the defendants who have been summoned must of necessity be allowed to exercise their right of removal."); *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summonsed can remove by themselves.").  Defendant Rose was therefore entirely justified in removing the action with or without the consent of the remaining Defendants.

*Second*, Plaintiff asserts that the action lacks diversity of citizenship because both she and Defendant Rose are domiciled in California.  (Motion at 5).  The evidence before the Court leaves little doubt, however, that all three Defendants were citizens of Illinois at the time the action was filed and removed to this Court.  Defendants declare that they were born and raised in Illinois, resided for most of their adult lives in Illinois, have made Illinois their permanent and indefinite home, and have never had any intention of changing their permanent residence to California.  (Declaration of Ryan Allen ¶¶ 3-6; Declaration of Randall Hampton ¶¶ 3-6; Declaration of Derrick Rose ("Rose Decl.") ¶¶ 2-6).  Defendant Rose has particularly strong ties to his home state:  he has been employed with the Chicago Bulls since 2008, is active in the Chicago community, and pays taxes and votes in Illinois.  (Rose Decl. ¶ 3).  Such evidence is more than sufficient to establish Defendant Rose's Illinois citizenship.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV-15-07503-MWF-JC | Date:  January 7, 2016 |
| Title:    Jane Doe *-v-* Derrick Rose, et al. | |

Plaintiff's contentions to the contrary again border on frivolous. To prove that Defendant Rose "unequivocally considers [California] his permanent home," Plaintiff offers the following evidence:

- An internet message board quoting an ESPN article from 2009, which in turn quotes Defendant Rose as follows:  "Besides Chicago, I like to play out [in Los Angeles] all the time.  You got great weather.  If you want to do something you can go eat anywhere.  Shop anywhere.  Get rest. . . . Probably, I'll move out here for real though."  (Declaration of Brandon J. Anand  ("Anand Decl."), Ex. 1).

- An unauthenticated text message sent from Defendant Rose to Plaintiff in 2013 inviting her to his residence in Beverly Hills.  (*Id.*, Exs. 2-3).

- News articles from August 2015 indicating that Defendant Rose spent the summer in Santa Monica.  (*Id.*, Exs. 4-6).

Even assuming that this evidence is admissible (an exceptionally generous assumption), it shows at most that Defendant Rose was physically present in California when the action was filed. Spending a few months in another state, even repeatedly during the course of several years, is insufficient to establish domicile. As the Ninth Circuit explained, "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citations omitted). Although Defendant Rose perhaps considered permanently moving to California in 2009 and spent a summer there in 2015, he still plays for the Bulls, still pays taxes and votes in Illinois, and still considers Illinois his home. Nothing in Plaintiff's exhibits detracts from that conclusion.

Finally, although Plaintiff does not challenge Defendants' contention that the alleged damages exceed $75,000, the Court *sua sponte* examines whether the amount in controversy meets the jurisdictional minimum. Plaintiff demands compensatory and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV-15-07503-MWF-JC | Date: January 7, 2016 |
| Title: | Jane Doe -v- Derrick Rose, et al. | |

punitive damages, civil penalties in the amount of $25,000, and attorneys' fees. (Complaint, Prayer for Relief at 24). Due to the allegations of serious misconduct, the Court has no trouble concluding that Plaintiff's claims, if successful, would more likely than not produce damages well above $75,000. Plaintiff herself has made settlement demands above $75,000 and indicated in the Rule 26(f) Status Report that she seeks a total of $21,500,000 in compensatory and punitive damages. (Declaration of Mark D. Baute ¶ 3 (Docket No. 3); Joint Report on Early Meeting of Counsel Pursuant to FRCP 26(f) at 1 (Docket No. 12)); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("Settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.").

Accordingly, the Court has original jurisdiction over this action. Plaintiff's Motion to Remand is **DENIED**.

### III. MOTION TO AMEND

Perhaps realizing the futility of her arguments against removal, Plaintiff filed the Motion to Amend on the same day as her two-page Reply in support of the Motion to Remand. In the Revised Proposed First Amended Complaint ("RPFAC" (Docket No. 26)), Plaintiff seeks to assert three additional claims for relief against a new Defendant: Keyana LaVergne, Plaintiff's former roommate and a citizen of California. (RPFAC ¶ 7). Plaintiff alleges that on October 28, 2015, LaVergne "sold personal, private, and confidential select text messages exchanged between herself and Plaintiff to a website known as 'balleralert.com'." (*Id.* ¶ 72-73). The text messages refer to this action and, in Plaintiff's view, falsely portray her as a "'golddigger,' malinger, and liar." (*Id.* ¶ 143). Plaintiff claims that LaVergne's actions have defamed her, cast her in false light, and invaded her privacy. (*Id.* ¶¶ 134-56).

Although motions to amend a pleading are generally analyzed under the Federal Rule of Civil Procedure 15, where, as here, the plaintiff seeks to add a non-diverse defendant after removal, amendment is governed by far stricter standards. Congress has explicitly contemplated the possibility of post-removal gamesmanship and has permitted courts to deny "joinder of additional defendants" if such joinder "would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV-15-07503-MWF-JC | Date:  January 7, 2016 |
| Title:   Jane Doe -*v*- Derrick Rose, et al. | |

destroy subject matter jurisdiction." 28 U.S.C. § 1447(e). The Ninth Circuit has similarly directed the district courts to "look with particular care at [improper] motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980).

Courts weigh numerous factors in determining whether to permit joinder of a non-diverse defendant who threatens to divest the Court of its jurisdiction. Such factors include the following:

> (1) whether the new defendants should be joined under Fed.R.Civ.P. 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000) (citing *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999)).

Here, nearly all factors weigh against permitting amendment:

*First*, although Plaintiff states that LaVergne "would be considered a 'necessary party'" under Rule 19(a), her assertion is patently incorrect. (Reply ISO Motion to Amend at 6). Plaintiff's claims against LaVergne arise out of a separate set of events that are only indirectly related to the rape allegations against Defendants. The Court would have no trouble "accord[ing] complete relief among the existing parties" without exposing Defendants to "inconsistent obligations" in LaVergne's absence. Fed. R. Civ. Proc 19(a).

Allegations of rape are logically separate from allegations of defamation and invasion of privacy. Whether sexual activity occurred and whether it was consensual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-07503-MWF-JC                                    Date:  January 7, 2016
Title:      Jane Doe -v- Derrick Rose, et al.

is not related to whether Plaintiff has a privacy interest in certain text messages. Indeed, were leave to amend granted, perhaps there would need to be separate trials.

Giving Plaintiff every inference, it could perhaps be true that the issue of whether Defendants' sexual activities with Plaintiff occurred or were consensual is potentially relevant to the claims against LaVergne.  As the Court indicated at the hearing, whether the text messages are defamatory may depend on whether the Plaintiffs' claims against Defendants have merit.  Although Defendant Rose argued at the hearing that it would make little practical sense for Plaintiff to try her claims against Defendants and LaVergne together, bringing a defamation claim against Defendants' central fact witness whose testimony is at least arguably admissible could strengthen Plaintiff's claims in the eyes of the jury.

Ultimately, however, that potential link is insufficient to justify the destruction of subject matter jurisdiction.  It neither makes LaVergne a necessary party under Rule 19, nor creates efficiencies significant enough to warrant lumping Defendants and LaVergne in one action.  And to the extent separate lawsuits would involve duplicative litigation, a judgment against Plaintiff on the existing claims could, perhaps, provide a basis for collateral estoppel.

*Second*, since the RPFAC alleges that LaVergne committed tortious acts on October 28, 2015, Plaintiff is no danger of being time barred from bringing her claims in a separate action in Superior Court.

*Third*, the procedural posture of this action and the nature of Plaintiff's claims against LaVergne strongly indicate that the proposed amendment is intended solely to defeat diversity jurisdiction.  Although Plaintiff averred the hearing that "nothing could be further from the truth," the fact remains that Plaintiff filed the Motion to Amend immediately after Defendants' Opposition to the Motion to Remand, leading the Court to "justifiably suspect that [the] amendment of the complaint was caused by the removal rather than evolution of [the] case." *Clinco*, 41 F. Supp. at 1083.  Indeed, in her Reply in support of the Motion to Remand, Plaintiff spent only two pages addressing Defendants' arguments, confidently stating that "remand is inevitable due

**CIVIL MINUTES—GENERAL**                                                                                    7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV-15-07503-MWF-JC | Date:  January 7, 2016 |
| Title:     Jane Doe -*v*- Derrick Rose, et al. | |

to the addition of a Defendant whose presence destroys diversity." (Reply ISO Motion to Remand at 3).

*Fourth*, the issue of the merits is at best neutral. Although it is not proper to adjudicate Plaintiff's claims at this stage, it is a difficult argument that the text messages sent *by Plaintiff* and statements made *by Plaintiff* are somehow false and defamatory. (RPFAC ¶ 143); *see* 5 B.E. Witkin, *Summary of California Law*, Torts § 556 (10th Ed. 2005) ("Truth of the statements made is a complete defense against liability for defamation, regardless of bad or malicious purpose."). At the hearing, Defendant Rose argued that the invasion of privacy claim is similarly dubious because one can hardly have a reasonable expectation of privacy in text messages sent to third parties in this day and age. Defendant Rose overstates his argument. The inquiry is extremely fact-specific and depends in large part on the nature of Plaintiff's relationship with LaVergne at the time the communications occurred. Because that question is likely a question of fact, the Court cannot conclude that Plaintiff's claim for invasion of privacy is meritless at this stage of the litigation.

*Finally*, Plaintiff will not experience any undue prejudice if she is forced to litigate her claims against LaVergne in a separate state court action. As already discussed, such claims involve different facts and different law than the claims asserted against Defendants.

In sum, only the timing of the Motion to Amend, which was filed less than a month after the allegedly tortious conduct, weighs in favor of Plaintiff. But as the Court indicated at the hearing, that factor alone is insufficient to destroy diversity given the surrounding the circumstances. The inescapable conclusion, therefore, is that the amendment is motivated by a desire to destroy complete diversity. Some scholars question the continuing need for diversity jurisdiction and many district judges feel that we have enough work without it, but Congress has provided for both diversity jurisdiction and removal. Based on Ninth Circuit case law, it is not a terribly close call that leave to amend would be inappropriate.

Accordingly, the Motion to Amend is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV-15-07503-MWF-JC                                **Date:**  January 7, 2016
Title:        Jane Doe -*v*- Derrick Rose, et al.

IT IS SO ORDERED.