**BAUTE CROCHETIERE & GILFORD LLP**
MARK D. BAUTE (State Bar No. 127329)
mbaute@bautelaw.com
LAURA E. ROBBINS (State Bar No. 234652)
lrobbins@bautelaw.com
777 South Figueroa Street, Suite 4900
Los Angeles, California 90017
Telephone: (213) 630-5000
Facsimile: (213) 683-1225

*Attorneys for Defendant*
DERRICK ROSE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JANE DOE (A Pseudonym),<br><br>Plaintiff,<br><br>v.<br><br>DERRICK ROSE, an Individual; RANDALL HAMPTON, an Individual; RYAN ALLEN, an Individual; and DOES 1-10 Inclusive,<br><br>Defendants. | **Case No. CV 15-7503-MWF(JCx)**<br><br>Complaint Filed: August 26, 2015<br><br>**OPPOSITION OF DEFENDANT DERRICK ROSE TO PLAINTIFF JANE DOE'S *EX PARTE* APPLICATION TO DELAY THE TRIAL DATE**<br><br>Judge: Hon. Michael W. Fitzgerald<br>Courtroom: 1600<br><br>Discovery Cutoff: June 17, 2016<br>Pretrial Conference: September 19, 2016<br>Trial Date: October 4, 2016 |

244044.1

Case No. CV 15-7503-MWF(JCx)

**OPPOSITION OF DEFENDANT DERRICK ROSE TO PLAINTIFF JANE DOE'S *EX PARTE*
APPLICATION TO DELAY THE TRIAL DATE**

# I. SUMMARY OF ARGUMENT

In violation of Local Rule 7-19 for ex parte applications, Plaintiff's counsel once again seeks to delay the trial date in a case where the lay discovery is already done, with only three lay depositions left to take that are already scheduled along with a court-ordered deposition to complete, and in which there is no "emergency" of any kind that would warrant the "ex parte" relief. The ex parte application should be denied, and a motion on regular notice can be heard, for the following reasons. Baute Decl. ¶¶2-7.

## A. Lay Depositions Are Now Completed, With Only A Few Short Lay Depositions Left, The Week Of June 13.

The depositions of Defendant Ryan Allen, Defendant Randall Hampton, the Plaintiff, and the plaintiff's roommate, Claudia Carleo, along with the Plaintiff's former co-worker, Keyana Lavergne, have been taken and were completed. There are relatively few lay depositions left to take, and they are scheduled for next week:

1. Because Plaintiff's counsel withheld exculpatory text exchanges from August 2013 which confirm the defense of consent until the day AFTER her deposition, the Plaintiff is being deposed under a court order for 3.5 more hours on Tuesday, June 14, 2016, in San Francisco.

2. Derrick Rose's deposition was scheduled for after the completion of the NBA season, and is to occur on June 17. Though Plaintiff's counsel attempts to make it look like the June 17 deposition date was some sort of "surprise," that June 17 date and location was set with the consent of Plaintiff's counsel, which gave Mr. Rose time to finish up the NBA season in Chicago, and fly to Los Angeles, a more convenient location for the deposition. The deposition is scheduled to occur at the office of Mr. Rose's counsel in downtown Los Angeles on June 17, next week.

3. Despite artful stalling by Plaintiff's counsel, the Plaintiff's parents are being deposed next week under court order (the ruling was just obtained in Sacramento federal court today and a formal written ruling will be issued later this

**OPPOSITION OF DEFENDANT DERRICK ROSE TO PLAINTIFF JANE DOE'S *EX PARTE* APPLICATION TO DELAY THE TRIAL DATE**

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

week), due to the Plaintiff's contrived emotional distress damages claim in this action, and the statements by one of her "expert" witnesses. These depositions can be finished in roughly two hours each, back to back.

While there are certainly other lay depositions that could be taken by any party, they are not essential to the case. Which, of course, if why Plaintiff's counsel does not identify any additional lay depositions that are supposedly essential.

## B. There Is No "Emergency" Here, There Has Been No Stalling By The Defendants, But Plaintiff's Counsel Has Tried Hard To Delay Things.

Ex parte applications are normally based on the existence of some sort of emergency that would require shortened notice. No such emergency exists here. Put more simply, Plaintiff's counsel has done little or nothing to get the case ready for trial other than depose the three defendants, and because discovery went poorly for the Plaintiff, her counsel now wishes to avoid the trial of this matter. The target defendant, Mr. Rose, simply wants the case to be finished and for the trial to go ahead this fall, before the NBA season commences, so that this sham case, which is purely an extortion effort, is put to rest.

From the outset of this case, Defense counsel explained to Plaintiff's counsel that the deposition of Mr. Rose would likely occur after the completion of the NBA season, and that any effort to schedule it during the season would likely mean the deposition would happen in Chicago in the winter. Plaintiff's counsel has agreed to June 17 to depose Mr. Rose, and because the NBA season is now over for the Chicago Bulls (but is not over for the Warriors and Cavaliers), Mr. Rose is able to be in Los Angeles for the deposition, which is scheduled to occur at the office of Mr. Rose's counsel, at 777 South Figueroa Street, on the 49th floor.

Plaintiff's counsel did not subpoena Keyana Lavergne for deposition until May 2016. Ms. Lavergne's testimony was fairly straightforward. During the time period the Plaintiff claims Plaintiff would have been unconscious and at home due to being raped while under a supposed dose of rohypnol, Ms. Lavergne testified that

1 the Plaintiff arrived at work, put in a full day, joked about her purchase of a sex belt
2 at work while showing pictures of herself in a sex belt, and that the Plaintiff said she
3 was a bit tired and hungover from partying the night before.  In other words, not
4 only was the Plaintiff not given rohypnol by anyone, rather, she was alert, went to
5 work, and did not tell her roommate or co-worker anything about a supposed "rape"
6 the next day.  Instead, she showed Ms. Lavergne photos of a sex belt that she
7 purchased the night before, a sex toy she purchased on her own, so that her
8 consensual intercourse with Mr. Rose would be more enjoyable for them.  There is
9 nothing unlawful or even interesting about a young couple engaged in a consensual
10 and non-exclusive relationship, in which the woman decided on her own to buy a
11 sex belt.  Despite the histrionic efforts of Plaintiff's counsel to suggest that Mr.
12 Baute "objected and instructed" Ms. Lavergne to not answer questions, Mr. Baute
13 did not even attend the deposition, because the deposition of Ms. Lavergne falls in
14 the category of peripheral lay witness, and did not require Mr. Baute's attendance.
15      The Plaintiff appears to be withdrawing one expert witness, Ruben Tzachor,
16 and the Plaintiff has violated Rule 26 by refusing to provide any report for the
17 supposed "emotional distress" expert who is to replace Ruben Tzachor.  A motion to
18 exclude the new expert witness will be filed shortly due to the Rule 26 violation.
19 Conversely, Mr. Rose complied with Rule 26 and timely disclosed, with a full
20 report, his toxicology expert, whose testimony will relate to the lack of any evidence
21 of a rohypnol dose being administered, due to the chemical and physiological
22 properties of the drug, as compared to the obvious fact that the plaintiff was
23 aggressively and repetitively texting Mr. Rose throughout the entire night and early
24 morning hours, asking openly for sexual intercourse with Mr. Rose.
25      In addition, Plaintiff has not served a joint stipulation related to any f her
26 supposed discovery disputes despite ample time to do so.  Plaintiff should have
27 conducted depositions earlier in the discovery period.  He also should have met and
28 conferred on Defendants' discovery responses earlier in the discovery period if he

1 found them to be deficient in any manner. Any delay by Plaintiff's counsel is not
2 good cause to continue the trial or extend the discovery period. Similarly, Plaintiff's
3 counsel admits that he met and conferred with Defense counsel about his desire to
4 extend the trial date and all other dates on May 2, 2016. He had ample time to bring
5 a notice motion following the meet and confer. Opposing counsel's failure to timely
6 bring a noticed motion is not grounds for ex parte relief.

7 **C.    The Ex Parte Application Should Be Denied – The Case Can Be Tried**
8 **This October, Before The NBA Season Starts.**

9   There is a telephonic trial setting conference set for June 20, 2016, at 11:45
10 a.m. This matter can be discussed at that time.
11   One obvious suggestion that would enable the trial court and the parties to
12 retain the October trial date, would be to simply have Plaintiff's counsel clearly
13 identify who else, if anyone, it is that he wants to depose, including how and why it
14 is that he thinks more time is needed to depose Mr. Allen on "evidence" that appears
15 to be wholly irrelevant to this case, and Ms. LaVergne on questions that appear to be
16 unrelated to this case. Notably, Plaintiff's counsel consumed nearly the entire seven
17 hour time limit on the depositions of these lay witnesses.
18   From the outset, Plaintiff's counsel's approach to this case appears to have
19 been based largely on seeking to maximize inconvenience for the parties, while
20 delaying routine discovery, and withholding important exculpatory evidence. Even
21 now, Plaintiff's counsel seeks a trial date that is in the middle of the NBA season,
22 next February. It is no coincidence that Plaintiff's counsel withheld the Plaintiff's
23 text exchanges with Mr. Rose from 6:00 p.m. to 2:00 a.m. the morning in question.
24 The texts all confirm that the Plaintiff was the sexual aggressor and sexual
25 instigator. The Plaintiff offered to bring a girl with her, and did. The Plaintiff
26 suggested marijuana, Mr. Rose declined. The Plaintiff purchased sex toys, which
27 Mr. Rose chose to not use. The Plaintiff admitted that her girlfriend was
28 disappointed that Mr. Rose elected to not have any sexual interaction with her. The

1  Plaintiff's texts also show her to be intoxicated, having fun, and wanting Mr. Rose
2  to come by her apartment later that same morning for more consensual interaction.
3  In other words, there is no "case" here, just a made up effort by an upset former
4  paramour, who is now pursuing the case for monetary reasons, the simplest of which
5  is that she was upset that she was not reimbursed for the cost of her sex toys and cab
6  fare.

### D. This Ex Parte Should Be Denied Due To Violations Of The Local Rules And This Court's Ex Parte Procedures.

This ex parte application should also be denied due to Plaintiff's counsel's violations of the Local Rule 7-19 and of Judge Fitzgerald's ex parte procedures.

In violation of Local Rule 7-19, Plaintiff's counsel has not made reasonable good faith efforts to orally advise Defense counsel of the date of the ex parte. Furthermore, his ex parte papers fail to advise the Court whether Defense counsel oppose the ex parte relief sought. In violation of Judge Fitzgerald's procedures, Defense counsel was not served with the ex parte application by email, facsimile, or personal service. Furthermore, also in violation of Judge Fitzgerald's procedures, Defense counsel were not informed that we have 24 hours to file an opposition.

DATED: June 8, 2016                BAUTE CROCHETIERE & GILFORD LLP

By: /s/ Mark D. Baute
    MARK D. BAUTE
    LAURA E. ROBBINS
    Attorneys for Defendant
    DERRICK ROSE

# PROOF OF SERVICE

**JANE DOE v. DERRICK ROSE**
Case No. CV 15-7503-MWF(JCx) [2235.1]

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 777 South Figueroa Street, Suite 4900, Los Angeles, CA 90017.

On this date below, I served true copies of the following document(s) described as **OPPOSITION OF DEFENDANT DERRICK ROSE TO PLAINTIFF JANE DOE'S EX PARTE APPLICATION TO DELAY THE TRIAL DATE** on the interested parties in this action as follows:

**(\*\*SEE ATTACHED SERVICE LIST\*\*)**

☐ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Baute Crochetiere & Gilford LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 8, 2016, at Los Angeles, California.

/s/ Mark Baute
Mark D. Baute

244044.1                                i                    Case No. CV 15-7503-MWF(JCx)
**OPPOSITION OF DEFENDANT DERRICK ROSE TO PLAINTIFF JANE DOE'S *EX PARTE* APPLICATION TO DELAY THE TRIAL DATE**

# SERVICE LIST

**JANE DOE v. DERRICK ROSE**
Case No. CV 15-7503-MWF(JCx) [2235.1]

| | |
|---|---|
| Brandon J. Anand, Esq.<br>ANAND LAW, PC<br>5455 Wilshire Blvd., Suite 1812<br>Los Angeles, CA  90036<br>Telephone:  (323) 325-3389<br>Fax:   (323) 488-9659<br>E-mail:  brandon@anandlaw.com;<br>info@anandlaw.com | *Attorneys for Plaintiff*<br>*JANE DOE* |
| Thaddeus J. Culpepper, Esq.<br>CULPEPPER LAW GROUP<br>3818 Crenshaw Blvd., Suite 905<br>Los Angeles, CA 90008<br>Telephone: (310) 997-0806<br>E-mail:  culpepper@alumni.pitt.edu | *Attorneys for Plaintiff*<br>*JANE DOE* |
| Patrick M. Maloney, Esq.<br>THE MALONEY FIRM, APC<br>2381 Rosecrans Avenue, Suite 405<br>El Segundo, California 90245<br>Telephone:  (310) 540-1505<br>Fax:  (310) 540-1507<br>E-mail:  pmaloney@maloneyfirm.com | *Attorneys for Defendants*<br>*RANDALL HAMPTON and RYAN ALLEN* |
| Michael D. Monico, Esq.<br>Barry A. Spevack, Esq.<br>MONICO & SPEVACK<br>20 S. Clark Street, Suite 700<br>Chicago, IL  60603<br>Telephone: (312) 782-8500<br>Fax: (312) 759-2000<br>E-mail: mm@monicolaw.com | *Attorneys for Defendants*<br>*RANDALL HAMPTON and RYAN ALLEN* |

Revised: 5/2/16

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225