**BAUTE CROCHETIERE & GILFORD** LLP
MARK D. BAUTE (State Bar No. 127329)
mbaute@bautelaw.com
LAURA E. ROBBINS (State Bar No. 234652)
lrobbins@bautelaw.com
777 South Figueroa Street, Suite 4900
Los Angeles, California 90017
Telephone: (213) 630-5000
Facsimile: (213) 683-1225

*Attorneys for Defendant*
DERRICK ROSE, an individual

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JANE DOE (A Pseudonym), <br><br> Plaintiff, <br><br> v. <br><br> DERRICK ROSE, an Individual; RANDALL HAMPTON, an Individual; RYAN ALLEN, an Individual; and DOES 1-10 Inclusive, <br><br> Defendants. | **Case No. CV 15-7503-MWF(JCx)** <br><br> Complaint Filed:  August 26, 2015 <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DERRICK ROSE'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION** <br><br> **Date:** **July 19, 2016** <br> **Time:** **9:00 a.m.** <br> **Location:** **Courtroom 1600** <br><br> Judge:  Hon. Michael W. Fitzgerald <br> Courtroom: 1600 |

*(left margin, vertical text)* BAUTE CROCHETIERE & GILFORD LLP · 777 South Figueroa Street, Suite 4900 · Los Angeles, CA 90017 · Tel (213) 630-5000 • Fax (213) 683-1225

# **TABLE OF CONTENTS**

Page(s)

I.   INTRODUCTION ........................................................................... 1

II.  STATEMENT OF FACTS ............................................................. 1

A.   The Long-Term Consensual Relationship. ............................... 1

B.   The Alleged Events Of August 26 and 27, 2013. .................... 2

C.   Plaintiff Woke Up The Next Morning And Asked Mr. Rose For Money. ................................................................................. 6

D.   The Testimony Of Plaintiff's Roommate, Claudia Carleo, Is That Plaintiff Acted Normal Before Work The Morning of August 27, 2016 And The Testimony Of Keyana Lavergne, Plaintiff's Former Colleague, Is That Plaintiff Acted Normal At Work On August 27, 2016. ...................................................................... 7

E.   Plaintiff Became Frustrated When Mr. Rose Did Not Respond To Her Text Messages During The Following Days. ............... 7

F.   Plaintiff Admits She Lied Repeatedly To Mr. Rose on August 26, 2013 In Writing. ................................................................. 8

III. ARGUMENT ................................................................................. 9

A.   Standard For Summary Judgment ............................................ 9

B.   Plaintiff's Sexual Battery Claim Against Mr. Rose Fails As A Matter Of Law ....................................................................... 11

C.   Plaintiff's Battery Claim Against Mr. Rose Fails As A Matter Of Law ..................................................................................... 13

D.   Plaintiff's Trespass Claim Against Mr. Rose Fails As A Matter of Law. ..................................................................................... 14

E.   Plaintiff's Conspiracy Claim Against Mr. Rose Fails As A Matter Of Law ......................................................................... 14

1.   Mr. Rose, Mr. Allen, and Mr. Hampton Did Not Conspire To Drug Plaintiff ............................................................... 14

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DERRICK ROSE'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION**

2. Mr. Rose, Mr. Allen, and Mr. Hampton Did Not Conspire To Trespass At Plaintiff's Residence. ........................................ 15

3. Mr. Rose, Mr. Allen, and Mr. Hampton Did Not Conspire To Rape Plaintiff.......................................................... 15

F. Plaintiff's Claim For A Civil Action For Gender Violence In Violation Of California Civil Code Section 52.4 Against Mr. Rose Fails As A Matter Of Law. ........................................ 16

G. Plaintiff's Claim For Intentional Infliction Of Emotional Distress Against Mr. Rose Fails As A Matter Of Law. ...................................... 17

H. Plaintiff's Claim For Negligent Infliction Of Emotional Distress Against Mr. Rose Fails As A Matter Of Law. ...................................... 17

I. Plaintiff's Claim Against Mr. Rose For Violation Of The Ralph Act Fails As A Matter Of Law............................................................. 19

J. Plaintiff's Claim Against Mr. Rose For Declaratory Relief Fails As A Matter Of Law. .................................................................... 19

K. Plaintiff's Claim For Punitive Damages From Mr. Rose Fails As A Matter Of Law. .................................................................... 19

IV. CONCLUSION ................................................................ 20

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DERRICK ROSE'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION**

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Am. Int'l Grp., Inc. v. Am. Int'l Bank*,
  926 F.2d 829 (9th Cir. 1991) ...............................................................10

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ........................................................................9, 10

*Angie M. v.Super. Ct.*,
  37 Cal.App.4th 1217 (Cal. Ct. App. 1995).........................................11

*Ashcraft v. King*,
  228 Cal. App. 3d 604 (Cal. Ct. App. 1991)........................................13

*Bass v. City of Fremont*,
  No. C12-4943 TEH, 2013 WL 891090 (N.D. Cal. Mar. 8, 2013) ......19

*Bell Atlantic v. Twombly*,
  550 U.S. 544 (2007) ............................................................................16

*Blue Ridge Ins. Co. v. Stanewich*,
  142 F.3d 1145 (9th Cir. 1998) ............................................................10

*British Airways Board v. Boeing Co.*,
  585 F.2d 946 (9th Cir. 1978)...................................................10, 12, 13

*Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*,
  818 F.2d 1466 (9th Cir. 1987) ............................................................10

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ..............................................................................9

*Church of Christ in Hollywood v. Superior Court*,
  99 Cal. App. 4th 1244 (2002) .............................................................14

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
  509 U.S. 579 (1993) ............................................................................10

*Fluharty v. Fluharty*,
  59 Cal. App. 4th 484 (Cal. Ct.App. 1997)..........................................13

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992)................................................................9

*Hayden Lake Recreational Water & Sewer Dist. v. Haydenview Cottage, LLC*,
  835 F. Supp. 2d 965 (D. Idaho 2011)..................................................17

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF  DEFENDANT DERRICK ROSE'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION**

*I-CA Enterprises, Inc. v. Palram Americas, Inc.*,
  235 Cal. App. 4th 257 (2015)..............................................................14

*In re Angelica P.*,
  28 Cal. 3d 908 (1991)........................................................................20

*Jacqueline R. v. Household of Faith Family Church, Inc.*,
  97 Cal. App. 4th 198 (2002)...............................................................11

*Jones v. Kern High Sch. Dist.*,
  No. CVF071628OWW/TAG, 2008 WL 3850802
  (E.D. Cal. Aug. 14, 2008)..................................................................16

*Lyons v. Williams*,
  91 F.3d 1308 (9th Cir. 1996)..............................................................11

*McGettigan v. Bay Area Rapid Transit Dist.*,
  57 Cal.App.4th 1011 (1997)...............................................................18

*Meade v. Cedarapids, Inc.*,
  164 F.3d 1218 (9th Cir.1999)...............................................................9

*Nymark v. Heart Fed. Sav. & Loan Assn.*,
  231 Cal. App.3d 1089 (1991)..............................................................18

*Potter v. Firestone Tire & Rubber Co.*,
  6 Cal. 4th 965 (1993).........................................................................18

*Roberts v. Ford Aerospace & Comm. Corp.*,
  224 Cal. App. 3d 793 (1990)..............................................................19

*Spates v. Dameron Hosp. Ass'n.*,
  114 Cal. App. 4th 208, 7 Cal. Rptr. 3d 597 (2003) ...........................18

*Summers v. Teichert & Son, Inc.*,
  127 F.3d 1150 (9th Cir.1997).............................................................10

*Taylor v. List*,
  880 F.2d 1040 (9th Cir.1989)...............................................................9

*TW Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*,
  809 F.2d 626 (9th Cir. 1987)..............................................................10

*Vasquez v. Residential Investments, Inc.*,
  118 Cal.App.4th 269, 12 Cal.Rptr.3d 846 (2004) .............................18

*Wilson v. Hynek*,
  207 Cal. App. 4th 999 (2012)..............................................................17

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

243261.2

iv

Case No. CV 15-7503-MWF(JCx)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DERRICK ROSE'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION**

## STATUTES

California Civil Code § 51.................................................................................19

California Civil Code § 51.7..............................................................................19

California Civil Code § 52.4..............................................................................15

California Civil Code § 52.4(1)..........................................................................16

California Civil Code §52.4(a)...........................................................................16

California Civil Code § 52.4(c)..........................................................................16

California Civil Code § 1708.5..........................................................................11

## RULES

Federal Rule of Civil Procedure 12(b)(6)..........................................................16

Federal Rule of Civil Procedure 56(a)................................................................9

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

v

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF  DEFENDANT DERRICK ROSE'S
MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION**

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Plaintiff filed this action, using the pseudonym "Jane Doe", in the Superior Court of California for the County of Los Angeles on August 26, 2015.  In her Complaint, Plaintiff alleges that she and defendant Derrick Rose ("Defendant" or "Mr. Rose") had a long-term intimate relationship spanning several years that included sexual intimacy.  She alleges Mr. Rose, who plays basketball for the NBA's Chicago Bulls, and two other defendants, Ryan Allen and Randall Hampton, drugged her when she visited Mr. Rose's rented house in Beverly Hills on August 26, 2013, then trespassed into her apartment early the next morning, on August 27, 2013, and raped her without her consent, despite the fact that her roommate was next door during the supposed rape.  All three defendants have testified to consent. Plaintiff's own text messages, wrongfully withheld until the day after her deposition, squarely contradict the allegations in the Complaint.  The texts clearly show Plaintiff being adventurous, buying a sex belt to have fun with Mr. Rose, and then asking Mr. Rose and Mr. Allen to drive over to her house at 1:45 a.m. for more consensual sexual interaction.  Plaintiff also withheld texts showing that when she woke up the next morning, at 7 a.m., she asked Mr. Rose for reimbursement for her cab fares and the sex toys she purchased, and mentioned only that she had a hangover and had to get to work.  This is not a rape case. It's pure and simple extortion by a plaintiff whose story has been shredded by every lay witness in the case.

### II.     STATEMENT OF FACTS

### A.      The Long-Term Consensual Relationship.

Plaintiff met Derrick Rose, who is a professional basketball player on the NBA Chicago Bulls, in October 2011.  Separate Statement of Undisputed Facts ("SUF") No. 1.  She liked him a lot and admitted that she wanted to marry him. SUF No. 2.  They had consensual sexual intercourse twice in 2011.  SUF No. 3.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF  DEFENDANT DERRICK ROSE'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION**

They also saw each other approximately six other times in 2011.  SUF No. 4.
Plaintiff and Mr. Rose saw each other approximately ten times in 2012, and engaged
in consensual sexual intimacy during eight of those meetings.  SUF No. 5.  Plaintiff
and Mr. Rose got together twice in 2013 prior to the night of August 26.  SUF No. 6.

**B.     The Alleged Events Of August 26 and 27, 2013.**

Mr. Rose invited Plaintiff to a home he was renting in Beverly Hills,
California on August 26, 2013, at which point he hadn't had intercourse with
Plaintiff for approximately five months.  SUF No 7.  That day, Plaintiff and Mr.
Rose exchanged many text messages, SUF No. 8, including the following:

- 8/26/2013 12:00:33 PM Plaintiff to Mr. Rose: "Babe I need that pink belt I sent you the picture off and I have a chick she a massage therapist in the valley can u send a driver to pick me and then ill go get her from work. I told her I would take care of her."  SUF No. 9.

- 8/26/2013 12:12:10 PM Mr. Rose to Plaintiff: "Send me the address."  SUF No. 10.

- 8/26/2013 12:18:15 PM Plaintiff to Mr. Rose: "[address omitted]  Ima have him take us to the girls on girls store and grab the belt u want anything else from there."  SUF No. 11.[1]

Doe_Production_Set_One_120  Plaintiff texted pictures of herself wearing a sex belt
along with a picture of the sex belt to Mr. Rose; she wanted him to think she was
purchasing the sex belt but she already owned it.  SUF No. 17.

---

[1] At her deposition, Plaintiff admitted that many of the statements she texted to Mr. Rose were lies.  She lied when she told Mr. Rose that she was going to take a cold shower with her vibrator, SUF No. 12, that she was sexually aroused, SUF No. 13, that Plaintiff was going to visit the girls on girls store, SUF No. 14, that her friend wanted Ecstasy, SUF No. 15, and that Mr. Rose owed Plaintiff money for a sex belt that she had purchased, SUF No. 16.  These citations are to the rough transcript of the second session of Plaintiff's deposition.  Mr. Rose will include the relevant portions of the final transcript when he files the reply brief.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF  DEFENDANT DERRICK ROSE'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION**

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

On August 26, 2013, Mr. Rose sent a driver to pick Plaintiff up and bring her to his rental home but the driver was three hours late and arrived at 9:00 p.m. (rather than 6:00 p.m.) so Plaintiff drank vodka while she waited for the driver.[2]  SUF No. 18  Plaintiff consumed red wine in the car on the way to Mr. Rose's house.  SUF No. 20.  Her friend Jessica Kendra Groff, who lived in a different Los Angeles neighborhood than Plaintiff, was also picked up in the same car, which drove them to Mr. Rose's rental home.  SUF No. 21.

Mr. Rose, Mr. Hampton, and Mr. Allen were at the Beverly Hills home when Plaintiff and her friend arrived, although Plaintiff does not recall seeing Randall Hampton immediately upon arrival.  SUF No. 22  Plaintiff consumed tequila after she arrived at Mr. Rose's rental home; she and the defendants all drank out of the same bottle.  SUF No. 23.  Plaintiff, who had no tests for Rohypnol, 180:19-23, doesn't actually know if she was drugged or not.  SUF No. 24.[3]  Plaintiff testified that Mr. Rose did not pour tequila; it was Ryan Allen who poured tequila shots.[4]  SUF No. 25.  Furthermore, Mr. Rose, Mr. Allen, and Mr. Hampton did not add Rohypnol or any other drugs to Plaintiff's drinks or the drinks of anyone else at the Beverly Hills home the night of August 26, 2013; there were no drugs at the house that night.  SUF No. 27.  Furthermore, they did not conspire to drug Plaintiff.  SUF No. 28.  Mr. Rose, Mr. Allen, and Mr. Hampton did not know that Plaintiff was

---

[2] For purposes of this Motion, Mr. Rose takes Plaintiff's version of events of the evening as true.  Mr. Rose will dispute portions of Plaintiff's story at trial.  Plaintiff testified that her memory of August 26-27, 2013 is vague and that she does not remember portions of the night.  SUF No. 19.

[3] At trial, Mr. Rose will present expert testimony from Dr. Ernest Lykissa that will prove that Plaintiff was not drugged; had Rohypnol been administered at the Beverly Hills home, Plaintiff would not have been able to send and receive over 25 text messages from the taxi, walk from the taxi to her apartment, or go to work the next day.

[4] At trial, Mr. Rose will also show that Plaintiff poured the drinks at the Beverly Hills home that night.  SUF No. 26.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

intoxicated.  SUF No. 29.  They saw her drink a small amount of tequila.  SUF No. 30.

Plaintiff remained at the home for approximately three hours.  SUF No. 31. Her friend Jessica Kendra Groff and Mr. Allen allegedly yelled at each other, which was the only yelling she heard that night; she did not hear Mr. Rose yell at anyone. SUF No. 32.  Plaintiff claims she did not have sex with anyone at the Beverly Hills home that night.[5]  205:4-13.  Plaintiff and Ms. Groff left the Beverly Hills home in a taxi after midnight.[6]  SUF No. 33.  Plaintiff texted Derrick Rose from the taxi, including sending him her home address; she wanted to see him again that night. SUF No. 35.  She and Mr. Rose texted, in part:

- 8/27/2013 01:40:32 AM Plaintiff to Mr. Rose:  "No she was not anyways fuck the bitch . . I left my belt and my shit n yo bathroom. And u need to come to me right now."  SUF No. 36.

- 8/27/2013 01:42:14 AM Mr. Rose to Plaintiff "What's the address" SUF No. 37.

- 8/27/2013 01:43:15 AM Plaintiff to Mr. Rose "[address provided]" SUF No. 38.

- 8/27/2013 01:45:21 AM Mr. Rose to Plaintiff "I'm finna have my guy come pick you up."  SUF No. 39.

- 8/27/2013 01:46:19 AM Plaintiff to Mr. Rose "Come with him babe"  SUF No. 40.

- 8/27/2013 01:48:15 AM Mr. Rose to Plaintiff "He bringing u back here and we gon make sure u get to work"  SUF No. 41.

---

[5] At trial, Mr. Rose will argue that Mr. Rose and Mr. Hampton had consensual sexual interaction with Plaintiff at the Beverly Hills home, initiated by Plaintiff. SUF No. 34.

[6] Plaintiff stuck her hand in a fire pit at the rental home and burned her hand.  159:8-17.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF  DEFENDANT DERRICK ROSE'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION**

- 8/27/2013 01:55:00 AM Plaintiff to Mr. Rose "I need u to come with him" SUF No. 42.

- 8/27/2013 01:56:14 AM Mr. Rose to Plaintiff "Why u comin back to me" USF No. 43.

- 8/27/2013 01:56:45 AM Plaintiff to Mr. Rose "So I want you here too" SUF No. 44.

- 8/27/2013 01:59:28 AM Mr. Rose to Plaintiff "He bringing u back here" SUF No. 45.

- 8/27/2013 02:03:27 AM Plaintiff to Mr. Rose "I know he Will, I want u here too" SUF No. 46.

- 8/27/2013 02:06:11 AM Mr. Rose to Plaintiff "He already on his way" SUF No. 47.

- 8/27/2013 02:09:34 AM Plaintiff to Mr. Rose "aight he turned around to pick u up" SUF No. 48.

- 8/27/2013 02:17:26 AM Mr. Rose to Plaintiff "We on our way" SUF No. 49.

- 8/27/2013 02:27:42 AM Mr. Rose to Plaintiff "Hello?" SUF No. 50.

Plaintiff walked to the entrance of her apartment building with the assistance of her taxi driver; she entered the apartment building and walked to her apartment on her own. SUF No. 51.

Defendant Ryan Allen also sent text messages to Plaintiff that night. SUF No. 52. He wrote:

- 8/27/2013 02:19:33 AM Mr Allen to Plaintiff "Derrick is coming to we'll call when we're outside" SUF No. 53.

- 8/27/2013 02:50:40 AM Mr. Allen to Plaintiff "We outside" SUF No. 54.

- 8/27/2013 02:52:34 AM Mr. Allen to Plaintiff "Wake yo ass up?" SUF No. 55.

Mr. Rose, Mr. Allen, and Mr. Hampton came to Plaintiff's apartment at her request, where they stayed for approximately an hour. SUF No. 56. Plaintiff did not buzz

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

them in through the door because her phone was not hooked up to the buzzer.  SUF No. 57.  Instead, Plaintiff let Mr. Rose, Mr. Hampton, and Mr. Allen into the building and escorted them to her apartment.[7]  SUF No. 58.  Plaintiff engaged in sexual intercourse with all three of them.  SUF No. 61.  Plaintiff had intercourse with Mr. Rose first.  SUF No. 62.  Ryan Allen had sex with her next, followed by Randall Hampton; she doesn't recall having intercourse with Randall Hampton but he was naked and on top of her.  SUF Nos. 63-64.  Plaintiff does not recall if she said no or asked Mr. Allen or Mr. Hampton to stop.  SUF No. 65.  Plaintiff felt sore the next day.  SUF No. 66.  Plaintiff did not notice fluid near her vaginal area.  SUF No. 67.  Plaintiff's roommate was in the bedroom next door and did not hear anyone make noises or scream that night.  SUF No. 68.

## C.   Plaintiff Woke Up The Next Morning And Asked Mr. Rose For Money.

Plaintiff woke up at 7 a.m. the next morning and saw a used empty condom on the floor and an unused condom on her bed.  SUF No. 69.  Plaintiff does not recall if Mr. Rose, Mr. Allen, and Mr. Hampton used condoms but the condom she found on the floor the next morning was empty.  SUF No. 70.

After she woke up, Plaintiff texted Mr. Rose to ask for reimbursement for the cab fare from the previous night.  SUF No. 71.

- 8/27/2013 07:49:38 AM Plaintiff to Mr. Rose "I'm hangover, didn't make it to work, and kendra is blowing my phone up  U never payed me back or even payed for Kendras Taxi."  SUF No. 72.

---

[7] Plaintiff doesn't recall whether the door to the building was left open or not.  SUF No. 59.  Her roommate, who returned to the apartment at about 2:30 a.m. on the morning of August 27, 2016, had to use a key to enter the building and the apartment.  SUF No. 60.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF  DEFENDANT DERRICK ROSE'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION

**D.** **The Testimony Of Plaintiff's Roommate, Claudia Carleo, Is That Plaintiff Acted Normal Before Work The Morning of August 27, 2016 And The Testimony Of Keyana Lavergne, Plaintiff's Former Colleague, Is That Plaintiff Acted Normal At Work On August 27, 2016.**

Before going to work that morning, Plaintiff spoke to her roommate Claudia Carleo, knocking on the door and waking up Claudia.  SUF No. 73.  Her roommate felt Plaintiff acted normal the next morning.  SUF No. 74  She was supposed to be at work at 8:00 a.m. and drove to work that morning, arriving about an hour late.  SUF No. 75.

Plaintiff's then colleague Keyana Lavergne reported that Plaintiff arrived at work on time the next day, around 9 a.m., and acted normal because she "didn't seen battered" or off.  SUF No. 76.  She added that Plaintiff didn't seen angry, didn't show any emotion, and didn't mention that she had been raped.  SUF No. 77.

**E.** **Plaintiff Became Frustrated When Mr. Rose Did Not Respond To Her Text Messages During The Following Days.**

After arriving at work, Plaintiff again texted Mr. Rose, seeking reimbursement for the cab fare and sex belt.[8]  SUF No. 78.  She did not accuse him of rape in the texts or on the phone.  SUF No. 80.

- 8/27/2013 09:10:32 AM Mr. Rose to Plaintiff "Send me yo account stuff" SUF No. 81.

- 8/27/2013 09:13:16 AM Plaintiff to Mr. Rose "[Routing and account numbers withheld]"  SUF No. 82.

- 8/27/2013 02:51:08 PM Mr. Rose to Plaintiff "What bank and how much was it"  SUF No. 83.

---

[8] Ryan Allen paid for Plaintiff's cab fare and also gave her money before she left the Beverly Hills residence during the early morning hours of August 27, 2013.  SUF No. 79.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF  DEFENDANT DERRICK ROSE'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION**

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

- 8/27/2013 02:54:16 PM Plaintiff to Mr. Rose "Bank of America 269"  SUF No. 84.

- 8/27/2013 09:54:14 PM Plaintiff to Mr. Rose "What happened?"  SUF No. 85.

- 8/27/2013 09:57:46 AM Plaintiff to Mr. Rose "My hand bubbled up from the burns I was so wasted"  SUF No. 86.

Plaintiff did not go to a doctor on the morning of August 27, 2013, nor did she get tested for sexually transmitted diseases.  SUF No. 87.  Plaintiff did not get a rape kit.  SUF No. 88.  Plaintiff waived over **two years** and finally went to the police in December 2015.  SUF No. 89.

In the following days, Plaintiff sent additional texts to Mr. Rose and became frustrated when he did not respond and give her money.  SUF No. 90.  In the text messages, Plaintiff becomes increasingly frustrated until her final text to Mr. Rose on September 3, 2013, "Stop the games, this is not a joke . . . I hope u serious this time."  SUF No. 91.

Plaintiff exchanged text messages with Ryan Allen on September 8 and 9, 2013.  In these text messages, Plaintiff claimed that she had to pay for a sex belt and a $200 credit card bill for a taxi and that she had to miss work.  SUF No. 92.  Ryan Allen, however, gave money to both Plaintiff and her taxi driver, SUF No. 93, Plaintiff admitted that she already owned the sex belt, SUF No. 94, and Plaintiff admitted that she did not miss work, SUF No. 95.  Plaintiff also claimed that she was intoxicated during the night in question.  SUF No. 96.

Plaintiff contends that she was raped at her apartment during the early morning hours of August 27, 2013 but that she was not raped at the house in Beverly Hills earlier during that night of August 26-27, 2013.  SUF No. 97.

## F. **Plaintiff Admits She Lied Repeatedly To Mr. Rose on August 26, 2013 In Writing.**

At her deposition, Plaintiff admitted that numerous statements she texted to Mr. Rose on August 26, 2013 were lies:

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

243261.2

8

Case No. CV 15-7503-MWF(JCx)

- She lied when she told Mr. Rose that she was going to take a cold shower with her vibrator. SUF No. 98.
- She lied when she told Mr. Rose that she was sexually aroused. SUF No. 99.
- She lied when she told Mr. Rose that Plaintiff was going to visit the girls on girls store. SUF No. 100.
- She lied that her friend Kendra wanted Ecstasy. SUF No. 101.
- She lied that Mr. Rose owed Plaintiff money for a sex belt because she already owned the sex belt and did not purchase it on August 26, 2013.  SUF No. 102.

## III.   ARGUMENT

### A.   Standard For Summary Judgment.

Summary judgment shall be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party bears the burden to demonstrate that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

Once the moving party meets its burden, the opposing party must set out specific facts showing a genuine issue for trial.  *Id*. at 250.  "A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).  Summary judgment should be granted if the "nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "This requires evidence, not speculation."  *Meade v. Cedarapids, Inc.*, 164 F.3d 1218, 1225 (9th Cir.1999).

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id*. at 249-50 (citations omitted).   The Court must assume the truth of

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

1   direct evidence set forth by the opposing party. *See Hanon v. Dataproducts Corp.*,

2   976 F.2d 497, 507 (9th Cir. 1992). However, where circumstantial evidence is

3   presented, the Court may consider the plausibility and reasonableness of inferences

4   arising therefrom. *See Anderson*, 477 U.S. at 249–50; *TW Elec. Serv., Inc. v. Pacific*

5   *Elec. Contractors Ass'n*, 809 F.2d 626, 631–32 (9th Cir. 1987).  Although the party

6   opposing summary judgment is entitled to the benefit of all reasonable inferences,

7   "inferences cannot be drawn from thin air; they must be based on evidence which, if

8   believed, would be sufficient to support a judgment for the nonmoving party." *Am.*

9   *Int'l Grp., Inc. v. Am. Int'l Bank*, 926 F.2d 829 836–37 (9th Cir. 1991) .

10      "A mere scintilla of evidence will not do, for a jury is permitted to draw only

11  those inferences of which the evidence is reasonably susceptible; it may not resort to

12  speculation." *British Airways Board v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir.

13  1978); *see also Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir.

14  1997) ("In that regard, 'a mere scintilla of evidence will not be sufficient to defeat a

15  properly supported motion for summary judgment; rather, the nonmoving party

16  must introduce some 'significant probative evidence tending to support the

17  complaint.' "); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596

18  (1993) ("[I]n the event the trial court concludes that the scintilla of evidence

19  presented supporting a position is insufficient to allow a reasonable juror to

20  conclude that the position more likely than not is true, the court remains free ... to

21  grant summary judgment ."). Moreover, "[i]f the factual context makes the non-

22  moving party's claim of a disputed fact implausible, then that party must come

23  forward with more persuasive evidence than otherwise would be necessary to show

24  there is a genuine issue for trial.*" Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145,

25  1149 (9th Cir. 1998) (citing *Cal. Architectural Bldg. Prods., Inc. v. Franciscan*

26  *Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987)).

27

28

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF  DEFENDANT DERRICK ROSE'S
MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION**

**B.**     **Plaintiff's Sexual Battery Claim Against Mr. Rose Fails As A Matter Of Law.**

Cal. Civ. Code § 1708.5 states "(a) A person commits a sexual battery who does any of the following:  (1) Acts with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results.  (2) Acts with the intent to cause a harmful or offensive contact with another by use of his or her intimate part, and a sexually offensive contact with that person directly or indirectly results.  (3) Acts to cause an imminent apprehension of the conduct described in paragraph (1) or (2), and a sexually offensive contact with that person directly or indirectly results."  Cal. Civ. Code § 1708.5.  "A cause of action for sexual battery under Civil Code section 1708.5 requires the batterer intend to cause a 'harmful or offensive' contact and the batteree suffer a 'sexually offensive contact.' " *Jacqueline R. v. Household of Faith Family Church, Inc.*, 97 Cal. App. 4th 198, 208 (2002) (citation and internal quotation marks omitted).  A sexual battery claim "does not duplicate" a battery claim. *Angie M. v. Super. Ct.*, 37 Cal.App.4th 1217, 1225 (Cal. Ct. App. 1995).  Moreover, proof of sexual battery requires that the plaintiff did not consent to the contact. *Lyons v. Williams*, 91 F.3d 1308, 1310-11 (9th Cir. 1996).[9]

Plaintiff's sexual battery claim is based on the sexual intercourse at Plaintiff's apartment early on the morning of August 27, 2013.  Plaintiff's claim fails because she has no evidence that Mr. Rose (or Mr. Allen or Mr. Hampton) intended to cause a harmful or offensive contact.  Mr. Rose thought the sexual intercourse was welcome.

The claim also fails because Plaintiff and Mr. Rose had consensual sex at her apartment on August 27, 2013.  Given that Plaintiff had sex with Mr. Rose earlier

---

[9] At trial, Mr. Rose will show that all sexual contact between himself and Plaintiff was consensual.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DERRICK ROSE'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION**

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

1   that evening at his rented Beverly Hills home, texted Mr. Rose and invited him to

2   her apartment to have sex, let him into the building and into her apartment, and

3   never asked him to stop having sexual intercourse, the evidence is undisputed that

4   Mr. Rose did not intend to cause a harmful or offensive contact.

5          The evidence is also undisputed that the sexual intercourse that evening was

6   consensual.  While Plaintiff claims to have been intoxicated during the night of

7   August 26-27, 2013, Mr. Rose, Mr. Allen, and Mr. Hampton believed that she was

8   not intoxicated.    Because Plaintiff had sex with Mr. Rose earlier that evening at his

9   rented Beverly Hills home, texted Mr. Rose and invited him to her apartment to

10  have sexual intercourse, let him into the building and into her apartment, and never

11  asked him to stop having sexual intercourse with her, the evidence is undisputed that

12  Plaintiff consented to sexual relations with Mr. Rose (and Mr. Allen and Mr.

13  Hampton).

14         The only "evidence" Plaintiff has of lack of consent is her contention that Mr.

15  Rose had sex with her when she was trying to roll off the bed.  This evidence is

16  insufficient to withstand summary judgment.  "A mere scintilla of evidence will not

17  do, for a jury is permitted to draw only those inferences of which the evidence is

18  reasonably susceptible; it may not resort to speculation." *British Airways Board v.*

19  *Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978).  This evidence is insufficient given

20  the text messages, that Plaintiff invited the Defendants into her home, and that she

21  never asked Mr. Rose to stop.  Moving is natural during sex and cannot be

22  interpreted as lack of consent.[10]

23

24

25  [10] To the extent Plaintiff contends that her alleged intoxication vitiates consent, that

26  argument fails.  Plaintiff has no proof that she was intoxicated on the night in
    question.  She did not get a blood test to support her claim.  Mr. Rose, Mr. Allen,

27  and Mr. Hampton observed Plaintiff acting normally and did not believe she was

28  intoxicated.  She only consumed one or two drinks in their presence.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF  DEFENDANT DERRICK ROSE'S
MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION**

**C.** **Plaintiff's Battery Claim Against Mr. Rose Fails As A Matter Of Law.**

The elements of civil battery are (1) defendant touched plaintiff's person with the intent to harm or offend; (2) plaintiff did not consent to be touched; and (3) defendant's conduct harmed or offended plaintiff. *Fluharty v. Fluharty*, 59 Cal. App. 4th 484, 497 (Cal. Ct.App. 1997). "A harmful contact, intentionally done is the essence of a battery. A contact is 'unlawful' if it is unconsented to." *Ashcraft v. King*, 228 Cal. App. 3d 604, 611 (Cal. Ct. App. 1991) (citation omitted).

Plaintiff's battery claim fails because Mr. Rose did not touch Plaintiff with the intent to harm or offend. Because Plaintiff invited Mr. Rose to her apartment to have sexual intercourse and never asked him to stop or said no, Plaintiff consented to be touched.

The battery claim also fails because Plaintiff consented to be touched. The evidence is also undisputed that the sexual intercourse that evening was consensual. While Plaintiff claims to have been intoxicated during the night of August 26-27, 2013, Mr. Rose, Mr. Allen, and Mr. Hampton did not believe that she was intoxicated.   Plaintiff had sex with Mr. Rose earlier that evening at his rented Beverly Hills home, texted Mr. Rose and invited him to her apartment to have sex, let him into the building and into her apartment, and never asked him to stop having sexual intercourse with her. The evidence is undisputed that Plaintiff consented to sexual relations with Mr. Rose (and Mr. Allen and Mr. Hampton).

The only "evidence" Plaintiff has of lack of consent is her contention that Mr. Rose had sex with her when she was trying to roll off the bed. This evidence is insufficient to withstand summary judgment. "A mere scintilla of evidence will not do, for a jury is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may not resort to speculation." *British Airways Board v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978). This evidence is insufficient given the text messages, that Plaintiff invited the Defendants into her home, and that she

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

243261.2

13

Case No. CV 15-7503-MWF(JCx)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DERRICK ROSE'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION**

1  never asked Mr. Rose to stop.  Moving is natural during sex and cannot be
2  interpreted as lack of consent.

3  **D.**      **Plaintiff's Trespass Claim Against Mr. Rose Fails As A Matter of Law.**

4          Trespass is an "unauthorized entry" onto the land of another. *Church of Christ*
5  *in Hollywood v. Superior Court*, 99 Cal. App. 4th 1244, 1252 (2002)  "Where there
6  is a consensual entry, there is no tort, because lack of consent is an element of the
7  [theory underlying the tort]. A peaceable entry on land by consent is not actionable."
8  *Id*. (internal quotation marks and citation omitted).

9          Here, Plaintiff's trespass claim fails as a matter of law.  As evidenced by the
10 text messages Plaintiff sent to Mr. Rose during the early morning hours of August
11 27, 2013, Plaintiff invited Mr. Rose to her apartment during the early morning hours
12 of August 27, 2013, imploring him to come to her residence.  Plaintiff opened the
13 door to the building and walked Mr. Rose and his friends, Mr. Hampton and Mr.
14 Allen, to her apartment.  As a result of the consensual entry in which Plaintiff
15 invited Mr. Rose and his friends into her apartment as guests, the trespass claim fails
16 as a matter of law.

17 **E.**      **Plaintiff's Conspiracy Claim Against Mr. Rose Fails As A Matter Of**
18          **Law.**

19          "The elements of a civil conspiracy are: "(1) formation and operation of the
20 conspiracy and (2) damage resulting to plaintiff (3) from an act done in furtherance
21 of the common design."  *I-CA Enterprises, Inc. v. Palram Americas, Inc.*, 235 Cal.
22 App. 4th 257, 272 n.2 (2015).

23          Plaintiff avers that Mr. Rose, Mr. Allen, and Mr. Hampton conspired to drug
24 Plaintiff, trespass at Plaintiff's residence, and rape Plaintiff. Complaint ¶¶ 78-80.

25          **1.**      **Mr. Rose, Mr. Allen, and Mr. Hampton Did Not Conspire To Drug**
26                  **Plaintiff.**

27          Mr. Rose, Mr. Allen, and Mr. Hampton did not conspire to drug Plaintiff.
28 Plaintiff has no proof that she was drugged, not a scintilla of evidence.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

243261.2                                        14                    Case No. CV 15-7503-MWF(JCx)

Assuming *arguendo* that the Court considers Plaintiff's evidence to be sufficient, Plaintiff consumed tequila after she arrived at Mr. Rose's rental home; she and the Defendants all drank out of the same bottle.  Mr. Rose did not drug Plaintiff, nor did he conspire with Mr. Hampton or Mr. Allen to drug Plaintiff.   In addition, there is no evidence that Mr. Rose, Mr. Allen, and Mr. Hampton formed and operated a conspiracy to drug Plaintiff.

2.      **Mr. Rose, Mr. Allen, and Mr. Hampton Did Not Conspire To Trespass At Plaintiff's Residence.**

As explained above, Plaintiff's trespass claim fails because she invited Mr. Rose, Mr. Allen, and Mr. Hampton into her apartment.  Plaintiff consented to Mr. Rose, Mr. Allen, and Mr. Hampton entering her apartment.  As Mr. Rose, Mr. Allen, and Mr. Hampton did not trespass into Plaintiff's apartment, they did not conspire to trespass.  In addition, there is no evidence that Mr. Rose, Mr. Hampton, and Mr. Allen formed and operated a conspiracy to trespass.

3.      **Mr. Rose, Mr. Allen, and Mr. Hampton Did Not Conspire To Rape Plaintiff.**

As explained above, Plaintiff's sexual battery claim fails because she has no evidence that that Mr. Rose, Mr. Hampton, or Mr. Allen intended to cause a harmful or offensive contact.  Mr. Rose, Mr. Hampton, and Mr. Allen thought the sexual intercourse was welcome. The claim also fails because Plaintiff and the Defendants had consensual sex at her apartment on August 27, 2013.  The evidence is undisputed that Mr. Rose, Mr. Allen, and Mr. Hampton did not intend to cause a harmful or offensive contact.  The evidence is also undisputed that the sexual intercourse that evening was consensual, as explained above.  In addition, there is no evidence that Mr. Rose, Mr. Hampton, and Mr. Allen formed and operated a conspiracy to rape Plaintiff.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF  DEFENDANT DERRICK ROSE'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION**

**F.** **Plaintiff's Claim For A Civil Action For Gender Violence In Violation Of California Civil Code Section 52.4 Against Mr. Rose Fails As A Matter Of Law.**

Civil Code § 52.4(a) provides that "[a]ny person who has been subjected to gender violence may bring a civil action for damages against any responsible party." *Jones v. Kern High Sch. Dist.*, No. CVF071628OWW/TAG, 2008 WL 3850802, at *29 (E.D. Cal. Aug. 14, 2008).  "Gender violence" is defined as "a form of sex discrimination" and means either:

> (1) One or more acts that would constitute a criminal offense under state law that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, committed at least in part based on the gender of the victim, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction; or

> (2) A physical intrusion or physical invasion of a sexual nature under coercive conditions, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction.

Cal. Civ. Code § 52.4(c).  Plaintiff conclusorily alleges that Mr. Rose's action fit the criteria under both tests.  Complaint ¶¶ 85-86.

Plaintiff's claim fails.  As an initial matter, under Section 52.4(1), Plaintiff has not alleged any specific "act or acts that would constitute a criminal offense under state law" that has as an element the use of physical force and that is based on the gender of the victim.  As a result, she fails to state a claim.  *See Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal citations and quotation marks omitted)).  Plaintiff's mere recitation of

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

the elements of gender violence is insufficient to entitle her to relief.  *See also Hayden Lake Recreational Water & Sewer Dist. v. Haydenview Cottage, LLC*, 835 F. Supp. 2d 965, 983 (D. Idaho 2011) ("Recitation of the prima facie elements of a claim without sufficient factual support and legal authorities supporting the asserted claim is not sufficient to survive a motion for summary judgment.").

Plaintiff's claim also fails because Plaintiff had consensual sex with Mr. Rose, Mr. Hampton, and Mr. Allen.  As explained above, Plaintiff texted and begged Mr. Rose to come to her apartment, providing her address.  She also greeted the Defendants and let them into her apartment building.  Finally, Plaintiff did not ask Mr. Rose, Mr. Allen, or Mr. Hampton not to have sex with her or say "no" at any time.

## G.    Plaintiff's Claim For Intentional Infliction Of Emotional Distress Against Mr. Rose Fails As A Matter Of Law.

"The elements of a prima facie case for the tort of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. . . .  Conduct to be outrageous must be so extreme as to exceed all bounds of that usually  tolerated in a civilized community."  *Wilson v. Hynek*, 207 Cal. App. 4th 999, 1009 (2012) (internal citations omitted).

Plaintiff's intentional infliction of emotional distress claim fails because, as explained above, Plaintiff had consensual sex with Mr. Rose, Mr. Allen, and Mr. Hampton.  Consensual sex is not extreme or outrageous conduct.

## H.    Plaintiff's Claim For Negligent Infliction Of Emotional Distress Against Mr. Rose Fails As A Matter Of Law.

"[T]he negligent causing of emotional distress is not an independent tort, but the tort of negligence. The traditional elements of duty, breach of duty, causation,

1   and damages apply. [¶] Whether a defendant owes a duty of care is a question of

2   law." *Spates v. Dameron Hosp. Ass'n.*, 114 Cal. App. 4th 208, 213, 7 Cal. Rptr. 3d

3   597, 601-02 (2003) (citations and quotation marks omitted).  A "duty owed directly

4   to the plaintiff [ ] is assumed by the defendant or imposed on the defendant as a

5   matter of law, or that arises out of a relationship between the two." *Id*.  "[U]nless

6   the defendant has assumed a duty to plaintiff in which the emotional condition of the

7   plaintiff is an object, recovery is available only if the emotional distress arises out of

8   the defendant's breach of some other legal duty and the emotional distress is

9   proximately caused by that breach of duty.  Even then, with rare exceptions, a

10  breach of the duty must threaten physical injury, not simply damage to property or

11  financial interests." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 985

12  (1993).

13      "The existence of a duty of care owed by a defendant to a plaintiff is a

14  prerequisite to establishing a claim for negligence." *Nymark v. Heart Fed. Sav. &*

15  *Loan Assn.*, 231 Cal. App.3d 1089, 1095 (1991).  "The existence of a legal duty to

16  use reasonable care in a particular factual situation is a question of law for the court

17  to decide." *Vasquez v. Residential Investments, Inc.*, 118 Cal.App.4th 269, 278, 12

18  Cal.Rptr.3d 846 (2004) (citation omitted).  "The 'legal duty' of care may be of two

19  general types: (a) the duty of a person to use ordinary care in activities from which

20  harm might reasonably be anticipated[, or] (b) [a]n affirmative duty where the

21  person occupies a particular relationship to others.... In the first situation, he is not

22  liable unless he is actively careless; in the second, he may be liable for failure to act

23  affirmatively to prevent harm." *McGettigan v. Bay Area Rapid Transit Dist.*, 57

24  Cal.App.4th 1011, 1016–1017 (1997).

25      The Complaint alleges that Mr. Rose had a duty not to cause emotional

26  distress to Plaintiff and that he breached this duty by raping her.  Complaint ¶¶ 100,

27  103.  Plaintiff fails to allege the source of the legal duty.  Furthermore, as explained

28

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

above, Plaintiff was not raped.  She engaged in consensual sex.  As a result, even assuming there was a duty, there was no breach of a duty.

## I. **Plaintiff's Claim Against Mr. Rose For Violation Of The Ralph Act Fails As A Matter Of Law.**

Under the Ralph Act, a plaintiff may bring a claim for "violence, or intimidation by threat of violence" based on "sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation." California Civil Code §§ 51.7 & 51.  "To state a claim under § 51.7, the facts alleged in the complaint must support a reasonable inference that the plaintiff's protected characteristic was a motivating reason for the defendant's conduct.  Without more, an allegation that the plaintiff is a member of a protected class is insufficient to raise this inference."  *Bass v. City of Fremont*, No. C12-4943 TEH, 2013 WL 891090, at *6 (N.D. Cal. Mar. 8, 2013).  Plaintiff alleges that Plaintiff's sex was the reason she was raped.  As explained above, however, Plaintiff was not raped.  Furthermore, she was not threatened with violence.  She had consensual sex.  As a result, the claim fails.

## J. **Plaintiff's Claim Against Mr. Rose For Declaratory Relief Fails As A Matter Of Law.**

Plaintiff's request for a declaration that Defendants are "sexual predators" is improper.  This is a civil rather than a criminal case.  Moreover, as explained above, Plaintiff was not raped.  She engaged in consensual sex.  The claim for declaratory relief fails.

## K. **Plaintiff's Claim For Punitive Damages From Mr. Rose Fails As A Matter Of Law.**

Under California law, punitive or exemplary damages may be assessed only where it is proven by clear and convincing evidence that the defendant has been guilty of malice, oppression or fraud.  *Roberts v. Ford Aerospace & Comm. Corp.*, 224 Cal. App. 3d 793, 801 (1990).  The clear and convincing evidence standard

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DERRICK ROSE'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION**

requires that the evidence be "sufficiently strong to command the unhesitating assent of every reasonable mind." *In re Angelica P.*, 28 Cal. 3d 908, 919 (1991).

Here, Mr. Rose did not act with malice, oppression, or fraud. Mr. Rose had consensual sexual relations with Plaintiff after she invited him to her apartment to have sex with her. Mr. Rose did not act with conscious disregard for Plaintiff's rights. Instead, Mr. Rose and Plaintiff had consensual sex at her apartment during the early morning hours of August 27, 2013, following several years of consensual sex, as is evidenced by the text messages on the night of the alleged rape. As a result, Mr. Rose did not act with malice, oppression, or fraud in having consensual sexual relations with Plaintiff. Accordingly, Plaintiff's claim for punitive damages fails as a matter of law.

## IV.   <u>CONCLUSION</u>

For the reasons set forth herein, Mr. Rose requests that the Court grant his motion for summary judgment and or adjudication.[11]

DATED:  June 20, 2016            **BAUTE CROCHETIERE & GILFORD LLP**


By:  */s/ Laura E. Robbins*
     MARK D. BAUTE
     LAURA E. ROBBINS
     Attorneys for Defendant
     DERRICK ROSE, an individual

---

[11] Only Mr. Rose is requesting summary judgment. If the Court grants the Motion, Plaintiff may try her case against Mr. Allen and Mr. Hampton.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

# **PROOF OF SERVICE**

**JANE DOE v. DERRICK ROSE, et al.**
USDC Eastern District Case No. 2:16-mc-00088-TLN-AC
[USDC Central District Case No. CV 15-7503-MWF(JCx)] [2235.1]

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 777 South Figueroa Street, Suite 4900, Los Angeles, CA 90017.

On the date indicated below, I served true copies of the following document(s): **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF  DEFENDANT DERRICK ROSE'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION** described as  on the interested parties in this action as follows:

### (**SEE ATTACHED SERVICE LIST**)

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of  Baute Crochetiere & Gilford LLP for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 20, 2016, at Los Angeles, California.

/s/ Laura E. Robbins
LAURA E. ROBBINS

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF  DEFENDANT DERRICK ROSE'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION**

## SERVICE LIST

**JANE DOE v. DERRICK ROSE, et al.**
USDC Eastern District Case No. 2:16-mc-00088-TLN-AC
[USDC Central District Case No. CV 15-7503-MWF(JCx)] [2235.1]

| | |
|---|---|
| Brandon J. Anand, Esq.<br>ANAND LAW, PC<br>5455 Wilshire Blvd., Suite 1812<br>Los Angeles, CA 90036<br>Telephone: (323) 325-3389<br>Fax: (323) 488-9659<br>E-mail: brandon@anandlaw.com;<br>info@anandlaw.com | *Attorneys for Plaintiff*<br>*JANE DOE* |
| Thaddeus J. Culpepper, Esq.<br>CULPEPPER LAW GROUP<br>710 South Garfield Avenue<br>Alhambra, CA 91801<br>Telephone: (626) 786-2779<br>Fax: (626) 380-1577<br>E-mail: culpepper@alumni.pitt.edu | *Attorneys for Plaintiff*<br>*JANE DOE* |
| Patrick M. Maloney, Esq.<br>THE MALONEY FIRM, APC<br>2381 Rosecrans Avenue, Suite 405<br>El Segundo, California 90245<br>Telephone: (310) 540-1505<br>Fax: (310) 540-1507<br>E-mail: pmaloney@maloneyfirm.com | *Attorneys for Defendants*<br>*RANDALL HAMPTON and RYAN*<br>*ALLEN* |
| Michael D. Monico, Esq.<br>Barry A. Spevack, Esq.<br>MONICO & SPEVACK<br>20 S. Clark Street, Suite 700<br>Chicago, IL 60603<br>Telephone: (312) 782-8500<br>Fax: (312) 759-2000<br>E-mail: mm@monicolaw.com | *Attorneys for Defendants*<br>*RANDALL HAMPTON and RYAN*<br>*ALLEN* |

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DERRICK ROSE'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION**

## PROOF OF SERVICE

**JANE DOE v. DERRICK ROSE, et al.**
USDC Eastern District Case No. 2:16-mc-00088-TLN-AC
[USDC Central District Case No. CV 15-7503-MWF(JCx)] [2235.1]

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 777 South Figueroa Street, Suite 4900, Los Angeles, CA 90017.

On the date indicated below, I served true copies of the following document(s): **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF  DEFENDANT DERRICK ROSE'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION** described as  on the interested parties in this action as follows:

### (**SEE ATTACHED SERVICE LIST**)

☒      **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒      **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address jdiep@bautelaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 13, 2016, at Los Angeles, California.

/s/ Laura E. Robbins
LAURA E. ROBBINS

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

1

## SERVICE LIST

2

**JANE DOE v. DERRICK ROSE, et al.**

3

USDC Central District Case No. CV 15-7503-MWF (JCx) [2235.1]

4  Brandon J. Anand, Esq.                  *Attorneys for Plaintiff*
   ANAND LAW, PC                           *JANE DOE*
5  5455 Wilshire Blvd., Suite 1812
   Los Angeles, CA  90036
6  Telephone:  (323) 325-3389
   Fax:   (323) 488-9659
7  E-mail:  brandon@anandlaw.com;
   info@anandlaw.com
8

9  Thaddeus J. Culpepper, Esq.             *Attorneys for Plaintiff*
   CULPEPPER LAW GROUP                     *JANE DOE*
10 710 South Garfield Avenue
   Alhambra, CA  91801
11 Telephone:  (626) 786-2779
   Fax:  (626) 380-1577
12 E-mail:  culpepper@alumni.pitt.edu

13 Patrick M. Maloney, Esq.                *Attorneys for Defendants*
   THE MALONEY FIRM, APC                   *RANDALL HAMPTON and RYAN*
14 2381 Rosecrans Avenue, Suite 405        *ALLEN*
   El Segundo, California 90245
15 Telephone:  (310) 540-1505
   Fax:  (310) 540-1507
16 E-mail:  pmaloney@maloneyfirm.com

17 Michael D. Monico, Esq.                 *Attorneys for Defendants*
18 Barry A. Spevack, Esq.                  *RANDALL HAMPTON and RYAN*
   MONICO & SPEVACK                        *ALLEN*
19 20 S. Clark Street, Suite 700
   Chicago, IL  60603
20 Telephone: (312) 782-8500
   Fax: (312) 759-2000
21 E-mail: mm@monicolaw.com

22

23

24

25

26

27

28

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF  DEFENDANT DERRICK ROSE'S
MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION**