UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-07503-MWF-JC						Date:  July 27, 2016
Title:    Jane Doe v. Derrick Rose, et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

        Deputy Clerk:                                      Court Reporter:
        Rita Sanchez                                      Not Reported

        Attorneys Present for Plaintiff:          Attorneys Present for Defendant:
        None Present                                    None Present

**Proceedings (In Chambers):**  ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [113]

Before the Court is Defendant Rose's Motion for Summary Judgment (the "Motion"), filed on June 20, 2016.  (Docket No. 113).  Defendants Hampton and Allen file a Notice of Joinder to the Motion.  (Docket No. 114).  Plaintiff submitted an Opposition on July 27, 2016, and Defendant Rose's Reply followed on July 1, 2016.  (Docket Nos. 117, 134).  The Court has read and considered the parties' submissions, and held a hearing on **July 19, 2016**.

The Motion is **DENIED**.  The record presents a genuine dispute of material fact as to the central issue in this action:  whether Plaintiff consented to sexual intercourse with Defendants in early morning of August 27, 2013.  Because the jury and not the Court must resolve this central issue, summary judgment is improper.

**I.     BACKGROUND**

The parties dispute most material facts in this action.  Viewed in the light most favorable to Plaintiff, the following occurred:

Sometime in 2011, Plaintiff met Defendant Rose, the famous NBA point guard.  (Declaration of Laura E. Robbins, Ex. A ("Doe Deposition Transcript") at 49 (Docket No. 112-3)).  The two began casually dating and seeing each other on a regular basis.  (*Id.* at 56-76).  Although Plaintiff engaged in consensual sexual intercourse with Defendant Rose on multiple occasions, she has repeatedly refused to have group sex

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-07503-MWF-JC					Date:  July 27, 2016
Title:	Jane Doe v. Derrick Rose, et al.

with him and his friends.  (Plaintiff's Separate Statement of Disputed Facts ("PSSDF") ¶¶ 107-08 (Docket No. 119)).

On August 26, 2013, Defendant Rose invited Plaintiff and Plaintiff's friend, Jessica Groff, to his residence in Beverly Hills.  (Doe Deposition Transcript at 146-49).  While waiting for Defendant's driver, who was running a few hours late, Plaintiff consumed an unspecified amount vodka.  (*Id.* at 150).  After the driver finally arrived, Plaintiff continued to drink alcohol, finishing a full "personal" bottle of red wine on her way to Defendant Rose's residence.  (*Id.* at 153).

At the residence, Plaintiff and Groff were greeted by all three Defendants.  (*Id.* at 157).  The women agreed to have drinks with Defendant Allen and took "several" shots of tequila.  (*Id.* at 158; Declaration of Jessica Groff ("Groff Decl.") ¶ 3).  The group continued to drink, socialize, and listen to music.  (Groff Decl. ¶ 4).  While Groff was speaking with Defendant Rose in the bedroom, Defendant Allen entered the room and demanded that Groff "take her clothes off."  (*Id.* ¶¶ 5-6).  When Groff refused, Defendant Allen yelled, "What are you in here for then?  Well get the fuck out.  As a matter of fact, ya'll can fucking go home right now."  (*Id.*¶ 7).

Although Groff was ready to go home, she refused to leave without Plaintiff.  (*Id.* ¶ 8).  It was "very obvious" that Plaintiff was severely intoxicated.  (*Id.* ¶ 10).  She was stumbling around and even picked up with her bare hand a burning-hot gemstone next to the fire pit for no rational reason.  (*Id.* ¶¶ 11, 13; Doe Deposition Transcript at 159).  Groff knew that Plaintiff could not consent to sex in her intoxicated state and believed that it was not safe for her to remain with Defendants.  (Groff Decl. ¶¶ 9-10).  Plaintiff and Groff ultimately got into a cab and left.  (*Id.* ¶ 12).

After Plaintiff arrived to her apartment, she and Defendant Rose began text messaging back and forth.  (Declaration of Derrick Rose ("Rose Decl."), Ex. A (Docket No. 112-4)).  Plaintiff wrote, "[You] need to come to me right now," and provided Defendant Rose with her home address.  (*Id.*).  Defendant Rose attempted to convince Plaintiff to drive back to Beverly Hills, but Plaintiff refused.  (*Id.*).  Defendant Rose eventually gave in and replied, "We on our way."  (*Id.*).  Plaintiff did

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-15-07503-MWF-JC           Date: July 27, 2016
Title:     Jane Doe v. Derrick Rose, et al.

not respond. (*Id.*). She vomited and fell asleep on her bed. (Doe Deposition Transcript at 292).

Around 2:30 a.m., all three Defendants arrived at Plaintiff's apartment. (*Id.*; Rose Decl., Ex. A). Seeing that Plaintiff was not answering the door, Defendants Rose and Allen sent Plaintiff text messages with "Hello," "We outside," and "Wake yo ass up." (Rose Decl., Ex. A; Declaration of Ryan Allen ("Allen Decl."), Ex. A). Plaintiff did not respond. Defendants found an open door at the top of the front stairs, broke into Plaintiff's apartment, and found Plaintiff incapacitated on her bed. (PSSDF ¶ 122). Despite Plaintiff being unable to consent to intercourse, all three Defendants proceeded to have sex with her. (Doe Deposition Transcript at 292-301). Plaintiff cannot remember most details of the alleged rape, but she does remember Defendants being on top and around her. (*Id.*).

Plaintiff woke up the next morning feeling ill and believing that she was drugged the night before. (*Id.* at 180, 300). During the following week, Plaintiff text messaged and called Defendant Rose in an attempt to communicate with him about the alleged rape, but he became distant and nonresponsive. (*Id.* at 227, 236, 394). Plaintiff also sent the following text message to Defendant Allen:

> [Y]all knew I wasnt in my right state of mind. I was intoxicated and u guys were sober and could have stopped at any time. I had to look back at my text messages to get an idea of why all of u showed up at my home I after I was already safe sleep in my bed. I hope that never happens to any of your loved ones. God bless you.

(Allen Decl., Ex. A).

Almost two years later, on August 26, 2015, Plaintiff filed this action. (*See* Complaint (Docket No. 1)). Plaintiff states the following claims for relief under California law: (1) sexual battery in violation of California Civil Code section 1708.5; (2) battery; (3) trespass; (4) conspiracy to trespass, commit rape, battery; (5) violation of California Civil Code section 52.4; (6) intentional infliction of emotional distress;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-15-07503-MWF-JC        Date: July 27, 2016
Title:    Jane Doe v. Derrick Rose, et al.

(7) negligent infliction of emotional distress; (8) violation of the Ralph Act; and (9) declaratory relief. (*Id.* ¶¶ 56-116). After the close of discovery, Defendants brought this Motion.

## II.    LEGAL STANDARD

In deciding motions under Federal Rule of Civil Procedure 56, the Court follows *Anderson*, *Celotex*, and their Ninth Circuit progeny. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 319 (1986). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *In re Oracle Corp. Secs. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## III.   EVIDENTIARY OBJECTIONS

Defendant Rose makes a number of evidentiary objections to the evidence presented with Plaintiff's Opposition. (*See* Evidentiary Objections (Docket Nos. 153-6, 153-7, 153-8, 153-9). Almost all of these objections are meritless. (*See, e.g.,* Evidentiary Objections to Jane Doe's Declaration ¶ 1 (objecting to the following statement because "it calls for a legal conclusion": "I did not engage in any sexual activity on August 26, 2013.")). To the extent the objections are not meritless, they are nonetheless improper on summary judgment because all evidence included with the Opposition can be presented in an admissible form at trial. *See* Fed. R. Civ. P. 56(c)(2) (stating that a party may object to presented evidence on summary judgment if the evidence "cannot be presented in a form that would be admissible [at trial]"); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-07503-MWF-JC               Date:  July 27, 2016
Title:    Jane Doe v. Derrick Rose, et al.

Accordingly, Defendant Rose's evidentiary objections are **OVERRULED**.

## IV.  DISCUSSION

At the heart of this action are two related questions:  Whether Plaintiff consented to sexual intercourse with Defendants in the early morning of August 27, 2013, and if she did not, whether Defendants reasonably believed that she did.

Defendants' version of transpired events could well convince a reasonable jury to answer both questions in Defendants' favor.  According to Defendants, Plaintiff drank only a small amount of tequila at Defendant Rose's residence and did not seem intoxicated.  (Defendant's Separate Statement of Undisputed Facts ("DSSUF") ¶ 30 (Docket No.113-2)).  She initiated sexual interaction with all three Defendants in the Beverly Hills house and intended to have consensual intercourse.  (*Id.* ¶ 34).  After Groff's argument with Defendant Allen, Plaintiff left Defendant Rose's residence and invited Defendants to her apartment.  (*Id.* ¶¶ 42, 44).  Once they arrived, she let them inside and voluntarily had sex with all three men.  (*Id.* ¶¶ 58, 61).  Defendants did not know that Plaintiff was intoxicated.  (*Id.* ¶ 29).

This narrative may be particularly convincing as to Defendant Rose.  It is undisputed that he and Plaintiff had been dating for some twenty months at the time of the incident, and had engaged in intercourse on many occasions.  (*Id.* ¶¶ 1-6).  And, as Defendant Rose emphasized at the hearing, text messages from August 26, 2016, may be interpreted to show Plaintiff's intent to have sex with Defendant Rose both before and after she visited the Beverly Hills residence.  (Rose Decl., Ex. A).  Moreover, the very fact that Plaintiff could lucidly communicate with Defendant Rose through text messaging an hour before the incident could indicate that Plaintiff was not, in fact, so intoxicated that she could not consent to intercourse.  (*See id.*).  Some jurors may find support for that conclusion in Plaintiff's decision to not mention the alleged rape to Defendant Rose in any of the communications with him the following morning.  (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-15-07503-MWF-JC | Date: July 27, 2016 |
| Title: Jane Doe v. Derrick Rose, et al. | |

But the record is far too equivocal for this Court to rule in Defendant Rose's favor as a matter of law. There can be no doubt that genuine disputes exist as to almost every material fact in this action:

- There is testimony that Plaintiff *did not* engage in any sexual activities at Defendant Rose's residence in Beverly Hills. (Groff Decl. ¶¶ 11, 14, 17; Doe Deposition Transcript at 205).

- There is testimony that Plaintiff drank copious amounts of alcohol on the night of August 26, 2013, and was *severely and obviously* intoxicated. (Groff Decl. ¶¶ 10-11, 18). Defendants allegedly knew of Plaintiff's condition because they observed Plaintiff do what no sober person would have done. For example, Defendants observed Plaintiff burn her hand by picking up hot gemstones after she was warned against such abnormal actions. (Doe Deposition Transcript at 159). A jury could conclude that Plaintiff remained intoxicated at the time of the alleged rape, as it occurred less than three hours after Plaintiff left the Beverly Hills residence. (DSUF ¶ 31).

- Plaintiff's ability to send text messages after she left the Beverly Hills residence does not establish as a matter of law that she was able to consent to sex.

- The content of the text messages is subject to conflicting interpretations. (Rose Decl., Ex. A). A reasonable jury could infer from those communications that Plaintiff invited only Defendant Rose to her apartment and never consented to any kind of sexual activity, and certainly not one involving multiple partners. (*Id.*). That inference could be particularly strong if the jury believes that Plaintiff previously refused to have sex with Defendant Rose's friends. (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-15-07503-MWF-JC					Date: July 27, 2016
Title:	Jane Doe v. Derrick Rose, et al.

- A reasonable jury may or may not conclude from the following evidence that Defendants entered Plaintiff's apartment while she was asleep: (1) Plaintiff's lack of responses to Defendants' text messages, (2) her intoxicated state, and (3) the fact that Plaintiff's apartment is often left unlocked. (Rose Decl., Ex. A; Allen Decl., Ex. A; PSSDF ¶ 123; Declaration of Brandon J. Anand, Ex. G (Docket No. 126)).

- The testimony of Plaintiff and Groff is itself sufficient to defeat summary judgment. Based on their testimony Defendant's inability to give consent would have been obvious to any reasonable person. (Doe Deposition Transcript at 292-98; Groff Decl. ¶¶ 10-11, 18). If that were the case, the Plaintiff's intimate relationship with Defendant Rose would become irrelevant to the issue of consent.

In light of these factual disputes, the Court cannot grant summary judgment in Defendants' favor. As applied to Plaintiff's specific claims, the Court's ruling is as follows:

**Claims I and II**: A jury could find that Defendants committed sexual battery and battery from the evidence showing that Plaintiff was unable to provide consent due to her obviously incapacitated state. *See Lyons v. Williams,* 91 F.3d 1308, 1311 (9th Cir. 1996) ("The absence of consent is a matter essential to the cause of action of battery . . . . What is true of ordinary battery is equally true of the gross, intimate and odious touching against one's will that constitutes rape.") (alterations, citation, and internal quotation marks omitted); *see also* Cal. Pen. Code § 261(a) ("Rape is an act of sexual intercourse . . . (3) Where a person is prevented from resisting by any intoxicating or anesthetic substance, or any controlled substance, and this condition was known, or reasonably should have been known by the accused.").

**Claim III**: A jury could find that Defendants broke into Plaintiff's apartment uninvited, and that Plaintiff revoked Defendant Rose's previous invitation by not replying to his text messages. The Court therefore cannot conclude as a matter of law that Defendants are not liable for trespass. *See Staples v. Hoefke*, 189 Cal. App. 3d

---

**CIVIL MINUTES—GENERAL**					7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV-15-07503-MWF-JC | Date:  July 27, 2016 |
| Title:     Jane Doe v. Derrick Rose, et al. | |

1397, 1406, 235 Cal. Rptr. 165 (1987) ("Trespass is an unlawful interference with possession of property.").

**Claim IV**:  Allegations of civil conspiracy cannot constitute a separate claim for relief under California law.  *See Moran v. Endres*, 135 Cal. App. 4th 952, 954, 37 Cal. Rptr. 3d 786, 788 (2006) ("Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration.") (internal quotation marks and citation omitted).  The Court therefore interprets Plaintiff's fourth claim for relief as an alternative basis for holding all Defendants liable for the torts of battery and trespass.

**Claim V**:  A jury could find that Defendants violated California Civil Code section 52.4(a) by having intercourse with Plaintiff without her consent.  Under section 52.4(a), "[a]ny person who has been subjected to gender violence may bring a civil action for damages against any responsible party."  Cal. Civ. Code § 52.4(a).  The statute defines "gender violence" as "(1) [o]ne or more acts that would constitute a criminal offense under state law that has as an element the use . . . of physical force" or "(2) [a] physical intrusion or physical invasion of a sexual nature under coercive conditions."  *Id.* § 52.4(c).  Defendants have presented no authority for the proposition that the type of criminal rape alleged by Plaintiff, *see* Cal. Pen. Code § 261(a), does not fall within the purview of section 52.4(a).

**Claims VI and VII**:  A jury could find that Defendants either intentionally or negligently caused Plaintiff emotional distress by engaging in extreme and outrageous conduct.  *See Kremer v. Zillow, Inc.*, No. SACV 14-1889-DOC-DFM, 2015 WL 438418, at *4 (C.D. Cal. Feb. 3, 2015) (discussing the elements of claims for intentional and negligent infliction of emotional distress under California law).  Defendants present no authority the proposition that the type of rape alleged by Plaintiff cannot support a claim for intentional or negligent inflection of emotional distress.

---

| | |
|---|---:|
| **CIVIL MINUTES—GENERAL** | **8** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-15-07503-MWF-JC            Date: July 27, 2016
Title:     Jane Doe v. Derrick Rose, et al.

**Claim VIII**: A jury could find that Defendants violated California Civil Code section 51.7 by engaging in "violence" against Plaintiff due to her gender. Defendants present no authority for the proposition that Plaintiff's alleged rape does not constitute "violence" within the meaning of section 51.7. Without such authority, the Court declines to dismiss this claim as a matter of law.

**Claim IX**: In her final claim for relief, Plaintiff asks the Court to declare that Defendants' "conduct violates the civil rights of women under the various Acts alleged [in the Complaint]." (Complaint ¶ 116). The Court construes this claim as requesting a declaratory judgment that Defendants violated the laws summarized above. Accordingly, this claim may proceed as derivative of Plaintiff's remaining claims.

**Request for Punitive Damages**: A jury could find that Defendants acted with "oppression, fraud, or malice" by having intercourse with Plaintiff while knowing that Plaintiff was unable to consent due to her intoxication. *See* Cal. Civ. Code § 3294 (providing that punitive damages may be awarded where it is proven by clear and convincing evidence that the defendant has been "guilty of oppression, fraud, or malice"). Plaintiff's request for punitive damages, therefore, does not fail as a matter of law.

## V.    CONCLUSION

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.