**BAUTE CROCHETIERE & GILFORD LLP**
MARK D. BAUTE (State Bar No. 127329)
mbaute@bautelaw.com
777 South Figueroa Street, Suite 4900
Los Angeles, California 90017
Telephone: (213) 630-5000
Facsimile: (213) 683-1225

*Attorneys for Defendant*
DERRICK ROSE

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JANE DOE (A Pseudonym),<br><br>Plaintiff,<br><br>v.<br><br>DERRICK ROSE, an Individual; RANDALL HAMPTON, an Individual; RYAN ALLEN, an Individual; and DOES 1-10 Inclusive,<br><br>Defendants. | **Case No. CV 15-7503-MWF(JCx)**<br><br>Complaint Filed:  August 26, 2015<br><br>**DEFENDANT DERRICK ROSE'S NOTICE OF MOTION AND MOTION TO COMPEL THE INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF JANE DOE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**HEARING:**[1]<br>Date:         August 29, 2016<br>Time:        10:00 a.m.<br>Location:   Courtroom 1600<br><br>**TRIAL/FSC:**<br>Date:         September 19, 2016<br>Time:        11:00 a.m.<br>Location:   Courtroom 1600<br><br>Judge:   Hon. Michael W. Fitzgerald<br><br>Pretrial Conference:  September 19, 2016<br>Trial Date:       October 4, 2016 |

---

[1] The hearing date and briefing schedule are Court ordered.  *See* ECF #170.

247245.1                                              Case No. CV 15-7503-MWF(JCx)
**DEFENDANT DERRICK ROSE'S NOTICE OF MOTION AND MOTION TO COMPEL THE INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF JANE DOE**

**TO ALL OF PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 29, 2016 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 1600 of the above-entitled Court, located at 312 N. Spring Street, Los Angeles, California 90012 California 90012, defendant Derrick Rose ("Defendant") will and hereby does move this Court for an order granting this Motion to Compel the Independent Medical Examination of Plaintiff Jane Doe ("Plaintiff").

This Motion is based on this Notice, the supporting Memorandum of Points and Authorities, the Declarations of Mark D. Baute and Dr. Jayme Jones, all pleadings and papers filed and lodged with the Court and on any oral or documentary evidence and argument as may be presented at the hearing of this matter.

DATED: August 8, 2016         BAUTE CROCHETIERE & GILFORD LLP

By:   /s/ Mark D. Baute
      MARK D. BAUTE
      Attorneys for Defendant
      DERRICK ROSE

247245.1                              1                    Case No. CV 15-7503-MWF(JCx)

**DEFENDANT DERRICK ROSE'S NOTICE OF MOTION AND MOTION TO COMPEL THE INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF JANE DOE**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Jane Doe ("Plaintiff") alleges that she suffers from severe emotional distress, including depression. Her retained expert, Dr. Elena Konstat, has testified she suffers from DSM-IV 309.81, post traumatic stress disorder, and is "temporarily totally disabled." Plaintiff has asserted specific claims for intentional infliction of emotional distress and negligent infliction of emotional distress. She offers expert testimony in support of her claims for emotional distress damages. Courts around the country have held that under similar circumstances, a court must grant a defendant's request for a mental examination of the Plaintiff. Therefore, Defendant Derrick Rose ("Mr. Rose") requests that the Court order an independent medical examination of Plaintiff.

### II. STATEMENT OF FACTS

In her Complaint, Plaintiff alleges, "As a proximate result of the extreme and outrageous conduct engaged in by Defendants, Plaintiff suffered severe emotional distress, humiliation, mental anguish and extreme emotional and physical distress all to her general damage in an amount according to proof at trial." Complaint ¶ 95.

Plaintiff's initial expert witness designation failed to comply with Fed. R. Civ. Proc. Rule 26(a)(2). Plaintiff identified Dr. Elena Konstat as her expert witness, but failed to include a "complete statement of all opinions the witness will express and the basis and reasons for them," as required by Rule 26(a)(2)(B)(i). Declaration of Mark D. Baute ("Baute Decl."), **Exhibit 1**. Defendant Derrick Rose sent a letter to Plaintiff's counsel on June 6, 2016, pointing out the failure to comply with Rule 26 and offering to meet and confer to resolve the potential dispute. Baute Decl. **Exhibit 2**.

Plaintiff failed to submit an expert report authored by Dr. Konstat prior to Mr. Rose's deadline for submitting rebuttal expert designations and reports.

247245.1    2    Case No. CV 15-7503-MWF(JCx)

**DEFENDANT DERRICK ROSE'S NOTICE OF MOTION AND MOTION TO COMPEL THE INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF JANE DOE**

1  Defendant Derrick Rose served his rebuttal expert witness designation,
2  including a report of Dr. Jayme Jones, in compliance with Rule 26(a)(2)(B), on
3  June 20, 2016.  Dr. Jones offered rebuttal testimony to the report of Plaintiff's other
4  designated expert, Dr. Reuben Vaisman-Tzachor.  At that time, Plaintiff still had not
5  provided a report with Dr. Elena Konstat's opinions and the basis for each of her
6  opinions.  Mr. Rose accordingly filed a motion to exclude Dr. Konstat's testimony at
7  trial.  A week later, after receiving both the rebuttal report of Dr. Jones **and** Mr.
8  Rose's motion to exclude the testimony of Dr. Konstat, the Plaintiff provided a
9  report by Dr. Konstat, in her "supplemental" expert witness disclosure.  Baute Decl.,
10 **Exhibit 3**.  Dr. Konstat testified that Plaintiff suffers from post traumatic stress
11 disorder and is "temporarily totally disabled."  Baute Decl., **Exhibit 4**.
12  Mr. Rose's rebuttal expert, Dr. Jones, states that an independent medical
13 examination ("IME") is necessary for her to prepare for her rebuttal to the report and
14 testimony of Dr. Konstat.  See Declaration of Dr. Jayme Jones, filed concurrently.
15 Dr. Jones could not prepare a rebuttal to Dr. Konstat's report to submit with her
16 original report on June 20, 2016, because Dr. Konstat did not provide her report to
17 Mr. Rose until June 27, 2016, after the deadline for Mr. Rose's rebuttal expert
18 designation had passed.
19  At the hearing on July 19, 2016, the Court invited briefing on this issue, and
20 set a briefing schedule and a hearing for August 29, 2016.  Docket entry no. 170.
21  Dr. Jones needs to examine the Plaintiff to test the validity of the opinions
22 offered by Plaintiff's expert and treating psychotherapist, Dr. Elena Konstat.  Dr.
23 Jones proposes to conduct a personal interview with the Plaintiff and administer
24 several standard tests to determine the nature and extent of the Plaintiff's injuries.
25 The IME could be completed in a single day, in one morning and one afternoon
26 session with a break for lunch.
27  Plaintiff contends the request for an IME is untimely.  In fact, all delays in
28 this case have been caused by the Plaintiff.  She has stalled and attempted to thwart

virtually every attempt by Mr. Rose to obtain disclosures and discovery. Baute Decl. ¶¶ 10-15.

Plaintiff's delay in producing Dr. Konstat's report was consistent with her behavior throughout this litigation. She refused to be deposed in November 2015, and continued to refuse to agree to a deposition date until she was ordered by Judge Chooljian to show up in late January. Baute Decl. ¶¶ 11-15. See Docket entry no. 34, ordering Mr. Rose to file a notice advising the court if Plaintiff appeared for her deposition on January 21, 2016. At that deposition, Plaintiff disclosed the existence of texts she had exchanged with Mr. Rose on the night of the alleged rape, but which she had not produced. Baute Decl. ¶ 13. She did not produce those documents until the day after her deposition. *Id.*

Another dispute ensued as to a date on which the Plaintiff would be further deposed concerning those documents, which dragged on for several months. *Id.* ¶ 14-15. On April 14, 2016, Mr. Rose filed another motion to re-open Plaintiff's deposition. Docket entry no. 62. Judge Chooljian granted that motion on May 10, 2016, and ordered the deposition to re-commence on June 14, 2016. Docket entry no. 90.

In addition to the expense of having to compel the Plaintiff to comply with the Federal Rules as to disclosure and discovery responses, Mr. Rose has been severely prejudiced by Plaintiffs' delaying tactics. Mr. Rose sought to depose Ms. Doe as early as November 2015, and noticed her deposition, but she refused to attend. Ultimately, Mr. Rose was unable to complete Plaintiff's deposition until June 2016, just before the discovery cutoff, and only after filing two separate motions to compel her deposition. The delay in getting Plaintiff's deposition completed has prevented Mr. Rose from preparing for trial, just as Plaintiff's counsel intended all along. It would be manifestly unfair to further penalize Mr. Rose by accepting Plaintiff's assertion that Mr. Rose's request for an order requiring

Plaintiff to submit to a painless, simple independent mental examination is untimely, because the delays in this case have been of the Plaintiff's own making.

### III. ARGUMENT

**A. Where, As Here, The Plaintiff Has Put Her Mental Condition "In Controversy" By Alleging Intentional Infliction Of Emotional Distress, Offering Evidence Of Post Traumatic Stress Disorder, And Offering Expert Testimony That She Is "Totally Disabled," The Court Should Compel Plaintiff To Submit To An Independent Medical Exam.**

Pursuant to Federal Rule of Civil Procedure 35, the Court can compel a party to make himself or herself available for an independent medical exam. Federal Rule of Civil Procedure 35(a)(1) states: "The court where the action is pending may order a party whose mental or physical condition — including blood group — is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control."

An order may be issued "for good cause and on notice to all parties and the person to be examined; and must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform [the examination]." Fed. R. Civ. Proc. Rule 35(a)(2).

Here, Mr. Rose makes a timely and proper demand for an IME that is neither painful, protracted, nor intrusive. Mr. Rose simply wishes to assess Plaintiff's health, given that Plaintiff has put her health and emotional state at issue in the litigation because she seeks damages as a result of her alleged injuries. The Complaint states, "As a proximate result of the extreme and outrageous conduct engaged in by Defendants, Plaintiff suffered severe emotional distress, humiliation, mental anguish and extreme emotional and physical distress all to her general damage in an amount according to proof at trial." Complaint ¶ 95. Plaintiff has demanded up to $5 million in damages. Baute Decl. ¶ 7.

Mr. Rose is mindful of the Court's skepticism that a one-day delay in producing an expert designation has prejudiced Mr. Rose. However, in fairness to Mr. Rose, the Court is requested to note that the initial "designation" did not include a report by Dr. Konstat. No report was produced until more than three weeks later, on June 27, 2016. By that time, Mr. Rose had met and conferred with Plaintiff's counsel and, on June 20, had filed a motion to exclude Dr. Konstat's testimony at trial.

Plaintiff's stalling and delay tactics have been calculated to prevent Mr. Rose from obtaining actual <u>evidence</u> concerning the Plaintiff's damages. This Court should not reward Plaintiff's obstructionist behavior.

**B.     This Motion to Compel an Independent Medical Examination is Timely Given Plaintiff's Untimely Designation of Her Expert Witnesses and History of Stalling and Delaying Tactics in This Case.**

This motion is made as soon as practicable given Plaintiff's delays and untimely disclosures of her theories of recovery in this case. Plaintiff did not timely designate her expert, Dr. Elena Konstat. Plaintiff's original "designation" did not include the requisite report including all of Dr. Konstat's opinions and the bases for those opinions. In fact, Plaintiff's initial "designation" included no report at all from Dr. Konstat. Baute Decl. ¶ 2. Plaintiff finally produced a report authored by Dr. Konstat on or about June 27, 2016, a week after Mr. Rose had already moved to exclude her testimony and had served his own rebuttal expert report, which dealt with Dr. Reuben Vaisman-Tzachor's defective expert report. The Court subsequently excluded Dr. Vaisman-Tzachor from testifying at trial.

Plaintiff alleges she has suffered extreme emotional distress as a result of defendants' actions. She alleges she is from a conservative family and has conservative attitudes about sexual activities, and consequently the alleged rape has caused her extreme mental anguish. Mr. Rose contends the Plaintiff was a willing participant, and in fact demanded that Mr. Rose come to her apartment, and that she

1 had purchased sexual props such as a "sex belt," which she felt Mr. Rose should pay
2 for.  Mr. Rose has tried to depose Plaintiff's parents to test the mettle of Plaintiff's
3 allegations, but they have refused to be deposed, and have violated court orders
4 compelling them to attend their depositions.  The parents' depositions also would
5 have provided additional information which Dr. Jones could have factored into her
6 opinions.

7 Given Plaintiff's delays and stalling tactics, Mr. Rose seeks to have the IME
8 conducted as soon as possible after the hearing of this motion.  Dr. Jones is available
9 to conduct an independent medical examination on either September 8 or 15, 2016.
10 Dr. Jones wishes to conduct the independent medical examination from 9:00 a.m. to
11 3:00 p.m. (with a break for lunch).  Dr. Jones will conduct a three hour clinical
12 interview.  Dr. Jones will also have Plaintiff complete the PAI (Personality
13 Assessment Inventory) for 60-90 minutes, the MCMI-III (Millon Clinical Multiaxial
14 Inventory) for 60-90 minutes, the TSI (Trauma Symptom Inventory) for 30-45
15 minutes, and the TOMM for 15-30 minutes.

**C.   Good Cause Exists for the Requested Order Compelling the IME Because Mr. Rose Is Entitled to Rebut the Testimony of the Plaintiff's Treating Psychoanalyst, Dr. Konstat.**

Generally, a party seeking an IME must demonstrate good cause:

> The defendants have shown good cause for a medical
> examination pursuant to Rule 35.  If Evans is a paraplegic
> and if his paraplegia resulted from defendants' conduct, the
> results could be a very large monetary judgment against
> the defendants.  If on the other hand, there is no medical
> reason to substantiate his current complaints, the Judge or
> Jury is entitled to this information.  The court, therefore,
> has no choice but to order Evans to submit to the medical

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

1                 examination requested or have his claim for physical

2                 injuries dismissed.

3 *Evans v. Salzer*, No. 94 C 0028, 1997 WL 359969, at *1 (N.D. Ill. June 17, 1997).

4       Here, Plaintiff has put her emotional state at issue in this case, and if her
5 emotional distress is real, and if it was proximately caused by Mr. Rose, she might
6 win a large monetary reward, but if either she is not truly suffering emotional
7 distress, or if she cannot prove proximate causation, the jury is entitled to that
8 information. An IME is necessary to rebut the testimony of the Plaintiff's treating
9 psychoanalyst, Dr. Konstat. The IME will assist the jury in making a determination
10 both of the fact of the Plaintiff's injuries, if any, and causation.

11       A plaintiff's emotional state is an appropriate subject for an IME. *See*, *e.g.*,
12 *Ashley v. City & Cty. of San Francisco*, No. CV-12-00045-JST KAW, 2013 WL
13 2386655, at *3 (N.D. Cal. May 30, 2013) (ordering independent mental examination
14 of plaintiff who alleged his pre-existing psychological problems were exacerbated
15 by arrest for trespassing on Golden Gate Bridge and subsequent lengthy
16 incarceration); *Benham v. Rice*, 238 F.R.D. 15, 28 (D.D.C. 2006), *on*
17 *reconsideration in part*, No. CIV.A. 03-01127, 2007 WL 8042488 (D.D.C. Sept. 14,
18 2007) (holding that "employee who seeks compensatory damages for emotional pain
19 suffered as a result of employer's action has placed the existence and extent of their
20 alleged mental injury in controversy, giving the employer good cause to seek
21 examination").

22       *Benham* noted that many courts require more than a mere showing of
23 emotional distress to demonstrate good cause for a mental examination under Rule
24 35. *See*, *e.g.*; *Fox v. Gates Corp.*, 179 F.R.D. 303, 307 (D. Colo. 1998) (stating that
25 a "majority of courts, however, will not require a plaintiff to submit to a medical
26 examination unless, in addition to a claim for emotional distress damages, one or
27 more of the following factors is also present: (1) plaintiff has asserted a specific
28 cause of action for intentional or negligent infliction of emotional distress;

(2) plaintiff has alleged a specific mental or psychiatric injury or disorder; (3) plaintiff has claimed unusually severe emotional distress; (4) plaintiff has offered expert testimony in support of her claim for emotional distress damages; and (5) plaintiff concedes that her mental condition is "in controversy" within the meaning of Fed.R.Civ.P. 35(a)"); *Turner v. Imperial Stores*, 161 F.R.D. 89 (S.D.Cal.1995) (holding that mental condition had not been placed in controversy because plaintiff "has not brought a cause of action for either intentional or negligent infliction of emotional distress; she has not alleged that she suffers from a specific psychiatric injury or disorder as a result of defendants' conduct; she does not claim to suffer from unusually severe emotional distress; she does not intend to offer expert testimony regarding her emotional distress; and she has not conceded that her mental condition is "in controversy." Rather, she merely claims damages for emotional distress which she says that she suffered as a result of defendants' actions alleged in her complaint."). *Id* at 98.

Here, Plaintiff satisfies every criterion the *Turner* court found lacking. Plaintiff claims intentional infliction of emotional distress. Plaintiff's treating psychoanalyst testifies Plaintiff suffers from post traumatic stress disorder and suffers from unusually severe emotional distress, to the extent that she is temporarily totally disabled. Plaintiff intends to offer expert testimony regarding her emotional distress. By making those contentions and, indeed, offering expert testimony as to her emotional distress claims, Plaintiff has necessarily conceded that her mental condition is "in controversy."

The *Turner* decision discussed several cases in which good cause was found to conduct a mental examination, and several cases in which good cause was not found. None of the cases holding no good cause existed comes close to the posture of this case, where the Plaintiff alleges intentional infliction of emotional distress, she intends to present expert testimony at trial of her treating psychoanalyst, her psychoanalyst has testified she suffers from a recognized psychological disorder

("DSM-IV 309.81, post traumatic stress disorder"), and she allegedly is totally disabled as a result.

## IV. CONCLUSION

For the foregoing reasons, Mr. Rose requests that the Court compel Plaintiff to appear for an independent medical examination before Dr. Jayme Jones.

DATED: August 8, 2016  BAUTE CROCHETIERE & GILFORD LLP

By: /s/ Mark D. Baute
Mark D. Baute
Attorneys for Defendant
DERRICK ROSE

247245.1   10   Case No. CV 15-7503-MWF(JCx)
**DEFENDANT DERRICK ROSE'S NOTICE OF MOTION AND MOTION TO COMPEL THE INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF JANE DOE**

# PROOF OF SERVICE

**JANE DOE v. DERRICK ROSE**
Case No. CV 15-7503-MWF(JCx) [2235.1]

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 777 South Figueroa Street, Suite 4900, Los Angeles, CA 90017.

On August 8, 2016, I served true copies of the following document(s) described as **DEFENDANT DERRICK ROSE'S NOTICE OF MOTION AND MOTION TO COMPEL THE INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF JANE DOE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action as follows:

**(\*\*SEE ATTACHED SERVICE LIST\*\*)**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 8, 2016, at Los Angeles, California.

/s/ Mark D. Baute
Mark D. Baute

247245.1                                    i                     Case No. CV 15-7503-MWF(JCx)
**DEFENDANT DERRICK ROSE'S NOTICE OF MOTION AND MOTION TO COMPEL THE
INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF JANE DOE**

# SERVICE LIST

**JANE DOE v. DERRICK ROSE**
Case No. CV 15-7503-MWF(JCx) [2235.1]

| | |
|---|---|
| Brandon J. Anand, Esq.<br>ANAND LAW, PC<br>5455 Wilshire Blvd., Suite 1812<br>Los Angeles, CA 90036<br>Telephone: (323) 325-3389<br>Fax: (323) 488-9659<br>E-mail: brandon@anandlaw.com;<br>info@anandlaw.com | *Attorneys for Plaintiff*<br>*JANE DOE* |
| Waukeen Q. McCoy, Esq.<br>McCOY LAW FIRM P.C.<br>555 Montgomery Street, Suite 1100<br>San Francisco, CA 94111<br>Telephone: (415) 675-7705<br>Fax: (415) 675-2530<br>E-mail: mail@mccoyslaw.com | *Attorneys for Plaintiff*<br>*JANE DOE* |
| Thaddeus J. Culpepper, Esq.<br>CULPEPPER LAW GROUP<br>3818 Crenshaw Blvd., Suite 905<br>Los Angeles, CA 90008<br>Telephone: (310) 997-0806<br>E-mail: culpepper@alumni.pitt.edu | *Attorneys for Plaintiff*<br>*JANE DOE* |
| Patrick M. Maloney, Esq.<br>THE MALONEY FIRM, APC<br>2381 Rosecrans Avenue, Suite 405<br>El Segundo, California 90245<br>Telephone: (310) 540-1505<br>Fax: (310) 540-1507<br>E-mail: pmaloney@maloneyfirm.com | *Attorneys for Defendants*<br>*RANDALL HAMPTON and RYAN ALLEN* |
| Michael D. Monico, Esq.<br>Barry A. Spevack, Esq.<br>MONICO & SPEVACK<br>20 S. Clark Street, Suite 700<br>Chicago, IL 60603<br>Telephone: (312) 782-8500<br>Fax: (312) 759-2000<br>E-mail: mm@monicolaw.com | *Attorneys for Defendants*<br>*RANDALL HAMPTON and RYAN ALLEN* |

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225