**BAUTE CROCHETIERE & GILFORD LLP**
MARK D. BAUTE (State Bar No. 127329)
mbaute@bautelaw.com
COURTNEY A. PALKO (State Bar No. 233822)
cpalko@bautelaw.com
777 South Figueroa Street, Suite 4900
Los Angeles, California 90017
Telephone: (213) 630-5000
Facsimile: (213) 683-1225

*Attorneys for Defendant*
DERRICK ROSE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JANE DOE (A Pseudonym),<br><br>Plaintiff,<br><br>v.<br><br>DERRICK ROSE, an Individual; RANDALL HAMPTON, an Individual; RYAN ALLEN, an Individual; and DOES 1-10 Inclusive,<br><br>Defendants. | Case No. CV 15-7503-MWF(JCx)<br><br>Complaint Filed: August 26, 2015<br><br>**DEFENDANT DERRICK ROSE'S REPLY IN SUPPORT OF MOTION FOR ORDER EXCLUDING TESTIMONY OF PLAINTIFF'S EXPERT MR. OKORIE OKOROCHA**<br><br>**Date:** **August 25, 2016**<br>**Time:** **2:30 p.m.**<br>**Location:** **Courtroom 1600**<br><br>Judge: Hon. Michael W. Fitzgerald<br><br>Pretrial Conference: September 19, 2016<br>Trial Date: October 4, 2016 |

247926.1     Case No. CV 15-7503-MWF(JCx)

**DEFENDANT DERRICK ROSE'S REPLY IN SUPPORT OF MOTION FOR ORDER EXCLUDING TESTIMONY OF PLAINTIFF'S EXPERT MR. OKORIE OKOROCHA**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's attempt to introduce Mr. Okorie Okorocha as a rebuttal expert witness is an impermissible end-run around the Court's discovery rules and scheduling order. Plaintiff concedes that she failed to comply with the expert designation requirements and deadlines; her initial expert was excluded and she only designated Mr. Okorocha as a rebuttal expert witness after Mr. Rose's expert, Dr. Lykissa, submitted his report. Mr. Okorocha's testimony goes beyond the scope of rebuttal testimony and is inconsistent with the theory advanced by plaintiff's prior expert, Dr. Reuben Vaisman-Tzachor, whom plaintiff identified in her Rule 26 initial disclosures and whose report and testimony this Court has excluded from evidence.

At the outset of plaintiff's argument (Opp. at p. 4), she admits that Mr. Okorocha's testimony is not proper rebuttal testimony. "It is important to note that Mr. Okorocha's testimony does not seek to rebut the veracity of Defendant's Expert's conclusion that Plaintiff was not administered the date-rape drug Rohypnol." Dkt. 166 at 7. Instead, Mr. Okorocha speculates as to several other drugs that may facilitate rape, despite having no connection to any evidence in this case. Mr. Okorocha's rebuttal testimony is not relevant or helpful to the jury, as he has neither the educational background nor the practical experience to testify as to the impact of drugs on a human body. His opinions themselves are unreliable and untrustworthy, and must be excluded in their entirety.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

247926.1

1

Case No. CV 15-7503-MWF(JCx)
**DEFENDANT DERRICK ROSE'S REPLY IN SUPPORT OF MOTION FOR ORDER EXCLUDING TESTIMONY OF PLAINTIFF'S EXPERT MR. OKORIE OKOROCHA**

## II. ARGUMENT

### A. Mr. Okorocha's Report Goes Beyond the Proper Scope of Rebuttal by Speculating, Admittedly Without Any Evidence, that Plaintiff Might Have Been Under the Influence of a Drug Not Mentioned by Either Dr. Vaisman-Tzachor or Dr. Lykissa.

On July 27, 2016, this Court granted Mr. Rose's motion to exclude the testimony of plaintiff's proposed expert, Dr. Reuben Vaisman-Tzachor. Dkt. 170. Dr. Vaisman-Tzachor's report is not in evidence and will not be relied upon at trial. However, plaintiff initially relied on Dr. Vaisman-Tzachor to advance the theory that plaintiff was drugged with "what is suspected [to be] the 'rape-drug', Rohypnol." *See* Robbins Decl. in Support of Defendant Derrick Rose's Motion for Order Excluding Testimony of Plaintiff's Expert Dr. Reuben Vaisman-Tzachor Ex. B ("Vaisman-Tzachor Report") at 34. In fact, the Vaisman-Tzachor Report does not mention any drugs other than Rohypnol. *Id.* And Mr. Okorocha listed the Vaisman-Tzachor Report as one of the materials he reviewed in forming his opinion. *See* Dkt. 163-3 (Robbins Decl. in Support of Defendant Derrick Rose's Motion for Order Excluding Testimony of Plaintiff's Expert Mr. Okorie Okorocha) ¶ 8 & Ex. B at 26.

Mr. Rose's timely disclosed expert, Dr. Ernest Lykissa, narrowly tailored his report to rebut plaintiff's theory that she had been drugged with Rohypnol as Dr. Reuben Vaisman-Tzachor opined in his expert report. Until Mr. Rose provided Dr. Lykissa's report to plaintiff, Rohypnol drugging was the only theory advanced by plaintiff. Dr. Lykissa therefore properly focused his analysis on Rohypnol, and did not account for other drugs that hypothetically could have been ingested by plaintiff, because plaintiff had not advanced any drug other than Rohypnol as her theory.

Because Mr. Okorocha was designated as a rebuttal witness only, Mr. Okorocha's testimony is limited to the issues contained in Dr. Lykissa's report. Rule 26(a)(2)(D)(ii) states that rebuttal testimony must "solely [] contradict or rebut

evidence on the same subject matter." Fed. R. Civ. P. 26(a)(2)(D)(ii). "Those portions of an expert's rebuttal that opine on subjects that were not addressed in the expert report purportedly being rebutted should be excluded." *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1065 (C.D. Cal. 2010). Plaintiff's effort to distinguish *Plumley* misses the mark. "If [plaintiff] wished to use [Okorocha's] testimony . . ., [she] should have disclosed his opinions on these issues in an initial expert report." *Id.* at 1066.

Mr. Okorocha impermissibly expands the topics of his opinion outside of the analysis of the drug Rohypnol. Dr. Lykissa's report is clearly limited to his opinion that Jane Doe "was not administered Rohypnol on the night of August 26/27, 2013." *See* Robbins Decl. ¶ 2 & Ex. A. Mr. Okorocha, however, speculates that 12 other drugs "could have been used to facilitate a rape," stating that "Dr. Lykissa has not accounted for many other drugs that can be used as date rape drugs." *See* Robbins Decl. ¶ 3 & Ex. B. In expanding his testimony outside of the drug Rohypnol, the subject of Dr. Lykissa's report, Mr. Okorocha is testifying as an affirmative expert.

As Mr. Rose argued in his moving papers, that Mr. Okorocha offers testimony on the same broad subject matter as Dr. Lykissa is not sufficient. *See Vu v. McNeil–PPC, Inc.*, 2010 U.S. Dist. LEXIS 53639, 2010 WL 2179882, at *2 (C.D. Cal. May 7, 2010) ("If the phrase 'same subject matter' is read broadly to encompass any possible topic that relates to the subject matter at issue, it will blur the distinction between 'affirmative expert' and 'rebuttal expert.' More importantly, such a broad reading of Rule 26(a)(2)(C)(ii) will render the scope of the subject matter limitless and will lead to unjust results.")). Plaintiff does not mention or distinguish *Vu*. Plaintiff herself chose not to designate Mr. Okorocha as an affirmative witness but solely as a rebuttal witness. Therefore, Mr. Okorocha's testimony is strictly limited to the topics of Dr. Lykissa's report. Mr. Okorocha's testimony as to any drug other than Rohypnol must be excluded.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

Mr. Okorocha's testimony as to the variety of other drugs which may be used during a rape is impermissible rebuttal testimony and has no relevance to this case.

### B. Mr. Okorocha's Testimony Is Not Relevant and Would Unnecessarily Confuse the Jury by Raising a Multitude of Issues that Plaintiff Hid from Defendants Until After Discovery Was Closed.

The Court's gatekeeping function under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590–92 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999) requires the Court to determine if the testimony is "relevant to the task at hand." *Pooshs v. Philip Morris USA, Inc.*, 904 F. Supp. 2d 1009, 1016 (N.D. Cal. 2012) (citation omitted). Expert opinion testimony is relevant if the knowledge underlying it has a "valid... connection to the pertinent inquiry," and it is reliable if the knowledge underlying it "has a reliable basis in the knowledge and experience of [the relevant] discipline." *Daubert*, 509 U.S. at 592; *see also Kumho Tire,* 526 U.S. at 149. Plaintiff fails to establish that Mr. Okorocha's testimony has a valid connection to the pertinent inquiry – whether any evidence exists that plaintiff was drugged with Rohypnol. Nor has plaintiff demonstrated that Mr. Okorocha has the requisite knowledge underlying his opinion – he offers only speculation. Mr. Okorocha's testimony must be stricken.

Mr. Okorocha's testimony and report will not be helpful to – and in fact will only confuse – the jury. Mr. Okorocha's report is not based on sufficient facts or data to be admissible. Mr. Okorocha's conclusions are contradictory and confusing. Mr. Okorocha admits that there is no evidence that any drugs (other than alcohol) were used during the night in question.   He states: "There is NO EVIDENCE of drug use other than alcohol." *See* Robbins Decl. ¶ 8 & Ex. B at 26. Then in the next sentence, he states: "This does not rule out other drugs however." *Id.* Ex. B at 26. Thus, plaintiff admits that Mr. Okorocha's entire "report" is nothing but wild speculation.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

1  Mr. Okorocha further speculates as to "Jane Doe's reaction to *the drugs*" (*id.*
2  Ex. B at 27 (emphasis added)), despite the fact that "NO EVIDENCE" of any drug
3  use exists here. *Id.* Mr. Okorocha lists a variety of drugs which "could have been
4  used to facilitate a rape." *Id.* As to Jane Doe's reaction to the hypothetical drugs, he
5  states that she may have had "none, delayed reaction, or he [sic] interaction with any
6  other drug may have had no impairment whatsoever." In other words, Mr.
7  Okorocha claims that, even if she did ingest drugs, they may have had no impact
8  whatsoever on her. *Id.*

9  Mr. Okorocha's opinions are not grounded in a logical analysis of the facts of
10 this case; they are incoherent and internally inconsistent. Mr. Okorocha complains
11 that Dr. Lykissa's analysis is "wholly irrelevant as we do not know what drugs and
12 or alcohol were used" (*id.*), but it is Mr. Okorocha's own report that is wholly
13 irrelevant and admittedly speculative and not grounded on reliable data.

14 Mr. Okorocha's report and testimony do not satisfy the requirements for any
15 expert witness, let alone a rebuttal witness.

### III. CONCLUSION

17 For these reasons, Mr. Rose requests that the Court grant his motion and
18 preclude the testimony and report of Okorie Okorocha in its entirety.

19 DATED: August 15, 2016        BAUTE CROCHETIERE & GILFORD LLP

21                By:   /s/ Mark D. Baute
22                      MARK D. BAUTE
                        COURTNEY A. PALKO
23                      Attorneys for Defendant
                        DERRICK ROSE, an individual

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

247926.1                    5                    Case No. CV 15-7503-MWF(JCx)
**DEFENDANT DERRICK ROSE'S REPLY IN SUPPORT OF MOTION FOR ORDER EXCLUDING
TESTIMONY OF PLAINTIFF'S EXPERT MR. OKORIE OKOROCHA**

# PROOF OF SERVICE

**JANE DOE v. DERRICK ROSE**
Case No. CV 15-7503-MWF(JCx) [2235.1]

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 777 South Figueroa Street, Suite 4900, Los Angeles, CA 90017.

On this date indicated below, I served true copies of the following document(s) described as **DEFENDANT DERRICK ROSE'S REPLY IN SUPPORT OF MOTION FOR ORDER EXCLUDING TESTIMONY OF PLAINTIFF'S EXPERT MR. OKORIE OKOROCHA** on the interested parties in this action as follows:

**(**SEE ATTACHED SERVICE LIST**)**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jdiep@bautelaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 15, 2016, at Los Angeles, California.

/s/ Julie O. Diep
JULIE Q. DIEP

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

247926.1                              i                         Case No. CV 15-7503-MWF(JCx)
**DEFENDANT DERRICK ROSE'S REPLY IN SUPPORT OF MOTION FOR ORDER EXCLUDING TESTIMONY OF PLAINTIFF'S EXPERT MR. OKORIE OKOROCHA**

# SERVICE LIST

**JANE DOE v. DERRICK ROSE**
Case No. CV 15-7503-MWF(JCx) [2235.1]

| | |
|---|---|
| Brandon J. Anand, Esq.<br>ANAND LAW, PC<br>5455 Wilshire Blvd., Suite 1812<br>Los Angeles, CA  90036<br>Telephone:  (323) 325-3389<br>Fax:  (323) 488-9659<br>E-mail:  brandon@anandlaw.com;<br>info@anandlaw.com | *Attorneys for Plaintiff*<br>*JANE DOE* |
| Thaddeus J. Culpepper, Esq.<br>CULPEPPER LAW GROUP<br>3818 Crenshaw Blvd., Suite 905<br>Los Angeles, CA 90008<br>Telephone: (310) 997-0806<br>E-mail:  culpepper@alumni.pitt.edu | *Attorneys for Plaintiff*<br>*JANE DOE* |
| Patrick M. Maloney, Esq.<br>THE MALONEY FIRM, APC<br>2381 Rosecrans Avenue, Suite 405<br>El Segundo, California 90245<br>Telephone:  (310) 540-1505<br>Fax:  (310) 540-1507<br>E-mail:  pmaloney@maloneyfirm.com | *Attorneys for Defendants*<br>*RANDALL HAMPTON and RYAN ALLEN* |
| Michael D. Monico, Esq.<br>Barry A. Spevack, Esq.<br>MONICO & SPEVACK<br>20 S. Clark Street, Suite 700<br>Chicago, IL  60603<br>Telephone: (312) 782-8500<br>Fax: (312) 759-2000<br>E-mail: mm@monicolaw.com | *Attorneys for Defendants*<br>*RANDALL HAMPTON and RYAN ALLEN* |

Revised: 5/2/16

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225