1  Brandon J. Anand (SBN 262183)
   Anand Law, PC
2  5455 Wilshire Boulevard, Suite 1812
3  Los Angeles, California 90036
   T: 323-325-3389
4  F: 323-488-9659
5
6  Waukeen Q. McCoy, Esq. (SBN 168228)
   McCoy Law Firm, PC
7  555 Montgomery Street, Suite 1100
8  San Francisco, California 94111
   T: 415-675-7705
9  F: 415-227-4478
10
11 *Attorneys for Plaintiff JANE DOE, a pseudonym*
12
13              **UNITED STATES DISTRICT COURT**
14      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**
15
   JANE DOE (A Pseudonym);                | **Case No.: CV 15-7503-MWF(JCx)**
16
17          Plaintiff,                     | **Complaint Filed: August 26, 2015**
18          vs.                            |
19                                         | **PLAINTIFF JANE DOE'S
20 DERRICK ROSE, an Individual;            | OPPOSITION TO DEFENDANT
   RANDALL HAMPTON, an                     | DERRICK ROSE'S MOTION TO
21 Individual; RYAN ALLEN, an              | PRECLUDE PLAINTIFF'S USE OF A
   Individual; and DOES 1-10,              | PSEUDONYM AT TRIAL**
22 inclusive;                             |
23                                         | **Hearing:**
          Defendants.                     | Date:    September 19, 2016
24                                         | Time:    11:00 a.m.
25                                         | Place:   Courtroom 1600
26                                         |
                                           | Judge:   Hon. Michael W. Fitzgerald
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    __INTRODUCTION__

During a telephonic conference held on August 22, 2016, Counsel for Defendant Derrick Rose ("Defendant Rose") proposed a stipulation regarding the use of a pseudonym at trial as follows: that Plaintiff's true name be revealed at trial to the jury, with the restriction that the media attendance is limited and all media is prohibited from reporting Plaintiff's name or likeness.   On August 26, 2016, Plaintiff's counsel subsequently accepted this proposal by email but has yet to hear back from Defendant's counsel.   (Anand Decl., ¶2).   It appears from the false summary of that conference that Defendant's counsel may no longer be agreeable to the stipulation he proposed. Accordingly, Plaintiff Jane Doe ("Plaintiff Doe") submits this Opposition to Defendant Rose's Motion to Preclude Plaintiff's Use of a Pseudonym at Trial ("Motion").

Defendant Rose has chosen to unnecessarily attack Plaintiff's femininity, morals and character in order to perpetuate incorrect myths about sexual assault, labelling her as the "sexual aggressor". All the evidence, however, including Defendant Rose's own testimony, shows that he made great efforts to get the Plaintiff to engage in sexual activity that she was not comfortable with—starting with requests for her to masturbate on video, which she refused, and, after a year-and-a-half of dating, moving to requests to have group sex, which she always refused.

**Defendant Rose's text messages show that he asked Plaintiff to have a foursome with him, Defendant Hampton and Defendant Hampton's girlfriend, but that Plaintiff refused; Defendant Rose admitted under oath that he was hoping that Plaintiff would have a foursome with him and Defendant Hampton, but that it never occurred:**

Rose:        If it would have turned into [a foursome], yes, would have been cool, but –

A:        It could have been cool?

---

*Plaintiff's Opposition to Defendant Rose's Motion to Preclude Use of Pseudonym at Trial*

1

*Doe v. Rose*
*Case No. CV 15-7503-MWF(JCx)*

| | | |
|---|---|---|
| 1 | Rose: | Yeah.  But it wasn't.  I mean, when she came -- I asked her to |
| 2 | | come over.  By that time, Randall was already doing his own |
| 3 | | thing. |
| 4 | Q: | And so if -- if Plaintiff said to you in a text message, "So you |
| 5 | | want me to f*** your friend?" And you responded, "Man, he |
| 6 | | just like my brother. That won't affect our relationship" |
| 7 | Rose: | Yeah. |
| 8 | Q: | "I'm gonna keep messing with you 'cause I -- 'cause I f*** with |
| 9 | | you" -- |
| 10 | Rose: | Yeah. |
| 11 | Q: | -- "I can care less from the other shit"; |
| 12 | | is that accurate? |
| 13 | A: | Yeah. |

14  (Anand Decl., Exh. B, Deposition of Defendant Rose at 174:18-175:9).

15

16      **Defendant Rose admitted that he wanted to have a threesome with**
17  **Plaintiff and her friend in June 2013 and that Plaintiff refused:**

| | | |
|---|---|---|
| 18 | Rose: | Oh, I wanted her to bring a friend for a threesome. |
| 19 | Q: | And did she? |
| 20 | Rose: | No. |
| 21 | | I mean, she brought her yeah. |
| 22 | Q: | And did you try to have a threesome with her? |
| 23 | Rose: | I don't think it played out that way. |
| 24 | | No, I didn't try. |
| 25 | Q: | [Plaintiff] wouldn't consent to any sort of sexual |
| 26 | | activity with [her friend]; isn't that right? |
| 27 | Rose: | Yeah. |

28  (Anand Decl., Exh. B, Deposition of Defendant Rose at 173:21-174:8).

1    **Defendant Rose testified that the Plaintiff never agreed to have any form**
2    **of group sex:**

3        Q:        Have you ever had a threesome or a foursome with
4                  [Plaintiff]?
5        Rose:    No.
6        …
7        Q:        All the other times that you pushed that issue with
8                  her, she refused; isn't that right?
9        …
10       Rose:    Yeah

11   (Anand Decl., Exh. B, Deposition of Defendant Rose at 207:6-8, 209:16-22).

12

13       **Defendant Rose testified that none of the text message show that Plaintiff**
14   **consented to any sexual activity, with any of the Defendants, on August 26,**
15   **2013:**

16       Q:        All right.  Is there -- within what you just reviewed
17                 in those text messages, is there anything within
18                 them that would lead you to believe that plaintiff
19                 wanted to have sex with you and the other two
20                 defendants on August 26th, 2013?
21       …
22       Rose:    No.

23   (Anand Decl., Exh. B, Deposition of Defendant Rose at 147:21-148:20).

24

25

26

27   //
28   //

---

*Plaintiff's Opposition to Defendant Rose's*
*Motion to Preclude Use of Pseudonym at*
*Trial*                                              3

*Doe v. Rose*
*Case No. CV 15-7503-MWF(JCx)*

**The evidence shows that Plaintiff was unconscious when Defendants arrived to her apartment in the early morning hours of August 27, 2013, and that she did not respond to texts or calls from Defendants Rose and Allen:**

| | | |
|---|---|---|
| **2:05 AM** | Call from Defendant Allen to Plaintiff | Unanswered |
| **2:12 AM** | Call from Defendant Allen to Plaintiff | Unanswered |
| **2:27 AM** | Text from Defendant Rose to Plaintiff | **"Hello?"** |
| **2:29 AM** | Call from Defendant Allen to Plaintiff | Unanswered |
| **2:49 AM** | Call from Defendant Allen to Plaintiff | Unanswered |
| **2:50 AM** | Text from Defendant Allen to Plaintiff | **"We outside"** |
| **2:50 AM** | Call from Defendant Allen to Plaintiff | Unanswered |
| **2:51 AM** | Call from Defendant Allen to Plaintiff | Unanswered |
| **2:52 AM** | Call from Defendant Allen to Plaintiff | Unanswered |
| **2:52 AM** | Text from Defendant Allen to Plaintiff | **"Wake yo ass up"** |
| **2:53 AM** | Call from Defendant Allen to Plaintiff | Unanswered |

(Docket No. *194* at 11, Call log produced by Defendant Allen (Filed under seal); Docket No. *182* at 74, 88). Defendant Rose has refused to produce his phone records so it is unclear how many unanswered phone calls he made to Plaintiff.

**Defendant Allen testified that he believed Plaintiff was asleep when they arrived to her apartment complex in the early morning hours of August 27, 2013:**

> Q:      All right. How do you know she was asleep?
>
> Allen:   She was answering the phone. I assumed she was sleep or whatever the case may be; but, as I said, as we left we walked down those stairs. She called -- I don't remember how --
>
>          She came and opened the door somehow. So I don't know if she called or text or how it happened. She just came and walked down.

(Anand Decl., Exh. C, Deposition of Defendant Allen at 161:4-12).

---

1    Defendant Rose attempts to distract attention away from the actual evidence

2    by claiming that Plaintiff somehow had a motivation to hide text messages that

3    actually support her case.  Defendant Rose's unsubstantiated claims are misleading

4    and disingenuous to the Court.

5    **The text messages and testimony make clear that Defendant asked**

6    **Plaintiff to send videos, but that Plaintiff never did:**

7    Defendant Rose to Plaintiff: "I can't wait to get my pussy"

8                                                      (06/20/2013 01:06:35 PM)

9    Defendant Rose to Plaintiff: "Send a video"

10                                                     (06/20/2013 01:31:48 PM)

11   Defendant Rose to Plaintiff: "Send a video"

12                                                     (06/20/2013 01:32:56 PM)

13   Defendant Rose to Plaintiff: "I want to see her cumin"

14                                                     (06/20/2013 01:38:08 PM)

15   Defendant Rose to Plaintiff: "Let me know when u send it"

16                                                     (06/20/2013 01:43:21 PM)

17   Defendant Rose to Plaintiff: "Was u able to send it"

18                                                     (06/20/2013 02:41:39 PM)

19   (Docket No. *182* at 76-77)

20   Despite Defendant Rose's repeated requests, the Plaintiff was "never willing

21   to send him a video or a picture, and he never received it".  Defendant Rose has

22   never produced any such pictures or videos in this action.

23   Defendant Rose has again resorted to insinuating that ordinary, run-of-the-

24   mill pictures posted by Plaintiff on social media show that she regularly has sex

25   with more than one man at a time.  (Docket No. 65-1 at 2:9-12).  This victim-

26   blaming is not only unethical and unprofessional, but also illogical.  As this Court

27   aptly pointed out, "Defendant Rose appears to suggest that women who publicly

28

---

*Plaintiff's Opposition to Defendant Rose's
Motion to Preclude Use of Pseudonym at
Trial*                                          5

*Doe v. Rose
Case No. CV 15-7503-MWF(JCx)*

1  portray themselves as 'sexual' are less likely to experience embarrassment,
2  humiliation, and harassment associated with gang rape." (Docket No. 99).

3          The Motion next falsely states that Plaintiff "volunteer[ed] to buy sex toys".
4  Defendant Rose admits that *he* asked Plaintiff to bring a sex belt:

5          Q:      You told her to get it?  Is that what you said?

6          Rose:   Yeah.

7          Q:      Okay.  And did she ask you to pay her money for

8                  buying it?

9          Rose:   I kind of assumed myself that I was going to look out

10                 for her for her just getting it anyway, but I think it was

11                 -- we both understood that I was going to give her

12                 something for the belt.

13   (Anand Decl., Exh. B, Deposition of Defendant Rose at 169:22-170:7)

14

15          Defendant Rose next falsely states that Plaintiff "ask[ed] Mr. Rose to engage
16  in adventurous sexual interactions with her, as late as 2 a.m. on the day she alleges
17  Mr. Rose raped her" (Motion at 7:4-6.  The text messages unequivocally establish
18  that Defendant Rose is the first person to text Plaintiff Doe after Plaintiff Doe's
19  friend realized the danger and forced her to leave:

20          Defendant Rose to Plaintiff:      "Hit me when u make it home"

21                                             (08/27/2013 01:18:33 AM)

22          Defendant Rose continues to text Plaintiff, but tries to ensure that her sober
23  friend is no longer with the Plaintiff:

24          Defendant Rose to Plaintiff:  "What yall finna do. Hit me when u by yoself"

25                                             (08/27/2013 01:24:14 AM)

26          Defendant Rose to Plaintiff:  "U tryin to come back?"

27                                             (08/27/2013 01:39:07 AM)

28  (Docket No. 182 at 86)

---

*Plaintiff's Opposition to Defendant Rose's*
*Motion to Preclude Use of Pseudonym at*
*Trial*                                    6

*Doe v. Rose*
*Case No. CV 15-7503-MWF(JCx)*

Mr. Rose also falsely and disingenuously claims that the Plaintiff's use of a pseudonym has prevented him from conducting discovery and that he has "been prejudiced by Plaintiff's use of a pseudonym because third parties have not been able to learn Plaintiff's identity and provide information about Plaintiff." (Motion at 11:15-17). Plaintiff's true name has been used in discovery since the inception of this case. All witnesses were disclosed by Plaintiff immediately at the inception of this case and Defendants have not been prevented from deposing any of Plaintiff's witnesses at any time. (Anand Decl., ¶3)

## II.   <u>ARGUMENT</u>

### A.   DEFENDANT IS NOT PREJUDICED BY KEEPING PLAINTIFF'S NAME ANONYMOUS AND THE PUBLIC INTEREST IS SERVED BETTER

Plaintiff incorporates her Opposition to Defendant Rose's prior Motion to Dismiss on Account of Using a Pseudonym (Docket No. 71). In ruling on that motion, this Court found that "Plaintiff's need for anonymity weighs heavily against a strict adherence to the requirements of Rules 10(a) and 17(a)" and that "permitting Plaintiff to proceed under a fictitious name would benefit society by encouraging victims of sexual assault to come forward". (Docket No. 99).

For purposes of trial, all potential prejudice to Defendant is entirely eliminated by revealing Plaintiff's name to the jury only. Moreover, it is far from clear that a jury will actually be misled, or confused in any way, by referring to Plaintiff as Jane Doe (or an alternative pseudonym) at trial. The Court can give a simple instruction that the use of a pseudonym does not indicate that Defendants are liable; the Court has not determined whether or not the Defendants are liable; and, the jury alone is to resolve the question of whether or not Defendants are liable.

If it is assumed that a Defendant will be prejudiced by the use of a pseudonym at trial, the concern is fully solved by using Plaintiff's real name at trial with restrictions on any public reporting of her name or likeness. The prohibition

1    on public reporting of Plaintiff's name and likeness serves to prevent the

2    unnecessary and potentially grave consequences of revealing her name.

3    Defendants cannot complain of prejudice.  Public disclosure of Plaintiff's name

4    and likeness does not serve any legitimate purpose but rather only serves

5    Defendants' attempts to intimidate and harass Plaintiff and to have a plausible

6    deniability defense if third parties engage in harassment, intimidation, or worse.

7         Defendant Rose already has a history of surreptitiously trying to taint the

8    public's perception of Plaintiff Doe in the media.  On August 27, 2015, Michael

9    Monico, who is now counsel of record for defendants Hampton and Allen, made

10   false accusations about Plaintiff Doe on radio, without identifying himself as

11   counsel for any of the three defendants, including making knowingly false,

12   defamatory statements that Ms. Doe had a child with an athlete (which is untrue;

13   Ms. Doe has never had any children) and that she "was looking for it".  (Anand

14   Decl., ¶4).

15        Defendant Rose and his counsel, Mr. Baute, also orchestrated a scheme with

16   alleged "witness" Keyana LaVergne to leak a fake story using out-of-context text

17   messages, in order to scare the Plaintiff and poison the public perception of her.

18   Mr. Baute touted Ms. LaVergne as being a star witness days before the text

19   messages were leaked, claiming he had a declaration from Ms. LaVergne which

20   would cause the Plaintiff to dismiss her case.  This declaration was not produced

21   until months later in the middle of Plaintiff's deposition. (Anand Decl., ¶5).

22        The public gains nothing by Plaintiff's real name being revealed, and the

23   Plaintiff will suffer devastating consequences if her name is revealed, even if she

24   ultimately prevails.  Plaintiff is a private citizen.  She dated a public figure but

25   never voluntarily thrust herself into the public light.  She has a right to remain free

26   from unnecessary public scrutiny of her personal life and to attend school and work

27   without being harassed by overzealous fans with limited knowledge of the case or

28

*Plaintiff's Opposition to Defendant Rose's
Motion to Preclude Use of Pseudonym at
Trial*                              8

*Doe v. Rose*
*Case No. CV 15-7503-MWF(JCx)*

1    the nature of sexual assault.  Defendant Rose's accusation that Plaintiff is "hiding"

2    is horribly insulting to all rape victims.

3         **B.    THIS COURT HAS ALREADY FOUND THAT PLAINTIFF HAS**

4              **ARTICULATED FEAR OF INJURIES AND HARASSMENT**

5              **WHICH SUPPORT THE NEED FOR ANONYMITY**

6         Defendant Rose's arguments for why Plaintiff has not articulated a fear of

7    injuries and harassment border on absurd.  Defendant Rose states that Plaintiff

8    "brought another woman with her" (*Motion* at 10:5).  The testimony of both

9    Plaintiff Doe and Defendant Rose, however, was that the woman was not brought

10   for any sexual activity.  Defendant Rose argues that Plaintiff Doe "claimed she

11   bought (and did bring) the sex toys".  The testimony of Defendant Rose is that he

12   asked Plaintiff Doe to buy the sex belt.  (Anand Decl., Exh. B, Deposition of

13   Defendant Rose at 169:22-170:7)

14        Defendant Rose then accuses Plaintiff Doe of "targeting a wealthy, famous

15   individual." (*Motion* at 10:9).  The argument is apparently that wealthy and famous

16   individuals are incapable of rape.  Defendant Rose claims that Plaintiff Doe is

17   "extort[ing]" him (Motion at 11:27) because she chose to assert her rights,

18   declaring that "she has had at least five" attorneys.  Plaintiff Doe did not seek out

19   Defendant Rose and she did not choose to be raped.

20        Defendant Rose falsely states that "Plaintiff openly seeks to threaten his

21   endorsement contract with Adidas (which Plaintiff mentions in Paragraph 14 of the

22   Complaint as part of an attempt to extort money from Mr. Rose)" (Motion at 11:9-

23   12).  Far from extortion, Paragraph 14 of Plaintiff's Complaint simply described

24   details of their relationship:

25        Jane and Rose attended college basketball games, parties and
          other public events on a regular basis.  Plaintiff considered the
26        relationship genuine and truly cared for Defendant Rose.  Rose
          invited Plaintiff to accompany him to major dinner events with
27        Defendant Rose's agent and Plaintiff was present during the
          signing of Rose's Adidas contract.
28

---

*Plaintiff's Opposition to Defendant Rose's*
*Motion to Preclude Use of Pseudonym at*
*Trial*                                    9

*Doe v. Rose*
*Case No. CV 15-7503-MWF(JCx)*

**This court has already found that Plaintiff has a need for anonymity.** The Court noted that "Plaintiff's need for anonymity weighs heavily against a strict adherence to the requirements of Rules 10(a) and 17(a)" and that "permitting Plaintiff to proceed under a fictitious name would benefit society by encouraging victims of sexual assault to come forward". The Court also noted that:

> "**Courts have generally permitted plaintiffs to proceed anonymously when their claims involved allegations of sexual assault or rape.** See, e.g., Doe v. Blue Cross & Blue Shield United of Wis., 112 F.3d 869, 872 (7th Cir.1997) ("[F]ictitious names are allowed when necessary to protect the privacy of . . . rape victims, and other particularly vulnerable parties or witnesses."); Doe v. Penzato, No. CV-10-5154-MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011) ("Given Plaintiff's allegations of sexual assault, the Court finds that these reasons tend to favor allowing her to proceed anonymously."); Alyssa C. v. Palo Alto Hous. Corp., No. C 07-1112 JW, 2007 WL 878524, at *1 (N.D. Cal. Mar. 20, 2007) ("Situations where courts have found sufficient privacy concerns to warrant proceeding under a fictitious name have included such matters as . . . rape."); Doe v. Cabrera, 307 F.R.D. 1, 3 (D.D.C. 2014) (permitting the victim of an alleged sexual assault to proceed anonymously against her alleged attacker, a professional baseball player, due to the trauma the plaintiff would likely suffer if her identity were revealed to the public); E.E.O.C. v. Spoa, LLC, No. CCB–13–1615, 2013 WL 5634337, at *4 (D. Md. Oct. 15, 2013) (permitting an alleged victim of sexual assault to use a pseudonym because "sexual assault" is a "highly sensitive and personal matter"); Roe v. St. Louis Univ., No. 08–cv–1474–JCH, 2009 WL 910738, at *5 (E.D. Mo. Apr. 2, 2009) (allowing use of pseudonym because rape is a "personal matter of the utmost intimacy"). (emphasis added)

## III.   <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff requests that this Court deny Defendant Rose's Motion or, in the alternative, issue an order restricting attendance at trial and prohibiting all reporting of Plaintiff's name or likeness.

Dated: August 28, 2016          **ANAND LAW, PC**

By: <u>/s/ BRANDON J ANAND</u>
Attorneys for Plaintiff JANE DOE

---