1 | Brandon Anand, Esq. (SBN: 262183)
2 | ANAND LAW, PC
  | 5455 Wilshire Blvd., Ste. 1812
3 | Los Angeles, CA  90036
  | Telephone:  323-325-3389
4 | Facsimile:  323.488.9659
  | Email: brandon@anandlaw.com
5 |
  | WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
6 | McCoy Law Firm, PC
  | 555 Montgomery Street, Suite 1100
7 | San Francisco, California 94111
  | Telephone (415) 675-7705
8 | Facsimile (415) 675-2530
9 | Attorneys for Plaintiff
  | JANE DOE

10

11

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| JANE DOE (A Pseudonym),<br><br>                 Plaintiff,<br><br>          v.<br><br>DERRICK ROSE, an Individual;<br>RANDALL HAMPTON, an<br>Individual; RYAN ALLEN, an<br>Individual; and DOES 1-10<br>Inclusive,<br><br>                 Defendants. | Case No. **CV 15-7503-MWF(JCx)**<br><br>**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>**Pre-Trial Conference:**<br>Date:          September 19, 2016<br>Time:          11:00 a.m.<br>Location:    Courtroom 1600<br>Judge:        Hon. Michael Fitzgerald<br><br>**Complaint Filed**: August 25, 2015<br>**Trial Date**:  October 4, 2016 |

i

# **TABLE OF CONTENTS**

Title Page ..................................................................................................... i

Table of Contents .......................................................................................... ii

Table of Authorities Cited ............................................................................ v

    Statutes ...................................................................................................... v

    Cases .......................................................................................................... v

    Other Authorities ..................................................................................... vi

I. FACTUAL CONTENTIONS ...................................................................... 1

    A. Statement of Facts .............................................................................. 1

II. PLAINTIFF'S CLAIMS ............................................................................ 4

    A. Elements of Plaintiff's Claims ........................................................... 5

        1. Sexual Battery in Violation of Cal. Civ. Code § 1708.5 (Rape) ...... 5

        2. Battery ............................................................................................ 5

        3. Trespass .......................................................................................... 6

        4. Consipiracy to Trespass, Commit Rape, Battery ........................... 6

        5. Gender Violence in Violation of Cal. Civ. Code § 52.4 ................. 7

        6. Intentional Infliction of Emotional Distress .................................. 7

        7. Negligent Infliction of Emotional Distress .................................... 8

        8. Violation of the Ralph Act ............................................................. 8

        9. Claim for Declatory Relief ............................................................. 8

III. KEY EVIDENCE IN SUPPORT OF PLAINTIFF DOE'S CLAIMS ...... 9

    A. Key Evidence for Claims 1-9 ............................................................. 9

IV.    SUMMARY OF DEFENDANTS' AFFIRMATIVE DEFENSES ......... 12

    A. Defendant Hampton and Allen Affirmative Defenses ...................... 12

1. First Affirmative Defense (Consent) ............................................................ 12

2. Second Affirmative Defense (Failure to State a Cause of Action) .............................. 12

3. Third Affirmative Defense (No Damages for Which Relief is Available) ................. 12

4. Fourth Affirmative Defense (Defendants Unaware Plaintiff Objected to Any Alleged Wrongful Act)........................................................................................... 13

5. Fifth Affirmative Defense (Contributory/Comparative Negligence) .......................... 13

6. Sixth Affirmative Defense (Statute of Limitations) .................................................. 13

B. Defendant Rose Affirmative Defenses............................................................. 14

1. First Affirmative Defense (Consent) ............................................................ 14

2. Second Affirmative Defense (Failure to State a Cause of Action) .............................. 14

3. Third Affirmative Defense (No Damages for Which Relief is Available) ................. 14

4. Fourth Affirmative Defense (Defendants Unaware Plaintiff Objected to Any Alleged Wrongful Act) ......................................................................................... 14

5. Fifth Affirmative Defense (Fault of Others) ............................................................ 14

6. Sixth Affirmative Defense (Contributory/Comparative Negligence) .......................... 15

7. Seventh Affirmative Defense (Statute of Limitations) .............................................. 15

8. Eigth Affirmative Defense (Consent) ............................................................ 15

9. Ninth Affirmative Defense (Consent) ............................................................ 16

10. Tenth Affirmative Defense (Consent) ............................................................ 16

11. Eleventh Affirmative Defense (Consent) ............................................................ 17

12. Twelfth Affirmative Defense (Intervening Events) .................................................. 17

13. Thirteenth Affirmative Defense (Laches) ............................................................ 18

14. Fourteenth Affirmative Defense (Contribution) .................................................. 18

15. Fifteenth Affirmative Defense (Punitive Damages) .................................................. 19

16. Sixteenth Affirmative Defense (Punitive Damages) ................................. 19

17. Seventeenth Affirmative Defense (Apportionment) ................................ 19

18. Eighteenth Affirmative Defense (Implied Consent) ............................... 19

19. Nineteenth Affirmative Defense (Additional Defenses) .......................... 20

V.    KEY EVIDENCE IN OPPOSITION TO DEFENDANTS' ROSE, HAMPTON AND
      ALLEN AFFIRMATIVE DEFENSES ..................................................... 20

VI.   ANTICIPATED EVIDENTIARY ISSUES ................................................. 20

VII.  KEY LEGAL ISSUES ........................................................................ 20

VIII. BIFURCATION ISSUES ..................................................................... 20

IX.   JURY TRIAL ................................................................................. 20

X.    ATTORNEYS' FEES ........................................................................ 20

XI.   ABANDONMENT OF ISSUES ............................................................. 20

# TABLE OF AUTHORITIES

***Statutes***

Cal. Civ. Code § 51.7 ................................................................. 8, 20

Cal. Civ. Code § 52(b) ............................................................. 8, 20

Cal. Civ. Code § 52.4 ................................................................ 7, 20

Cal. Civ. Code § 335.1 ........................................................... 13, 15

Cal. Civ. Code § 338(b) .......................................................... 13, 15

Cal. Civ. Code § 1431.2 ................................................................. 19

Cal. Civ. Code § 1708.5 ................................................................... 5

***Cases***

*American Motorcycle Assn. v. Superior Court*
    20 Cal.3d 578, 590, 598 (1978). . ........................................ 18, 19

*Ashcraft v. King*
    22 Cal.App.3d 604, 611 (1991). . .............................................. 5

*Baird v. Jones*
    21 Cal.App.4th 684, 690 (1993) ............................................. 18

*Brewer v. Teano*
    40 Cal.App.4th 1024, 1031 (1995). ......................................... 18

*Cassinos v. Union Oil Co.,*
    14 Cal.App.4th 1770, 1780 (1993) ............................................ 6

*Drust v. Drust*
    113 Cal.App.3d 1, 5-6 (1980). ........................................... 13, 15

*Feduniak v. California Coastal Com'n*
    148 Cal.App.4th 1346, 1381 (2007). ....................................... 18

*Gallin v. Poulou*
    140 Cal.App.2d 638, 641 (1956). ............................................. 6

*Hughes v. Pair*
    46 Cal. 4th 1035, 1050 (2009). ............................................... 8

*Kidron v. Movie Acquisition Corp.*
 40 Cal.App.4th 1571, 1582-83 (1995). ................................................................ 7

*Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.*
 48 Cal.3d 583, 588 (1989). ................................................................ 8

*Martin Marietta Corp. v. Insurance Co. of North America*
 40 Cal.App.4th 1113, 1132 (1995). ................................................................ 6

*Martinez v. Vintage Petroleum*
 68 Cal.App.4th 695, 700-702 (1998). ................................................................ 18

*McMahon v. Craig*
 176 Cal.App.4th 222, 230 (2009). ................................................................ 8

*Miller v. National Broadcasting Corp.*
 187 Cal.App.3d 1463, 1480-81 (1986). ................................................................ 6

*Moiser v. Southern California Physicians Insurance Exchange*
 63 Cal.App.4th 1022, 1048 (1998). ................................................................ 7

*Potter v. Firestone Tire & Rubber Co.*
 6 Cal.4th 965, 1001 (1993).. ................................................................ 8

*Rains v. Superior Court*
 150 Cal.App.3d 933, 938 (1984). ................................................................ 5

*Wilson v. Ritto*
 105 Cal.App.4th 361, 369 (2003). ................................................................ 15

*Wong v. Tai Jing*
 189 Cal.App.4th 1354, 1376. ................................................................ 8

**_Other Authorities_**

CACI 405 ................................................................ 13, 15

CACI 406 ................................................................ 15

CACI 432 ................................................................ 18

CACI 1302 ................................................................ 12, 14, 16, 17

CACI 3800 ................................................................ 18

Plaintiff JANE DOE submits the following Memorandum of Contentions of Fact and Law in compliance with Local Rule 16.3 of the <u>Federal Rules of Court</u> for the Central District of California.

## I.      **FACTUAL CONTENTIONS**

### A. Statement of Facts

The Plaintiff in this action is JANE DOE.

The Defendants in this action are DERRICK ROSE, RANDALL HAMPTON, and RYAN ALLEN.

In or about 2011, Plaintiff Doe and Defendant Rose began dating. They met at a party hosted by Defendant Rose to which Plaintiff Doe was invited by mutual friends. During the next year, Plaintiff Doe and Defendant Rose communicated via text message and met approximately once a month (about twelve times). The two formed an intimate relationship with one another. On or about 2012, the two met approximately ten times. On or about 2013, they met approximately five times, including the last, which was the night Plaintiff Doe was raped.

Plaintiff Doe and Defendant Rose attended college basketball games, parties, dinners and other public events on a regular basis. Plaintiff Doe considered the relationship genuine and truly cared for Defendant Rose. During the 2011-2012 basketball season, Defendant Rose was seriously injured. He spent the majority of his recovery time in Los Angeles where he continued his romantic relationship with Plaintiff Doe.

Defendant Rose began attempting to get Plaintiff to engage in sexual acts she would not comfortable with and Plaintiff refused.  In 2012, Defendant Rose bought Plaintiff Doe a laptop and then asked to masturbate over Skype; Plaintiff Doe tried but could not do so.  Defendant Rose then asked Plaintiff if she knew of any strippers and whether she would invite one to join them on their intimate relations. These requests made Plaintiff Doe uncomfortable as she was brought up

in a traditional and religious household where woman should have sex with only one person – her spouse. When Plaintiff Doe would refuse to engage in such conduct, Defendant Rose would get upset and make her feel like she was too prude—however, he also assured her that their one-on-one relationship was just fine.

In or about May 2013, Defendant Rose invited Plaintiff to Chicago and Plaintiff brought her friend. Defendant Rose attempted to have sexual with Plaintiff and her friend at the same time but they both refused.

In June 2013, Defendant Rose invited Plaintiff Doe to the hotel where he was staying. While Plaintiff was on her way to the hotel, Rose requested that she engage in sexual relations with Defendant Hampton and Hampton's girlfriend. Despite Defendant Rose's attempts to persuade Plaintiff Doe, Plaintiff Doe again refused to have group sex, and turned around and went home instead of meeting Defendant Rose at his hotel. Although Plaintiff Doe was disturbed by Defendant Rose's attempts to have group sex with other people, she still had feelings for Defendant Rose and, perhaps naively, assumed they could resume a one-on-one relationship.

On August 26, 2013, Defendant Rose invited Plaintiff Doe and her friend Jessica "Kendra" Groff to a house he was renting in Beverly Hills (the "Residence"). Plaintiff Doe drank vodka while waiting for the car that Defendant Rose had arranged for her and Ms. Groff. During the car ride, Plaintiff Doe drank red wine provided by the car service.

Upon arriving at the Residence, Plaintiff Doe and Ms. Groff were met by Defendants Ryan Allen and Randall Hampton. Defendants offered Plaintiff Doe and Ms. Groff tequila and they all began drinking. Defendant Allen served the drinks, bringing them from inside the kitchen to the outside seating area. Plaintiff Doe became inebriated as she sat by a fire pit at the house and began picking up burning gemstones and tossing them, and then putting her hands in the pool. Ms.

Groff, who was not inebriated, got upset at Plaintiff Doe and told her she was burning her hands. Plaintiff Doe was so intoxicated she did not notice. Plaintiff began experiencing "blackouts" and was now in and out of consciousness.

At one point during their time at the Residence, Defendant Allen asked Ms. Groff to take of her clothes. When she refused, Defendant Allen got angry, insulted her and told her to leave. Defendant Allen stood waiting for Ms. Groff to leave by herself, but Ms. Groff did not want to leave Plaintiff Doe behind as she was severely intoxicated and suspected that all three Defendants would try to rape her. Ms. Groff finally was able to take Plaintiff Doe out of the residence and into a cab to return home.

Plaintiff Doe was brought to her apartment and the driver assisted her up the front stairs to her complex. She threw up in the bathroom and could barely make it to her bed, lying down with her clothes and shoes still on.

On the early morning of August 27, 2013, Defendants Rose, Allen, and Hampton drove from Beverly Hills to Plaintiff's residence, knowing that she was severely intoxicated. Defendants checked the front doors to Plaintiff's apartment complex and found one that was unlocked, as it often was left unlocked or "propped" open by various tenants. Defendants then proceeded to Plaintiff Doe's apartment, which was also routinely unlocked.

Once the Defendants entered the apartment, they entered Plaintiff Doe's room and began to rape her while she was in an incapacitated state of consciousness. Plaintiff Doe had very little recollection of how the Defendants raped her, but recalls flashes of all three Defendants in her bedroom. She recalls Defendant Rose penetrating her as she tried to roll of her bed; she recalls Defendant Allen running in and out with a tube in his hand (Defendant Allen testified that he brought his own lubricant tube); she recalls Defendant Hampton pulling up his shorts; she recalls one of the Defendant grabbing shoes and running out of the room; she recalls flashes of Defendant Allen pinning her down while she

1   was trying to get up and feeling as if she could not breathe because of the weight
2   on top of her; she recalls a flash of all three Defendants in her room.

3       In the early hours of August 27, 2013, Plaintiff Doe's roommate, Claudia
4   Carleo, had returned to the apartment after going out and was inebriated. Once Ms.
5   Carleo entered the apartment, she saw a couple men sitting on the couch in the
6   living room.  As she was entering her room, which was separated from Plaintiff
7   Doe's room by another bedroom and a laundry area, she saw a man running toward
8   her.  The man approached her and tried to force himself into her room. Ms. Carleo
9   quickly pointed him to the bathroom and said something to the effect of "The
10  bathroom's over there" while closing her door shut. Ms. Carleo then locked her
11  door, turned on her fan as she always does and went to bed. Ms. Doe's other
12  roommate was out for the night and did not return until late on August 27, 2013.

13      When Plaintiff Doe woke up the next day, she was on top of the bed, her
14  dress was up around her neck, and there was lubricant spread all over legs and
15  pelvic area.  She felt a "rug-burn" sensation of pain in between her legs, was
16  dehydrated, dizzy, and instantly would throw up if she tried to drink water.
17  Plaintiff Doe also noticed condoms around her bed. Plaintiff was terribly ashamed
18  and embarrassed, and kept thinking this was "not supposed to happen."

19      Plaintiff Doe was late to work that morning, as she slept through her alarm,
20  which is not normal for her even after a previous night out of drinking. Despite the
21  realization of what occurred the night before and the feelings of physical pain and
22  embarrassment, Plaintiff Doe rushed to get ready for work.

23      Plaintiff Doe was too ashamed and embarrassed of what happened her to
24  contact the police or seek legal representation after the incident. After the rape,
25  Plaintiff Doe became paranoid, and was afraid that Defendant Rose and his friends
26  were monitoring her cell phone. Due to her paranoia, she started to use her work
27  phone for personal calls. Plaintiff Doe was never the same person after the rape, as
28  it showed in her everyday life and her productivity at work. Due to her change in

productivity, Plaintiff Doe was terminated from her employment, which was the primary source of her income.

## II.    PLAINTIFF'S CLAIMS

Plaintiff Doe has alleged the following claims against Defendants Derrick Rose, Randall Hampton and Ryan Allen: (1) Sexual Battery in Violation of California Civil Code § 1708.5 (Rape); (2) Battery; (3) Trespass; (4) Conspiracy to Trespass, Commit Rape, Battery; (5) Civil Action for Gender Violence in Violation of California Civil Code § 52.4; (6) Intentional Infliction of Emotional Distress; (7) Negligent Infliction of Emotional Distress; (8) Violation of the Ralph Act; (9) Claim for Declaratory Relief.

Plaintiff Doe seeks general, special and punitive damages for the physical and emotional injuries she suffered. In addition, Plaintiff Doe seeks attorney's fees and costs.

### A. Elements of Plaintiff's Claims

#### 1. Sexual Battery in Violation of Cal. Civ. Code § 1708.5 (Rape)

Plaintiff Doe must establish the following elements to prevail on her claim of Sexual Battery against Defendants Rose, Hampton, and Allen:

1. Defendants Rose, Hampton, and Allen intended to cause an imminent fear of a harmful or offensive contact with Plaintiff Doe by the use of Defendants' sexual organ, and a sexually offensive contact with Plaintiff Doe's sexual organ, anus, groin, buttocks, or breast resulted, either directly or indirectly

2. Plaintiff Doe did not consent to the touching; and

3. Plaintiff Doe was harmed by Defendants' conduct.

*See* Cal. Civ. Code § 1708.5

#### 2. Battery

Plaintiff Doe must establish the following elements to prevail on her Battery claim:

1. Defendants Rose, Hampton and Allen touched Plaintiff Doe with the intent to harm or offend her;

2. Plaintiff Doe did not consent to the touching;

3. Plaintiff Doe was harmed or offended by Defendants' conduct; and

4. That a reasonable person in Plaintiff Doe's situation would have been offended by the touching.

*Ashcraft v. King*, 228 Cal.App.3d 604, 611 (1991); *Rains v. Superior Court*, 150 Cal.App.3d 933, 938 (1984).

### 3. Trespass

Plaintiff Doe must establish the following elements to prevail on her claim for Trespass:

1. Plaintiff Doe leased, occupied or controlled the property;

2. Defendants Rose, Hampton and Allen intentionally, recklessly, or negligently entered Plaintiff Doe's property and/or intentionally, recklessly, or negligently caused another person to enter Plaintiff Doe's property;

3. Plaintiff Doe did not give permission to Defendants Rose, Hampton, and Allen to enter the property;

4. Plaintiff Doe was harmed; and

5. Defendant Rose, Hampton and Allen's entry was a substantial factor in causing Plaintiff Doe's harm.

*Gallin v.Poulou*, 140 Cal.App.2d 638, 641 (1956); *Cassinos v. Union Oil Co.*, 14 Cal.App.4th 1770, 1780 (1993); *Miller v. National Broadcasting Corp.*, 187 Cal.App.3d 1463, 1480-81 (1986); *Martin Marietta Corp. v. Insurance Co. of North America*, 40 Cal.App.4th 1113, 1132 (1995).

### 4. Conspiracy to Trespass, Commit Rape, Battery

Plaintiff Doe must establish that Defendants Rose, Hampton and Allen conspired to Trespass on her property and Commit Sexual Battery against her to

prevail on her claim for conspiracy. To establish Defendants conspiracy Plaintiff Doe must show:

1. Defendants Rose, Hampton and Allen planned to trespass or commit sexual battery; and

2. Defendants Rose, Hampton and Allen agreed with and intended that the trespass or sexual battery be committed.

A conspiracy may be inferred from circumstances, including the nature of the acts done, the relationships between the parties, and the interests of the alleged co-conspirators. Plaintiff Doe is not required to prove that Defendants Rose, Hampton and Allen all personally committed the trespass or sexual battery or that they knew all the details of the agreement.

*Mosier v. Southern California Physicians Insurance Exchange*, 63 Cal.App.4th 1022, 1048 (1998); *Kidron v. Movie Acquisition Corp.*, 40 Cal.App.4th 1571, 1582-83 (1995).

### 5. Gender Violence in violation of Cal. Civ. Code § 52.4

Plaintiff Doe must establish that Defendants Rose, Hampton and Allen conducted acts of violence against her because of her sex under the following definitions:

1. One or more acts that would constitute a criminal offense under state law that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, committed at least in part based on the gender of the victim, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction.

2. A physical intrusion or physical invasion of a sexual nature under coercive conditions, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction.

*See* Cal. Civ. Code § 52.4

### 6. Intentional Infliction of Emotional Distress

Plaintiff Doe must establish the following elements to prevail on her state law claim for intentional infliction of emotional distress:

1. Defendants Rose, Hampton and Allen engaged in outrageous conduct;
2. Defendants Rose, Hampton and Allen intended to cause Plaintiff Doe emotional distress;
3. Plaintiff Doe suffered severe emotional distress; and
4. Defendants Rose, Hampton, and Allen's outrageous conduct was the actual and proximate causation of Plaintiff Doe's emotional distress.

*Wong v. Tai Jing*, 189 Cal.App.4th 1354, 1376 (2010); *Hughes v. Pair*, 46 Cal.4th 1035, 1050 (2009); *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 1001 (1993).

### 7. Negligent Infliction of Emotional Distress

Plaintiff Doe must establish the following elements to prevail on her state law claim for Negligent Infliction of Emotional Distress:

1. Defendants Rose, Hampton and Allen were negligent;
2. Plaintiff Doe suffered serious emotional distress; and
3. Defendants Rose, Hampton, and Allen's negligence was a substantial factor in causing Plaintiff Doe's serious emotional distress.

*Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.*, 48 Cal.3d 583, 588 (1989); *McMahon v. Craig*, 176 Cal.App.4th 222, 230 (2009).

### 8. Violation of the Ralph Act

Plaintiff Doe must establish the following elements to prevail on her claim under the Ralph Act:

1. Defendants Rose, Hampton and Allen threatened or committed violent acts against Plaintiff Doe;
2. Defendants Rose, Hampton and Allen's motivating reason for their conduct was their perception of Plaintiff Doe's sex;
3. Plaintiff Doe was harmed; and

4. Defendants Rose, Hampton, and Allen's conduct was a substantial factor in causing Plaintiff Doe's harm.

*See* Cal. Civ. Code §§ 51.7, 52(b).

### 9. Claim for Declaratory Relief

Plaintiff Doe seeks a declaration from the Court that Defendants Rose, Hampton, and Allen's behavior is that of sexual predators and their various words and conduct violate the civil rights of women under the claims alleged by Plaintiff.

## III.   KEY EVIDENCE IN SUPPORT OF PLAINTIFF DOE'S CLAIMS

### A. <u>Key Evidence for Claims 1-9</u>

Plaintiff Doe will introduce her own testimony, witness testimony, text message exhibits, and expert testimony to prove all her alleged claims.

a. Plaintiff Doe will introduce testimony that she had an intimate relationship with Defendant Rose for two years. In addition, Plaintiff will introduce testimony that on multiple occasions Defendant Rose attempted to involve other people in their sexual relationship and Plaintiff Doe refused.

b. Plaintiff Doe will introduce testimony that on August 26, 2013, Defendant Rose invited Plaintiff Doe and her friend Ms. Groff to his Beverly Hills residence. Plaintiff Doe will testify that she drank some alcohol before leaving at Defendant Rose's residence, while on the way, and after arriving at the residence.

c. Plaintiff Doe will introduce testimony that she was provided alcohol by Defendants and drank the alcohol provided by Defendants. Plaintiff Doe will testify that she felt different when she drank alcohol on that night compared to other nights she drank alcohol.

d. Plaintiff Doe will introduce testimony that she burned her hand picking up gemstones from a burning fire. Moreover, Plaintiff Doe will introduce testimony that she was the most intoxicated that she has ever been.

e. Plaintiff Doe will introduce testimony that Defendant Allen told Ms. Groff to take off her clothes and that when Ms. Groff refused, Defendant Allen became upset and told her to leave. Ms. Groff will testify that she did not want to leave Plaintiff Doe behind as she feared Defendants would take advantage of her. In addition, Ms. Groff will testify that she was able to take Plaintiff Doe from the residence although Defendants wanted to keep her there.

f. Plaintiff Doe will provide testimony that when she returned home that she was in an out of consciousness, felt sick, and laid on her bed with her clothes on.

g. Plaintiff Doe will provide exhibits of text message exchanges between Defendants Rose and Allen during the dates in question.

h. Plaintiff Doe will provide testimony that on in the early hours of August 27, 2013, Defendants Rose, Hampton and Allen entered Plaintiff Doe's apartment, entered Plaintiff Doe's leased apartment and raped her while she was intoxicated and in and out of consciousness.

i. Plaintiff Doe will provide testimony that she did not consent to Defendants Rose, Hampton and/or Allen entering her apartment building, entering her apartment, entering her room, touching her, and having sex with her.

j. Plaintiff Doe will provide an exhibit of a map/blueprint of Plaintiff Doe's apartment building and apartment to show Defendants entry into the building, apartment and room, and to show the location of each room and bathroom.

k.  Plaintiff Doe will provide testimony from her roommates, Marcello and
    Claudia Carleo, and the onsite Apartment Manager, Jackyln Moreno, that
    the front door of the apartment and the entry door of the apartment
    complex were routinely unlocked. In addition, they will provide
    testimony that entrance doors to the apartment did not have a buzzer
    system.

l.  Plaintiff Doe will provide testimony from Claudia Carleo, that she
    returned to the apartment early morning of August 27, 2013 and saw a
    man running from Plaintiff's room. Plaintiff will provide testimony from
    Defendant Allen saying he through condoms in an outside bathroom.
    Plaintiff will provide testimony from both Marcella and Claudia Carleo
    that Plaintiff had a bathroom in her master bedroom and that this
    bathroom could not be missed when exiting the bedroom.  Documentary
    evidence will be shown verifying this.  In addition, Ms. Carleo will
    provide testimony that the man running tried to enter her room without
    her permission and that she directed the man to the bathroom in the
    hallway, pushing him and shutting and locking her door, then turning on
    her fan as she usually did, and going to bed. Ms. Carleo will provide
    testimony as to the location of her bedroom in relation to bedroom,
    specifically that it was separated by another bedroom, occupied by her
    sister who was not present that night, and a laundry area.

m.  Plaintiff Doe will provide testimony that the next morning when she
    woke up, her dress was up around her neck, and there was lubricant
    spread all over legs and pelvic area.  She felt a "rug-burn" sensation of
    pain in between her legs, was dehydrated, dizzy, and instantly would
    throw up if she tried to drink water. Plaintiff Doe also noticed condoms
    around her bed. Plaintiff was terribly ashamed and embarrassed, and kept
    thinking this was "not supposed to happen."

n.  Marcella Carleo will provide testimony as to the location of her bedroom and the layout of the apartment and complex.  She will also provide testimony that she was not at the apartment on August 27, 2013.  Ms. Carleo will provide testimony that the front complex and apartment unit doors were routinely left open.  She will provide testimony as to her discussions with Plaintiff Doe regarding the rape.  She will provide testimony as to her sister's habit of sleeping with a fan.

o.  Plaintiff Doe will provide testimony that due to the events that occurred on August 26-27, 2013 she became emotionally distraught, ashamed, embarrassed and paranoid. Plaintiff Doe will provide testimony that due to her feelings of being ashamed and embarrassed, she decided not to call the police or seek legal representation after the incident occurred.

p.   Plaintiff Doe will provide expert testimony from Dr. Elena Konstat, to testify as to the symptoms Plaintiff Doe experienced and continues to experience, and that her behavior following the sexual assault coincided with a majority of sexual assault victims.

q.  Plaintiff Doe will provide expert testimony from Okorie Okoricha, to testify as to the intoxicated state of Plaintiff Doe during the night of the incident.

r.  Plaintiff Doe will provide testimony of co-worker Tommie McCaster, III, who will testify to the interaction she had with Plaintiff Doe on the morning after the incident, the details of the sexual assault as told to her by Plaintiff Doe. In addition, Ms. McCaster will testify to the requests by Defendant Rose to engage in group sex, and listening on a call Plaintiff Doe had with Defendant Allen.

s.  Plaintiff Doe will provide testimony of Katsuri Anderson, who will testify to overhearing a phone conversation between Plaintiff Doe and Defendant Allen less than two weeks after the incident where Defendant

Allen stated that NBA players have group sex all the time, and that "girls in LA ask them to have group sex" because they are NBA players.

## IV.   SUMMARY OF DEFENDANTS AFFIRMATIVE DEFENSES

Defendants Hampton and Allen have asserted six affirmative defenses, and Defendant Rose has asserted nineteen affirmative defenses.

### A. <u>Defendants Hampton and Allen Affirmative Defenses</u>

### 1. First Affirmative Defense (Consent)

Defendants Hampton and Allen contend that Plaintiff Doe consented to the actions she alleges were non-consensual.

Defendants Hampton and Allen have the burden to establish that Plaintiff Doe gave consent, through words or actions, to Defendants Hampton and Allen to enter her leased apartment, physically touch her, and have sexual intercourse with her.

*See* CACI 1302.

### 2. Second Affirmative Defense (Failure to State a Cause of Action)

Defendants Hampton and Allen contend that Plaintiff Doe failed to state sufficient facts to constitute any of her alleged claims against the Defendants.

Defendants Hampton and Allen have the burden to establish that Plaintiff Doe has not plead sufficient facts to constitute any of her alleged claims against them.

### 3. Third Affirmative Defense (No Damages for Which Relief is Available)

Defendants Hampton and Allen contend that Plaintiff Doe did not suffer economic loss or emotional distress damages for which recovery would be available from any of the Defendants.

Defendants Hampton and Allen have the burden to establish that Plaintiff Doe did not suffer any economic loss or emotional distress damages from Defendants' actions.

### 4. Fourth Affirmative Defense (Defendants Unaware Plaintiff Objected to Any Alleged Wrongful Act)

Defendants Hampton and Allen contend that Plaintiff Doe did not object to any of the acts alleged against them.

Defendants Hampton and Allen have the burden to establish that Plaintiff Doe did not object to any acts alleged against them.

### 5. Fifth Affirmative Defense (Contributory/Comparative Negligence)

Defendants Hampton and Allen contend that Plaintiff Doe contributed to the events that led to the alleged actions, and that her contribution to the events bars her from any recovery.

Defendants Hampton and Allen have the burden to establish the following elements to prevail on their affirmative defense:

1. Plaintiff Doe was negligent; and

2. Plaintiff Doe's negligence was a substantial factor in causing her harm. *See* CACI 405; *Drust v. Drust*, 113 Cal.App.3d 1, 5-6 (1980).

### 6. Sixth Affirmative Defense (Statute of Limitations)

Defendants Hampton and Allen contend that Plaintiff Doe's claims are barred by the applicable statute of limitations.

Defendants Hampton and Allen have the burden to establish that Plaintiff Doe's claimed harm occurred more than two years prior to the date she claims for personal injury, and three years prior to the date she brought a claim for trespass. *See* Cal. Civ. Code § 335.1, § 338(b).

### B. Defendant Rose Affirmative Defenses

### 1. First Affirmative Defense (Consent)

Defendant Rose contends that Plaintiff Doe consented to the actions she alleges were non-consensual.

Defendant Rose has the burden to establish that Plaintiff Doe gave consent, through words or actions, to Defendant Rose to enter her leased apartment, physically touch her, and have sexual intercourse with her.

*See* CACI 1302.

## 2. Second Affirmative Defense (Failure to State a Cause of Action)

Defendant Rose contends that Plaintiff Doe failed to state sufficient facts to constitute any of her alleged claims against the Defendant.

Defendant Rose has the burden to establish that Plaintiff Doe has not plead sufficient facts to constitute any of her alleged claims against him.

## 3. Third Affirmative Defense (No Damages for Which Relief is Available)

Defendant Rose contends that Plaintiff Doe did not suffer economic loss or emotional distress damages for which recovery would be available from any of the Defendants.

Defendant Rose has the burden to establish that Plaintiff Doe did not suffer any economic loss or emotional distress damages from Defendant's actions.

## 4. Fourth Affirmative Defense (Defendant Unaware Plaintiff Objected to Any Alleged Wrongful Act)

Defendant Rose contends that Plaintiff Doe did not object to any of the acts alleged against him and Defendants Hampton and Allen.

Defendant Rose has the burden to establish that Plaintiff Doe did not object to any acts alleged against him and Defendants Hampton and Allen.

## 5. Fifth Affirmative Defense (Fault of Others)

Defendant Rose contends that the claimed injuries or damages upon which Plaintiff Doe bases her claims were legally and proximately caused by other persons, entities and/or forces over which Defendant Rose exerted no control and for which the Defendant has no responsibility.

Defendant Rose has the burden to establish the following elements to prevail on his affirmative defense:

1.  Other persons, entities and/or forces were at fault; and

2.  The fault of the other persons, entities and/or forces was a substantial factor in causing Plaintiff Doe harm.

*See* CACI 406; *Wilson v. Ritto*, 105 Cal.App.4[th] 361, 369 (2003).

### 6. Sixth Affirmative Defense (Contributory/Comparative Negligence)

Defendant Rose contends that Plaintiff Doe contributed to the events that led to the alleged actions, and that her contribution to the events bars her from any recovery.

Defendant Rose has the burden to establish the following elements to prevail on his affirmative defense:

1.  Plaintiff Doe was negligent; and

2.  Plaintiff Doe's negligence was a substantial factor in causing her harm.

*See* CACI 405; *Drust v. Drust*, 113 Cal.App.3d 1, 5-6 (1980).

### 7. Seventh Affirmative Defense (Statute of Limitations)

Defendant Rose contends that Plaintiff Doe's claims are barred by the applicable statute of limitations.

Defendant Rose has the burden to establish that Plaintiff Doe's claimed harm occurred more than two years prior to the date she brought claims for personal injury, and three years prior to the date she brought a claim for trespass. *See* Cal. Civ. Code § 335.1, § 338(b).

### 8. Eighth Affirmative Defense (Consent)

Defendant Rose contends that Plaintiff consented to sexual interaction with more than one co-defendant on more than one occasion, consented to sexual interactions on the day in question, and invited Defendants Rose, Hampton and Allen to her apartment and buzzed them in through security and opened the apartment door to welcome them, and then consented to sex, and was capable of consenting.

Defendant Rose has the burden to establish that Plaintiff Doe consented, through words or actions, to sexual interactions with Defendants Rose, Hampton and Allen on more than one occasion and the day in question. In addition, Defendant Rose has the burden to establish that Plaintiff Doe invited Defendants Rose, Hampton and Allen to her apartment, buzzed them through security, opened the apartment door to welcome them, and consented through words or action to group activities later that evening.
*See* CACI 1302.

**9. Ninth Affirmative Defense (Consent)**

Defendant Rose contends that Plaintiff Doe consented to all sexual interactions and was not injured at all, and did not report, show or claim any injuries to anyone, and went to work the next day at her normal time in the morning and worked a full day.

Defendant Rose has the burden to establish that Plaintiff Doe consented, through words or actions, to all sexual interactions, and was capable of consenting, and was not injured at all.
*See* CACI 1302.

**10. Tenth Affirmative Defense (Consent)**

Defendant Rose contends that Plaintiff Doe consented to all sexual interaction and had coffee with her roommate the next morning before heading to work for a full work shift. In addition, Defendant Rose contends that Plaintiff Doe became upset a few weeks or months later because she felt should be reimbursed for one of the sex toys she purchased and used during the day and night in question.

Defendant Rose has the burden to establish that Plaintiff Doe consented, through words or actions, to all sexual interaction, and was capable of consenting.
*See* CACI 1302.

**11. Eleventh Affirmative Defense (Consent)**

Defendant Rose contends that Plaintiff Doe consented, through words or actions, to all sexual interaction and exchanged friendly texts with one or more co-defendants after the day in question.

Defendant Rose has the burden to establish that Plaintiff Doe consented, through words or action, to all sexual interactions, and was capable of consenting. *See* CACI 1302.

**12. Twelfth Affirmative Defense (Intervening Events)**

Defendant Rose contends that Plaintiff Doe's injuries were not proximately caused by any act of Defendant Rose, but were proximately caused by independent, subsequent events, that Defendant Rose had no part in those subsequent events, and that therefore the Plaintiff is barred from any recovery against Defendant Rose.

Defendant Rose has the burden to establish the following elements to prevail on his affirmative defense:

1.  The independent, subsequent events occurred after Defendant Rose's conduct;

2.  A reasonable person would consider the independent, subsequent events as highly unusual or an extraordinary response to the situation;

3.  Defendant Rose did not know and had no reason to expect that there would be independent, subsequent events that act in a negligent manner; and

4.  The kind of harm resulting from the independent, subsequent events was different from the kind of harm that could have been reasonably expected from Defendant Rose's conduct.

*See* CACI 432; *Martinez v. Vinatge Petroleum,* 68 Cal.App.4th 695, 700-702 (1998); *Brewer v. Teano*, 40 Cal.App.4th 1024, 1031 (1995).

**13. Thirteenth Affirmative Defense (Laches)**

Defendant Rose contends that any recovery is barred, in whole or in part, by the doctrine of laches.

Defendant Rose has the burden to establish the following elements to prevail on his affirmative defense:

1. Plaintiff Doe delayed in asserting her claims;

2. The delay was not reasonable; and either

3. Plaintiff Doe acquiesced in the act in which she complained; or

4. Defendant Rose was prejudiced from the delay

*Feduniak v. California Coastal Com'n*, 148 Cal.App.4th 1346, 1381 (2007)

### 14. Fourteenth Affirmative Defense (Contribution)

Defendant Rose contends that he is entitled to percentage contribution of the total liability from persons, firms, corporations, or entities other than Plaintiff Doe, in accordance with principles of equitable indemnity and comparative contribution.

Defendant Rose has the burden to establish the following elements to prevail on his affirmative defense:

1. That other persons, firms, corporations, or entities acts were negligent; and

2. The other persons, firms, corporations, or entities' negligence contributed as a substantial factor in causing Plaintiff Doe's harm.

*See* CACI 3800; *American Motorcycle Assn. v. Superior Court*, 20 Cal.3d 578, 598 (1978); *Baird v. Jones*, 21 Cal.App.4th 684, 690 (1993).

///

### 15. Fifteenth Affirmative Defense (Punitive Damages)

Defendant Rose contends that Plaintiff Doe has failed to state facts sufficient to state a claim for punitive damages, and will not be able to establish the requisite mental states of malice, fraud or oppression.

Defendant Rose has the burden to establish that Plaintiff Doe failed to state facts sufficient to state a claim for punitive damages.

**16. Sixteenth Affirmative Defense (Punitive Damages)**

Defendant Rose contends that Plaintiff Doe's claims for punitive damages are unconstitutional under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

Defendant Rose has the burden to establish that Plaintiff Doe's claim for punitive damages is unconstitutional under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

**17. Seventeenth Affirmative Defense (Apportionment)**

Defendant Rose contends that his liability, if any, must be apportioned pursuant to Cal. Civ. Code § 1431.2 based on comparative fault of others.

Defendant Rose has the burden to establish the following elements to prevail on his affirmative defense:

1. Defendants Hampton and Allen were negligent; and
2. The negligence of Hampton and Allen was a substantial factor in causing Plaintiff Doe harm.

*See* CACI 406; Cal. Civ. Code § 1431.2; *American Motorcycle Assn. v. Superior Court*, 20 Cal.3d 578, 590 (1978).

**18. Eighteenth Affirmative Defense (Implied Consent)**

Defendant Rose contends that Plaintiff Doe gave implied consent, and was capable of consenting, to all of the acts complained of in her Complaint.

Defendant Rose has the burden to establish that Plaintiff Doe consented, through words or actions, to all the acts complained in her Complaint.

**19. Nineteenth Affirmative Defense (Additional Defenses)**

Defendant Rose to this date has not provided additional defenses.

## V.    KEY EVIDENCE IN OPPOSITION TO DEFENDANTS ROSE, HAMPTON AND ALLEN'S AFFIRMATIVE DEFENSES

Plaintiff Doe incorporates by reference the evidence described in Section III.A.a-r.

## VI.    ANTICIPATED EVIDENTIARY ISSUES

Plaintiff Doe plans to exclude all evidence that was not produced to Plaintiff Doe during the fact discovery period. Moreover, Plaintiff Doe plans to exclude any and all testimony referencing Plaintiff's attorney that would prejudice the Plaintiff.

## VII.   KEY LEGAL ISSUES

The key legal issue is what constitutes consent on the claims Plaintiff has alleged.

## VIII.  BIFURCATION ISSUES

The Court has ruled on the Bifurcation issue regarding Plaintiff Doe's punitive damage claim. The issue that remains, and is currently undetermined, is Defendants Rose, Hampton and Allen's net worth.  Plaintiff may seek to take a trial deposition of an out-of-state witness identified by Defendant Rose on June 17, 2016.

## IX.    JURY TRIAL

Timely demand for jury trial has been made by Plaintiff Doe.

## X.     ATTORNEYS' FEES

Plaintiff Doe may be entitled to attorneys' fees under Cal. Civ. Code §§§ 51.7, 52(b), 52.4.

## XI.    ABANDONMENT OF ISSUES

None of the claims or defenses have been dismissed or abandoned as of the date of this memorandum.

Dated: August 30, 2016

                     /s/ Brandon Anand
                   BRANDON ANAND, ESQ.
                   WAUKEEN MCCOY, ESQ.
                   Attorneys for Plaintiff
                   JANE DOE