**MONICO & SPEVACK**
MICHAEL D. MONICO (*Pro Hac Vice*)
mm@monicolaw.com
20 South Clark Street, Suite 700
Chicago, Illinois 60603
Tel.:   312-782-8500
Fax:   312-759-2000

**THE MALONEY FIRM, APC**
PATRICK M. MALONEY (197844)
pmaloney@maloneyfirm.com
2381 Rosecrans Avenue, Suite 405
El Segundo, California 90245
Tel.:   310-341-4601
Fax:   310-540-1507

*Attorneys for Defendants*
RYAN ALLEN and
RANDALL HAMPTON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| JANE DOE (A Pseudonym),<br><br>       Plaintiff,<br><br>   v.<br><br>DERRICK ROSE, in Individual;<br>RANDALL HAMPTON, an Individual;<br>RYAN ALLEN, an Individual; and<br>DOES 1-10 Inclusive,<br><br>       Defendants. | Case No. CV 15-7503-MWF(JCx)<br><br>Complaint Filed:  August 26, 2015<br><br>**DEFENDANTS RANDALL HAMPTON AND RYAN ALLEN'S NOTICE OF MOTION AND MOTION TO STRIKE SCANDALOUS FALSE ALLEGATIONS FROM PLAINTIFF'S OPPOSITION TO MOTION TO USE PLAINTIFF'S NAME AT TRIAL; AND FOR ATTORNEYS FEES AND COSTS**<br><br>Judge:   Michael W. Fitzgerald<br>Ctrm:    1600 |

## NOTICE OF MOTION AND MOTION TO STRIKE

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Defendants Randall Hampton and Ryan Allen ("Defendants") respectfully move this Court for an Order striking portions of Plaintiff's counsel's sworn declaration in support of Plaintiff's opposition to Defendants' motion to use Plaintiff's name at trial which states: "[o]n August 27, 2016, Michael Monico, who is now counsel of record for defendants Hampton and Allen:

> made false accusations about Plaintiff Doe on a Chicago radio station. He did not identify himself as counsel for any of the three defendants. He made knowingly false, defamatory statements that Ms. Doe had a child with an athlete. These statements are untrue as Ms. Doe has never had any children. He also mentioned that she "was looking for it".

Defendants further move to strike portions of Plaintiff's memorandum of fact and law in support of her opposition which states:

> Defendant Rose already has a history of surreptitiously trying to taint the public's perception of Plaintiff Doe in the media. On August 27, 2015, Michael Monico, who is now counsel of record for defendants Hampton and Allen, made false accusations about Plaintiff Doe on radio, without identifying himself as counsel for any of the three defendants, including making knowingly false, defamatory statements that Ms. Doe had a child with an athlete (which is untrue; Ms. Doe has never had any children) and that she "was looking for it". (Anand Decl., ¶4).

Defendants seek such relief on the grounds that the identified language is a scandalous attack on Defendants and their counsel which are false and wholly inappropriate in filings in this Court.  Furthermore, such language is prejudicial to

1  Defendants because it wrongfully and falsely portrays Defendants' counsel as
2  making insensitive or offensive comments about Plaintiff in such a manner that
3  would taint perception of both Defendants and their counsel.   Defendants further
4  seek sanctions under FRCP 11(b) in an amount to be determined at hearing for Mr.
5  Monico's attorney's fees and costs for having to spend the time in bringing this
6  motion.  This motion is made following Defendants' counsel's efforts to meet and
7  confer with counsel for Plaintiff via letter pursuant to L.R. 7-3 dated August 31,
8  2016.

Respectfully submitted,
**MONICO & SPEVACK**
**And THE MALONEY FIRM APC**

<u>/s/  Michael D. Monico</u>
Michael D. Monico
MONICO & SPEVACK
20 South Clark Street, Suite 700
Chicago, Illinois 60603
312-782-8500
mm@monicolaw.com

# MEMORANDUM OF FACT AND LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE AND FOR FEES AND COSTS

## A. STATEMENT OF FACTS

"Jane Doe" is a pseudonym the Plaintiff has used since filing this lawsuit. The lawsuit accuses the defendants of sexually assaulting her, charges the defendants have all vociferously denied. With trial approaching, Defendant Rose has filed a Motion asking that defendants be allowed to use Plaintiff's real name at the trial. Defendants Hampton and Allen join in that motion.

"Jane Doe" opposes the motion. In her opposition papers she included a sworn declaration from her attorney which states: "[o]n August 27, 2016, Michael Monico, who is now counsel of record for defendants Hampton and Allen":

> made false accusations about Plaintiff Doe on a Chicago radio station. He did not identify himself as counsel for any of the three defendants. He made knowingly false, defamatory statements that Ms. Doe had a child with an athlete. These statements are untrue as Ms. Doe has never had any children. He also mentioned that she "was looking for it".

Plaintiff repeats the allegation in her memorandum of fact and law:
> Defendant Rose already has a history of surreptitiously trying to taint the public's perception of Plaintiff Doe in the media. On August 27, 2015, Michael Monico, who is now counsel of record for defendants Hampton and Allen, made false accusations about Plaintiff Doe on radio, without identifying himself as counsel for any of the three defendants, including making knowingly false, defamatory statements that Ms. Doe had a child with an athlete (which is untrue; Ms. Doe has never had any children) and that she "was looking for it". (Anand Decl., ¶4).

  On August 31, 2016, Mr. Monico sent by email a letter to Plaintiff's counsel asking him to retract these blatantly false statements. (*See* Monico Declaration, Ex. 1). Not only did Mr. Monico *not* represent Mr. Rose or any of the defendants at the time, but he did *not* go on the radio and make statements that Plaintiff had a child by an athlete and he did *not* say she "was looking for it." Mr. Monico requested that Plaintiff's counsel disclose the alleged evidence that Mr. Monico made such statements.

  Plaintiff responded by adding to her exhibit list an excerpt from the radio program on August 27, 2015, to support her accusation. She also provided Mr. Monico a copy of the radio excerpt. The excerpt Plaintiff provided quite plainly does not reflect Defendants' counsel saying that *Plaintiff* had a child by another athlete and does *not* reflect Defendants' counsel saying that Plaintiff (or anyone else) was "looking for it," a particularly reprehensible comment because it suggests Mr. Monico believed the Plaintiff deserved to be raped.

  Defendants can only surmise Plaintiff has not listened to the recording. To begin, Mr. Monico was not talking about the instant case at all. It is obvious to anyone who listens to the recording that he is discussing a completely different case, a case involving a "high profile international star in Las Vegas" where the purported rape victim claimed the accused raped her in his hotel room and threatened to protest wherever he was performing a concert unless he paid her millions of dollars, and where the lawyer behind the allegations lost his license to practice in Illinois based on his conduct. It was when discussing *that* case Mr. Monico said the complainant had a child by an athlete, more particularly a football player. Defendant Rose, incidentally, plays basketball.

  As to the purported comment that Plaintiff was "looking for it," not only wasn't Mr. Monico discussing Plaintiff's case, but Plaintiff egregiously misquotes Mr. Monico. Rather, Mr. Monico commented about this *other* case that the complainant had made false accusations and, more accurately, that she was "looking

for somebody with a ... to make a large paycheck," a statement supported by the end result. Mr. Monico never suggested *any* rape victim was asking to be raped. But of importance here, it is unmistakable that Mr. Monico was *not* discussing this case or this Plaintiff at all.

### B. ARGUMENT

Plaintiff's scandalous allegations are clearly defamatory towards Mr. Monico, and prejudicial to Defendants. FRCP Rule 12(f) provides, in pertinent part, that "[u]pon motion made by a party . . . the court may order stricken . . .any scandalous matter." Fed. R. Civ. P. 12(f); see Cortina v. Goya Foods, Inc., 94 F. Supp. 3d 1174, 1182 (2015),"Scandalous mater is that which improperly casts a derogatory light on someone, most typically a party to the action.") (internal citations omitted); 2 Moore's Federal Practice § 12.37[3] at 12-97 (Scandalous generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language which detracts from the dignity of the court.")(footnote omitted.)

While motions to strike are generally disfavored, "the disfavored character of Rule 12(f) is relaxed somewhat in the context of scandalous allegations and matters of this type will often be stricken from the pleadings in order to purge the court's files and protect the subject of the allegations." 5A C. Wright and A. Miller, Federal Practice and Procedure (Civil) 2d § 1382, at 714 (1990).[1]

The striking of material is particularly appropriate when the offensive material is not responsive to an argument, but rather constitutes an improper attempt to abuse the litigation process to attack an individual personally. See, e.g.,

---

[1] In addition to by motion of a party, the relief provided for in FRCP Rule 12(f) may strike such materials sua sponte to protect the decorum of proceedings before it. Fed. R. Civ. P. 12(f); see Chambers v. NASCO, Inc. 501 U.S. 32, 43(1991).

Cairns v. Franklin Mint Co., 24 F. Supp. 2d 1013, 1037 (C.D. Cal 1998) (striking allegation that "defendants are '[l]ike vultures feeding on the dead"); see also Pigford v. Veneman, 215 F.R.D.2, 4-5 (D.D.C. 2003) (striking unfounded accusations that opposing counsel was racist.)

     Here, in compliance with local rule 7.3 Mr. Monico asked Plaintiff's counsel to retract the defamatory scandalous statements, but counsel has refused (*See* Monico Declaration, Ex. 1). There was no good faith basis for Plaintiff to make the accusations, and even less good faith basis in failing to withdraw them. Instead the Plaintiff has doubled-down, standing by the scandalous allegations and adding the recording as a trial exhibit. Because Defendants were forced to make this motion, it hereby requests its attorney fees and costs in an amount subject to proof, under FRCP 11(b). The Court may also make sanctions findings sua sponte under 11(b).

### C. CONCLUSION

     Defendants ask the Court to Grant Defendants' motion to strike under FRCP 12(f), and to pay sanctions in an amount to be determined at hearing under FRCP 11(b) for Mr. Monico's attorney's fees and costs for having to spend the time in bringing this motion. The Court should concomitantly strike the radio program excerpt from the exhibit list.

    Respectfully submitted,
**MONICO & SPEVACK**
**And THE MALONEY FIRM APC**

/s/ Michael D. Monico
Michael D. Monico
MONICO & SPEVACK
20 South Clark Street, Suite 700
Chicago, Illinois 60603
312-782-8500
mm@monicolaw.com

PROOF OF SERVICE
JANE DOE vs. DERRICK ROSE

USDC Case No. CV 15-7503-MWF(JCx)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2381 Rosecrans Avenue, Suite 405, El Segundo, CA 90245.

I served true copies of the following document on the date listed below, described as **DEFENDANTS RANDALL HAMPTON AND RYAN ALLEN'S NOTICE OF MOTION AND MOTION TO STRIKE SCANDALOUS FALSE ALLEGATIONS FROM PLAINTIFF'S OPPOSITION TO MOTION TO USE PLAINTIFF'S NAME AT TRIAL; AND FOR ATTORNEYS FEES AND COSTS** on the interested parties in this action as follows:

(**SEE ATTACHED SERVICE LIST**)

__    BY MAIL: I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of The Maloney Firm, APC for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

____XX    BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service made. Executed on September 15, 2016 at El Segundo, California.

/s/ Patrick M. Maloney
_____
PATRICK M. MALONEY

\\server\Data\WDocs\Clients\1145\01\MOTION\00125166.DOCX

i

Case No. CV 15-7503-MWF(JCx)

PROOF OF SERVICE

SERVICE LIST
JANE DOE vs. DERRICK ROSE
USDC Case No. CV 15-7503-MWF(JCx)

| | |
|---|---|
| Mark D. Baute<br>BAUTE CROCHETIERE & GILFORD LLP<br>777 South Figueroa Street, Suite 4900<br>Los Angeles, California 90017<br>Tel.: (213) 630-5000<br>Fax.: (213) 683-1225 | Attorneys for Defendant<br>DERRICK ROSE |
| Brandon J. Anand, Esq.<br>ANAND LAW, PC<br>5455 Wilshire Boulevard<br>Suite 1812<br>Los Angeles, CA 90036<br>Tel: (323) 325-3389<br>Fax: (323) 488-9659 | Attorneys for Plaintiff<br>JANE DOE |
| Thaddeus J. Culpepper, Esq.<br>CULPEPPER LAW GROUP<br>3818 Crenshaw Boulevard<br>Suite 905<br>Los Angeles, CA 90008<br>Tel: (310) 997-0806<br>Culpepper@alumni.pitt.edu | Attorneys for Plaintiff<br>JANE DOE<br><br>And |
| Waukeen Q. McCoy, Esq.<br>McCOY LAW FIRM P.C.<br>555 Montgomery Street, Suite 1100<br>San Francisco, CA 94111<br>Tel: 415-675-7705<br>Fax 415-675-2530<br>wqm@mccoyslaw.com | Attorneys for Plaintiff<br>JANE DOE |

\\server\Data\WDocs\Clients\1145\01\MOTION\00125166.DOCX

ii

Case No. CV 15-7503-MWF(JCx)

PROOF OF SERVICE