UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-15-07503-MWF-JCx | Date: September 22, 2016 |
| Title: Jane Doe v. Derrick Rose, et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING DEFENDANT ROSE'S MOTION TO PRECLUDE PLAINTIFF'S USE OF A PSEUDONYM AT TRIAL AND DENYING DEFENDANTS HAMPTON AND ALLEN'S MOTION TO STRIKE AS MOOT [192] [249]

Before the Court is Defendant Rose's Motion to Preclude Plaintiff's Use of a Pseudonym at Trial (the "Motion") (Docket No. 192), filed on August 22, 2016. Plaintiff submitted her Opposition (Docket No. 196) on August 29, 2016, and Defendant Rose submitted his Reply (Docket No. 220) on September 2, 2016. On September 15, 2016, Defendants Allen and Hampton filed a Motion to Strike Scandalous and False Allegations from Plaintiff's Opposition to Motion to Use Plaintiff's Name at Trial; and for Attorneys Fees and Costs (Docket No. 249) (the "Motion to Strike"). The Court reviewed and considered the papers on the Motions, and held a hearing on **September 20, 2016**.

Defendant Rose's Motion is **GRANTED.** Plaintiff's use of a pseudonym at trial would unduly prejudice Defendant Rose. Further, the public's interest in disclosure is increased at trial. Finally, because Defendant Rose's motion is granted, Defendants Hampton and Allen's motion to strike is **DENIED as moot.**

I. **BACKGROUND**

In September 2015, Plaintiff Jane Doe filed a complaint in California Superior Court alleging that Defendants Derrick Rose, Randall Hampton, and Ryan Allen

---
**CIVIL MINUTES—GENERAL** 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-15-07503-MWF-JCx | Date: September 22, 2016 |
| Title: Jane Doe v. Derrick Rose, et al. | |

engaged in sexual intercourse with her without her consent, giving rise to various claims under California law, including sexual battery. (Docket No. 1 ¶ 1). The parties and the Court have referenced this alleged act as a "rape", although that term is used in California law for a particular crime. Plaintiff alleges that, as a result of the sexual battery, she has suffered severe emotional distress, humiliation, embarrassment, and anxiety. (Id. ¶ 59). On June 17, 2016, the Court denied Defendant Rose's motion for dismissal on account of Plaintiff's use of a pseudonym (the "June Order"). (Docket No. 99). The Court applied *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000), to decide that Plaintiff would be permitted to use a pseudonym for all pretrial filings. (June Order at 6). The Court reserved for the pretrial conference the question of whether Plaintiff would be permitted to use a pseudonym at trial. (*Id.*).

## II. DISCUSSION

In deciding whether to permit a party's use of a fictitious name, the district court must weigh the need for anonymity against any "prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile*, 214 F.3d at 1068. As the Court discussed in the June Order, courts generally permit alleged rape victims to use pseudonyms in pretrial proceedings. (June Order at 2–3 (citing, e.g., *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir.1997); *Doe v. Cabrera*, 307 F.R.D. 1, 3 (D.D.C. 2014); *Doe v. Penzato*, No. CV-10-5154-MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011))). The Court also acknowledged, however, that "Plaintiff's anonymity could significantly prejudice Defendant Rose if this action were to progress to trial" in part because "the jury may interpret the Court's permission for Plaintiff to conceal her identity as a comment on the harm Defendants allegedly caused." (June Order at 6). Therefore, the Court proceeds to reconsider whether Plaintiff should be permitted to use a pseudonym at trial under the *Advanced Textile* framework.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-15-07503-MWF-JCx                Date: September 22, 2016
Title:    Jane Doe v. Derrick Rose, et al.

### A. Plaintiff's Need for a Pseudonym

"When a party requests 'Doe' status, the factors to be 'balance[d] . . . against the general presumption that parties' identities are public information,' are: '(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation.'" *Doe v. Ayers*, 789 F.3d 944, 945 (9th Cir. 2015) (quoting *Advanced Textile*, 214 F.3d at 1068).

In its June Order, the Court determined that "[g]iven the public nature of this action, and the fame of Defendant Rose, forcing Plaintiff to abandon her anonymity could subject her to significant harassment and humiliation from the public." (June Order at 3). This concern continues to be true. Defendant Rose is an exceedingly famous athlete, and thus media attention will presumably increase as the trial date approaches. Plaintiff can reasonably fear that losing her anonymity will subject her to close scrutiny by media and the public. As an alleged rape victim, Plaintiff may be particularly vulnerable to such scrutiny. *See Doe v. Blue Cross*, 112 F.3d at 872.

Defendant Rose's argument that Plaintiff "is not a minor who is a true victim of rape or assault" (Mot. at 10) is as unpersuasive as it is distasteful. Whether Plaintiff is truly a victim of rape is for the jury to decide, not this Court. Moreover, Plaintiff's age has little to do with whether she was truly raped, or whether she would be harmed by the harassment and publicity that is likely to result from increased public scrutiny. It is Plaintiff's status as an alleged rape victim, and Defendant's wealth and notoriety, that makes her particularly vulnerable to harassment. Accordingly, this factor weighs in favor of allowing Plaintiff to continue to proceed anonymously at trial.

Finally, the Court notes that it is extremely displeased by Defendant Rose's renewed implication that evidence Plaintiff was "sexually adventurous with [Defendant] Rose" and drank alcohol with Defendant Rose on the night in question in any way affects whether Plaintiff consented to group sex with Defendants Rose, Allen, and Hampton later that night. (*See* Mot. at 3). The Court previously made clear to Defendant Rose that such rhetoric is unworthy of this Court. (June Order at 4). That the Court now grants Defendant Rose's motion to preclude Plaintiff's use of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV-15-07503-MWF-JCx | Date:  September 22, 2016 |
| Title:    Jane Doe v. Derrick Rose, et al. | |

pseudonym at trial is in no way an invitation to continue his attempts to prejudice Plaintiff in this way.  If Defendant Rose continues to utilize language that shames and blames the victims of rape either in his motion practice or before the jury, the Court will consider sanctions.

### B.     Prejudice to Defendant Rose

The Court previously held that Defendant Rose was unlikely to be prejudiced by Plaintiff's use of a pseudonym in pretrial proceedings because he would be permitted to use Plaintiff's name in discovery and would not be prevented from publicly telling his side of the story.  Defendant Rose now argues that the likelihood of prejudice will greatly increase if Plaintiff is permitted to use a pseudonym at trial.  (Opp. at 10–11); *see also Advanced Textile*, 214 F.3d at 1072 (cautioning that courts must evaluate the precise prejudice plaintiffs' pseudonymity would cause defendants at each stage of the litigation); *John Doe 140 v. Archdiocese of Portland in Oregon*, 249 F.R.D. 358, 361 (D. Or. 2008) (holding that "defendants should retain the right to refile their request later in this action, as [Plaintiff's] claims approach trial.").

The weight of authority on this issue supports Defendant Rose's position.  Many courts have expressed the concern that allowing a plaintiff to proceed under a pseudonym at trial would communicate "a subliminal comment on the harm the alleged encounter with the defendant has caused the plaintiff."  *Doe v. Cabrera*, 307 F.R.D. 1, 10 (D.D.C. 2014) (citing *E.E.O.C. v. Spoa, LLC*, No. CIV. CCB-13-1615, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013), for the proposition that "the court's limited grant of anonymity would implicitly influence the jury should this case advance to trial"); *see also Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006) (holding that the leave to proceed pseudonymously "only appl[ies] to the discovery period and may be reconsidered if this case goes to trial").  The effect of this "subliminal" suggestion — indeed, it is perhaps more accurately characterized as an overt suggestion, repeated each time Plaintiff is referred to as "Jane Doe" — is likely to be strong enough that a limiting instruction would not sufficiently eliminate the resulting prejudice to Defendant Rose.  *See Cabrera*, 307 F.R.D. at n.15.

---

**CIVIL MINUTES—GENERAL**                                                                                              4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-07503-MWF-JCx					Date:  September 22, 2016
Title:    Jane Doe v. Derrick Rose, et al.

At the hearing, Plaintiff renewed her contention that that any prejudice to Defendant could be resolved by revealing Plaintiff's name only to the jury and otherwise restricting the media's ability to publish her name and image.  (*See* Opp. at 7).  Closing the courtroom would likewise send the same prejudicial message to the jury that would be sent by use of the pseudonym.  And closing the courtroom is the only practical way of revealing Plaintiff's name to the jury alone.  Closing the trial would raise First Amendment concerns that have not adequately been briefed.  The Court is not willing to violate the First Amendment, or even skirt its edges.

### C.    The Public's Interest in Disclosure

Previously, the Court found that the public has a strong interest "in encouraging victims of sexual assault to bring claims against their assailants."  (June Order at 5) (citing *Advanced Textile*, 214 F.3d at 1073 (9th Cir. 2000); *Kolko*, 242 F.R.D. at 195 (E.D.N.Y. 2006) ("The public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes.")).  However, as trial approaches, the public's interest in disclosure also increases.  *See, e.g.*, *Courthouse News Serv. v. Planet*, 750 F.3d 776, 786 (9th Cir. 2014) ("It is . . . well-established that the right of access to public . . . proceedings is 'necessary to the enjoyment' of the right to free speech." (quoting *Globe Newspaper Co. v. Superior Court for Norfolk Cty.*, 457 U.S. 596, 604 (1982))); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 599 (1980) ("[T]he First and Fourteenth Amendments clearly give the press and the public a right of access to trials themselves, civil as well as criminal." (Stewart, J., concurring)).  Therefore, while not discounting the public's strong interest in encouraging victims of sexual assault to pursue their rights in court, the Court finds that, for purposes of the trial itself, the balance of the public interest has shifted to favor public access and disclosure.

In sum, although Plaintiff's need for a pseudonym has not vanished, the prejudice to Defendant Rose and the public's interest in disclosure together weigh against allowing Plaintiff to proceed under a pseudonym at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-07503-MWF-JCx  Date:  September 22, 2016
Title:  Jane Doe v. Derrick Rose, et al.

### D. Defendants Hampton and Allen's Motion to Strike

Defendants Hampton and Allen move to strike certain allegations made by Plaintiff's counsel in support of Plaintiff's Opposition to Defendant Rose's Motion. (Mot. to Strike at 1).  Because the Court grants Defendant Rose's motion and was not influenced by the disputed material, Defendants Hampton and Allen's motion is moot. The Motion to Strike places on the docket counsel's vociferous denial of the allegations in Plaintiff's Opposition.

## III. CONCLUSION

For the foregoing reasons, Defendant Rose's Motion is **GRANTED.**  Plaintiff will be precluded from using a pseudonym at trial.  The parties will continue to use the pseudonym until the jury panel is called.  Defendants Hampton and Allen's Motion is **DENIED as moot.**

IT IS SO ORDERED.