1  **BAUTE CROCHETIERE & GILFORD LLP**
   MARK D. BAUTE (State Bar No. 127329)
2  mbaute@bautelaw.com
   COURTNEY A. PALKO (State Bar No. 233822)
3  cpalko@bautelaw.com
   777 South Figueroa Street, Suite 4900
4  Los Angeles, California 90017
   Telephone: (213) 630-5000
5  Facsimile: (213) 683-1225
6
7  *Attorneys for Defendant*
   DERRICK ROSE
8
9           **UNITED STATES DISTRICT COURT**
10   **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11 | JANE DOE (A Pseudonym),                          | Case No. CV 15-7503-MWF(JCx)
12 |          Plaintiff,                              | Complaint Filed:  August 26, 2015
13 |     v.                                          | **DEFENDANT DERRICK ROSE'S**
14 |                                                  | **OPPOSITION TO PLAINTIFF'S *EX***
   | DERRICK ROSE, an Individual;                     | ***PARTE* MOTION FOR**
15 | RANDALL HAMPTON, an                              | **RECONSIDERATION OF**
   | Individual; RYAN ALLEN, an                       | **SEPTEMBER 22, 2016 ORDER [ECF**
16 | Individual; and DOES 1-10 Inclusive,             | **# 264] PRECLUDING PLAINTIFF'S**
17 |                                                  | **USE OF A PSEUDONYM AT TRIAL**
18 |          Defendants.                             | **Further Pretrial Conference:**
   |                                                  | Date:       September 29, 2016
19 |                                                  | Time:       10:00 a.m.
20 |                                                  | Location:   Courtroom 1600

21                              **TRIAL:**
22                              Date:       October 4, 2016
23                              Time:       8:30 a.m.
                               Location:   Courtroom 1600
24
25                              Judge:   Hon. Michael W. Fitzgerald
26
                               Pretrial Conference:  September 20, 2016
27                              Trial Date:       October 4, 2016
28

250355.1                                          Case No. CV 15-7503-MWF(JCx)

**DEFT DERRICK ROSE'S OPPOSITION TO PLTF'S EX PARTE MOTION FOR RECONSIDERATION OF
9/22/16 ORDER [ECF # 264] PRECLUDING PLAINTIFF'S USE OF A PSEUDONYM AT TRIAL**

*left margin, vertical:* BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

# **TABLE OF CONTENTS**

**Page(s)**

I.   SUMMARY OF ARGUMENT .......................................................... 1

    A.   There Is No Factual or Legal Basis for Reconsideration....................... 1

    B.   Ms. Doe's Efforts to Try a Sham Case in the Media Are Highlighted by Both the Belated LAPD Letter, and the Testimony of Ms. Carleo, Ms. Lavergne, and Ms. Chavez. .................. 4

II.   ARGUMENT ........................................................................ 5

    A.   In a Sham Case Like This, the Constitutional Right to a Fair Trial Warrants a Denial of the *Ex Parte* Reconsideration Motion. ........ 5

    B.   Motions for Reconsideration Are Disfavored and Rarely Granted, and Ms. Doe's Motion Fails to Present New Facts or Law Since the Court's September 22, 2016 Order. ............................... 6

    C.   Ms. Doe's Motion Is Meritless Because the Court's Well-Reasoned Order Needs No Reconsideration........................................... 8

        1.   Any Criminal Investigation, Which Has Been Open Since December 2015 and for Which No Criminal Charges Have Been Filed, Is a Separate Proceeding Independent of This Civil Trial Starting October 4, 2016 ............................................. 8

        2.   The Court Properly Weighed Ms. Doe's Desire for Anonymity Against the Prejudice to Mr. Rose and the Public's Interest in Disclosure, and Ms. Doe Cites No New Facts or Law to Change the Court's Analysis ........................... 10

    D.   The Prejudice to Mr. Rose and the Public Interest in Disclosure Continue to Outweigh Ms. Doe's Desire For Anonymity at Trial and Ms. Doe Cites No New Legal Authority or Facts ........................ 12

    E.   Ms. Doe Failed to Comply with the Local Rules Governing *Ex Parte* Applications ............................................................ 20

III.   CONCLUSION ..................................................................... 20

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

## <u>FEDERAL CASES</u>

*389 Orange Street Partners v. Arnold,*
    179 F.3d 656 (9th Cir. 1999) ...........................................................................7

*Alyssa C. v. Palo Alto Housing Corp.,*
    No. 07-1112, 2007 WL 878524 (N.D. Cal. Mar. 20, 2007) ...........................18

*Aventis Pharms S A v. Amphastar Pharms., Inc.,*
    No. 03-887, 2005 WL 5957795, at *2 (C.D. Cal. Mar. 25, 2005) ...................7

*Doe v. Blue Cross & Blue Shield United of Wis.,*
    112 F.3d 869 (7th Cir. 1997) (Posner, J.) ......................................................16

*Doe v. Cabrera,*
    307 F.R.D. 1 (D.D.C. 2014) ...................................................................passim

*Doe v. De Amigos*, LLC,
    No. 11–cv–1755, ECF # 24 (D.D.C. Apr. 30, 2012). ..............................13, 18

*Doe v. Eschenbach,*
    No. 06–2131, 2007 WL 1848013, at *2 (D.D.C. June 27, 2007) ...................13

*Doe v. Frank,*
    951 F.2d 320 (11th Cir. 1992) .......................................................................15

*Doe v. Penzato,*
    No. 10-5154, 2011 WL 1833007 (N.D. Cal. May 13, 2011) .........................17

*Doe v. Shakur,*
    164 F.R.D. 359 (S.D.N.Y. 1996) ............................................................passim

*Doe v. Stegall,*
    653 F.2d 180 (57th Cir. 1981) .......................................................................15

*Doe v. Texaco, Inc.,*
    No. 06-0280, 2006 WL 2850035, at *6 (N.D. Cal. Oct. 5, 2006) ..................14

*Doe v. Von Eschenbach,*
    No. 06-2131, 2007 WL 1848013, at *2 (D.D.C. June 27, 2007). ..................18

*Does I thru XXIII v. Advanced Textile Corp.,*
    214 F.3d 1058 (9th Cir. 2000) ...................................................13, 14, 16, 19

*E.E.O.C. v. Erection Co.,*
    900 F.2d 168 (9th Cir. 1990). ..................................................................16, 18

*E.E.O.C. v. Spoa, LLC,*
    No. 13–1615, 2013 WL 5634337, at *3–4 (D. Md. Apr. 2, 2009) .....13, 18, 19

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

**DEFT DERRICK ROSE'S OPPOSITION TO PLTF'S EX PARTE MOTION FOR RECONSIDERATION OF 9/22/16 ORDER [ECF # 264] PRECLUDING PLAINTIFF'S USE OF A PSEUDONYM AT TRIAL**

*In re Benham*, No.
13-205, 2013 WL 3872185, at *1–9 (C.D. Cal. May 29, 2013) ...................... 7

*James v. Jacobson*,
6 F.3d 233 (4th Cir. 1993) ............................................................................ 19

*Kona Enters., Inc. v. Estate of Bishop*,
229 F.3d 877 (9th Cir. 2000) .......................................................................... 7

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
571 F.3d 873 (9th Cir. 2009) .......................................................................... 7

*McCollum v. California*,
No. 04-3339, 2007 WL 1703721, at *1 (N.D. Cal. June 11, 2007) ................ 8

*Mission Power Engineering v. Cont'l Casualty Co.*,
883 F. Supp. 488 (C.D. Cal. 1995) ............................................................... 20

*Nat'l Ass'n of Waterfront Emp'rs*,
587 F. Supp. 2d 90 (D.D.C. 2008) ............................................................... 19

*Nixon v. Warner Commc'ns, Inc.*,
435 U.S. 589 (1978) ..................................................................................... 16

*Pegasus Satellite Television, Inc. v. DirecTV, Inc.*,
318 F. Supp. 2d 968 (C.D. Cal. 2004) ............................................................ 8

*Qualls v. Rumsfeld*,
228 F.R.D. 8 (D.D.C. 2005) .......................................................................... 12

*Roe v. St. Louis University*,
No. 08-cv-1474, 2009 WL 9101738 (E.D. Mo. Apr. 2, 2009) ...................... 18

*Shah v. County of Los Angeles*,
No. 06-7446, 2008 WL 4200603, at *1 (C.D. Cal. Sept. 4, 2008) ................. 8

*Target Tech. Co., LLC v. Williams Advanced Materials, Inc.*,
No. 04-1083, 2008 WL 5002935, at * 21 (C.D. Cal. Nov. 21, 2008) .............. 8

*United States v. Doe*,
655 F.2d 920 n.1 (9th Cir. 1981) ............................................................ 13, 19

*Yaman v. U.S. Dep't of State*,
786 F. Supp. 2d 148 (D.D.C. 2011) ........................................................ 13, 18

## STATE CASES

*People v. Bryant*,
94 P.3d 624 (Colo. 2004) .............................................................................. 10

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

250355.1                                iii                    Case No. CV 15-7503-MWF(JCx)

**DEFT DERRICK ROSE'S OPPOSITION TO PLTF'S EX PARTE MOTION FOR RECONSIDERATION OF**
**9/22/16 ORDER [ECF # 264] PRECLUDING PLAINTIFF'S USE OF A PSEUDONYM AT TRIAL**

1

## STATUTES

2   Local Rule 7-18 ................................................................................1, 7, 10

3   Local Rule 7-19 ................................................................................20

4   Local Rule 7-19.1 .............................................................................20

5

6   ## TREATISES

7   12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed.
        2011)............................................................................................7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

**DEFT DERRICK ROSE'S OPPOSITION TO PLTF'S EX PARTE MOTION FOR RECONSIDERATION OF
9/22/16 ORDER [ECF # 264] PRECLUDING PLAINTIFF'S USE OF A PSEUDONYM AT TRIAL**

## I.     SUMMARY OF ARGUMENT

### A.     There Is No Factual or Legal Basis for Reconsideration.

Ms. Doe's *ex parte* motion for reconsideration should be denied as it presents no "material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to [Ms. Doe] at the time of such decision." L.R. 7-18.  Nor is there any "emergence of new material facts or a change of law occurring after the time of such decision" (*id.*) – Ms. Doe sought to meet and confer the day after the Court's order and filed her reconsideration motion three days after the Court's September 22, 2016 order.  Nothing has changed in that short time period.  And Ms. Doe's motion fails to provide a declaration from Ms. Doe or from Detective Hernandez.  Finally, Ms. Doe makes no "manifest showing of a failure to consider material facts presented to the Court before such decision." *Id*. Indeed, Ms. Doe's motion simply repeats the arguments already twice considered by the Court.  "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of in opposition to the original motion." *Id*.  The Court has already considered thoroughly the arguments of Ms. Doe in two prior sets of briefing and oral arguments on this issue and issued thoughtful, well-reasoned orders that need no reconsideration.  *See* ECF # 264; ECF # 99.[1]  Ms. Doe's last-ditch effort to keep her identity hidden at trial would materially prejudice Mr. Rose's right to a fair trial, is inconsistent with the First Amendment guarantee of public proceedings (especially in light of Ms. Doe's extensive pretrial media blitz), and should be rejected for the same reasons set forth in the Court's September 22, 2016 order.  ECF # 264.

Ms. Doe makes two main arguments: (1) the LAPD has an open criminal investigation (which Ms. Doe admits has never been forwarded to the district attorney); and (2) Ms. Doe's counsel speculates about "serious bodily injury or even death" (with

---

[1] Mr. Rose refers the Court to, and incorporates herein, Mr. Rose's prior briefing on these issues.  ECF # 65, 80, 192, 220.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

**DEFT DERRICK ROSE'S OPPOSITION TO PLTF'S EX PARTE MOTION FOR RECONSIDERATION OF 9/22/16 ORDER [ECF # 264] PRECLUDING PLAINTIFF'S USE OF A PSEUDONYM AT TRIAL**

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

no declaration or evidence from Ms. Doe).  ECF # 276-1 at 2.  Ms. Doe first went to the LAPD in December 2015 – nearly 2½  years after the events of August 26-27, 2013, several months after filing this civil suit, and nearly a year ago.  It remains true that no criminal case is pending; no charges have been filed against Mr. Rose, Mr. Hampton, or Mr. Allen.  There is no change warranting reconsideration.  While Mr. Anand purports (without substantiation) that the criminal investigation "has progressed" (ECF # 276-1 at 2) and criminal prosecution is "likely" (*id*.) and that Detective Hernandez is willing to testify in this Court (*id*. at 5), Ms. Doe does not submit a declaration from Detective Hernandez to that effect.  The letter from Detective Hernandez to Mr. Anand simply repeats what the parties have known since December 2015 – that Ms. Doe went to the LAPD in December 2015 and the LAPD opened a criminal investigation at that time that has not since resulted in criminal charges.  That separate investigation will independently run its course.  It does not change the fact that no criminal charges have been brought against Mr. Rose, Mr. Allen, or Mr. Hampton, and no criminal case against Mr. Rose, Mr. Allen, or Mr. Hampton is currently pending.  Accordingly, there is no change warranting reconsideration of the Court's order.

Second, in the Court's September 22, 2016 order (ECF # 264) as well as in its June 17, 2016 order (ECF # 99), the Court properly weighed (1) Ms. Doe's desire for anonymity against (2) Mr. Rose's right to a fair trial and (3) the public's First Amendment right to open proceedings.  On September 22, 2016, the Court found that "although Plaintiff's need for a pseudonym has not vanished, the prejudice to Defendant Rose and the public's interest in disclosure together weigh against allowing Plaintiff to proceed under a pseudonym at trial."  ECF # 264 at 5.  Again, Ms. Doe fails to present any evidence or cite any authority that alters that balance.  With respect to the harm to Mr. Rose, the Court properly stated:

> Many courts have expressed the concern that allowing a
> plaintiff to proceed under a pseudonym at trial would

communicate a "subliminal comment on the harm the alleged encounter with the defendant has caused the plaintiff." The effect of this "subliminal" suggestion — indeed, it is perhaps more accurately characterized as an overt suggestion, repeated each time Plaintiff is referred to as "Jane Doe" — is likely to be strong enough that a limiting instruction would not sufficiently eliminate the resulting prejudice to Defendant Rose.

ECF # 264 at 4 (citations omitted).

Additionally, "the balance of the public interest has shifted to favor public access and disclosure." ECF # 264 at 5. "Closing the trial would raise First Amendment concerns that have not adequately been briefed. The Court is not willing to violate the First Amendment, or even skirt its edges." *Id.* At the September 20, 2016 Pretrial Conference, the Court stated that whether the media chooses to identify Ms. Doe by her true name is an independent journalistic decision, and that media outlets have been free to make that decision independent of the Court's ruling on her anonymity for purposes of the proceeding.

Ms. Doe's reconsideration motion is even more absurd given that her counsel stipulated to the use of her true name at trial. ECF # 196 (Opp.) at 2 (Ms. Doe's counsel "accepted" proposal "that Plaintiff's true name be revealed at trial to the jury"); ECF # 196-1 (Anand Decl.) ¶ 2 & Ex. A ("we will stipulate and have the Court enter a Stipulated Order that Plaintiff's name be used at Trial inside the Courtroom").[2]

Ms. Doe's *ex parte* motion for reconsideration is frivolous, poses an unnecessary burden on the Court, attempts to reargue issues in violation of the Local Rules, and should be denied.

---

[2] During the August 22, 2016 meet and confer telephonic conference, Ms. Doe's counsel, Mr. McCoy, stated he wanted "as many as five" and predicted there would be "a lot" of media coverage.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

**B.**   **Ms. Doe's Efforts to Try a Sham Case in the Media Are Highlighted by Both the Belated LAPD Letter, and the Testimony of Ms. Carleo, Ms. Lavergne, and Ms. Chavez.**

The undisputed and known facts are provided by three friends of Ms. Doe, all women, each of whom has testified as follows:

1.   ***Claudia Carleo***: Ms. Doe's roommate was home at the same tiny three-bedroom apartment she shared with Ms. Doe on August 27, 2013 at around 2:45 a.m., with the three men. Claudia Carleo's testimony is that she interacted with Ms. Doe's company and directed one of the men to the bathroom, and that Ms. Doe seemed happy and normal in the morning, before leaving for work at 8 a.m., four hours after the consensual sexual intercourse. Ms. Doe was neither drugged nor intoxicated such that she could not carry on a conversation and Ms. Doe was able to get to work in the morning and work a full day.

2.   ***Keyana LaVergne***: Ms. Doe's co-worker, friend, and later roommate testified that Ms. Doe put in a full work day, and that a portion of the work day was spent with Ms. Doe looking at images on the computer of a sex belt, the sex toy that she had with her the evening before, during an evening of consensual sexual intercourse.

3.   ***Gabriela Chavez***: Ms. Doe's friend, who was with Ms. Doe and Mr. Rose in Chicago in May 2013 where consensual sexual activity with Ms. Doe, Mr. Rose, and Ms. Chavez occurred, was with Ms. Doe in September 2013 in Las Vegas, for a three-day weekend of partying two weeks after Ms. Doe's consensual intercourse with Mr. Rose on the evening of August 26-27, 2013. Simply put, Ms. Doe called in sick to work in mid-September 2013 so she could enjoy a three-day "party weekend" in Las Vegas. During that weekend, Ms. Doe told Ms. Chavez that Ms. Doe had sex with Mr. Rose and two of his friends, consensually, and that there was no rape. Indeed, Ms. Doe answered the direct question about rape asked by Ms. Chavez with an unequivocal "no" answer, but did indicate that she was upset that Mr. Rose had not been in touch for a while and that he was okay with her having sex with two other men. A month later,

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

**DEFT DERRICK ROSE'S OPPOSITION TO PLTF'S EX PARTE MOTION FOR RECONSIDERATION OF 9/22/16 ORDER [ECF # 264] PRECLUDING PLAINTIFF'S USE OF A PSEUDONYM AT TRIAL**

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

Ms. Doe changed her story a bit, and her new "story" was that she would sue Mr. Rose because she expected an out of court settlement from him.

Further undisputed facts are as follows:  Ms. Doe waited more than two years to go to the LAPD.  The LAPD never forwarded the file to the prosecuting attorney—as admitted by Ms. Doe's counsel[3]—but purportedly may now do so, particularly in light of the nationwide media blitz orchestrated by Ms. Doe and her sixth lawyer, Mr. McCoy in an effort to smear Mr. Rose without regard to the evidence, pollute the jury pool, and extort a settlement.  The media has a tendency to sensationalize short letters that say "investigation" without regard to whether any arrest or charges have been filed.  Suffice it to say that no arrest has occurred, no charges have been filed, and the LAPD letter very much appears to be the product of a strong desire on the part of Ms. Doe and her counsel to curry favor with the media in an effort to extort a settlement and put pressure on the LAPD to obtain an advantage in this civil proceeding.

## II.     ARGUMENT

### A.     In a Sham Case Like This, the Constitutional Right to a Fair Trial Warrants a Denial of the *Ex Parte* Reconsideration Motion.

Ms. Doe's media blitz has resulted in new witnesses coming forward, with new factual information.  Gabriela Chavez is one of those new witnesses, and there are others coming forward now.  In open and public courtrooms, the 30-year old Ms. Doe does need to recognize that if she and her lawyers are going to sue and ask for millions of dollars, by presenting herself as someone with a loss of consortium claim, she has opened the door to a cross-examination that is better left avoided.  The same is true of Ms. Doe's efforts to present herself as "conservative," "prudish," and "shy" – this opposition brief is not the place to go into Ms. Doe's past, except to say that some

---

[3] *See* ECF 276-1 (Plaintiff's Ex Parte Motion) at 2 ("Counsel for Plaintiff has been informed by Los Angeles Police Department Detective Nadine Hernandez that her investigation of Defendants **will be presented to the Los Angeles District Attorney**.") (emphasis added).

1   plaintiffs are better served by focusing on the evening in question, and avoiding any

2   effort to present herself as a supposedly chaste and naïve and shy person.

3       Consent is a valued and important right.  Every woman has the right to decide the

4   issue of consent for herself.  In this case, consent was freely given.  Indeed, Ms. Doe

5   was very sexually aggressive from the outset and throughout the evening and early

6   morning of August 26-27, 2013, and offered to bring sex toys, another woman, and

7   asked for ecstasy, the sexual enhancement drug, to be part of the evening's activities

8   (but Mr. Rose, Mr. Allen, and Mr. Hampton had no ecstasy and no ecstasy was

9   involved).  Ms. Doe also repeatedly invited the men to her apartment on Washington

10  Blvd. (where they had never been before and she provided them with her address) early

11  that morning and let them into her apartment herself, to continue the night's activities

12  after her female colleague, Jessica Kendra Groff, had been dropped off (leaving Ms.

13  Doe to ride home in a cab alone at 1 a.m. despite Ms. Doe's self-reported intoxication).

14  Each of the women who was with Ms. Doe during the next six hours have testified

15  openly that Ms. Doe never said a rape occurred, and that she was happy and at work for

16  a full shift the next day.  Even two weeks later, Ms. Doe was still openly admitting that

17  she had not been raped by anyone, but that she was upset that Mr. Rose had not been in

18  contact.

19      This is a public courtroom.  By ensuring that consenting and full grown adults

20  like Ms. Doe must identify themselves by their true name in open court, innocent

21  defendants can have equal rights and other witnesses will come forward, and the jury

22  and the public will know the truth.  That is why the motion last week was granted, and

23  it is why this "ex parte" (there is no emergency here) should be denied.

**B.    Motions for Reconsideration Are Disfavored and Rarely Granted, and Ms. Doe's Motion Fails to Present New Facts or Law Since the Court's September 22, 2016 Order.**

27      "[R]econsideration of a previous order is an extraordinary remedy, to be used

28  sparingly in the interests of finality and conservation of judicial resources."  12 James

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

DEFT DERRICK ROSE'S OPPOSITION TO PLTF'S EX PARTE MOTION FOR RECONSIDERATION OF 9/22/16 ORDER [ECF # 264] PRECLUDING PLAINTIFF'S USE OF A PSEUDONYM AT TRIAL

Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2011).  The Ninth Circuit has stated that a "motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009).  A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original).

Local Rule 7-18 sets forth strict requirements for motions for reconsideration, which have not been met here.

> **L.R. 7-18 Motion for Reconsideration**.  A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. **No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion**.

L.R. 7-18 (emphasis added); *see also In re Benham*, No. 13-205, 2013 WL 3872185, at *1–9 (C.D. Cal. May 29, 2013); *Aventis Pharms S A v. Amphastar Pharms., Inc.*, No. 03-887, 2005 WL 5957795, at *2 (C.D. Cal. Mar. 25, 2005) (denying reconsideration

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

**DEFT DERRICK ROSE'S OPPOSITION TO PLTF'S EX PARTE MOTION FOR RECONSIDERATION OF 9/22/16 ORDER [ECF # 264] PRECLUDING PLAINTIFF'S USE OF A PSEUDONYM AT TRIAL**

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

motion that was "merely repeating an argument" movant made previously); *Shah v. County of Los Angeles*, No. 06-7446, 2008 WL 4200603, at *1 (C.D. Cal. Sept. 4, 2008) (denying motion for reconsideration that "failed to show that there is any new evidence, change in the law, or that this Court failed to consider material facts presented to the Court").

Ms. Doe makes only passing reference to these requirements because she cannot satisfy them.  *See McCollum v. California*, No. 04-3339, 2007 WL 1703721, at *1 (N.D. Cal. June 11, 2007) (denying motion for reconsideration that did "not even attempt to comply" with relevant local rule and "merely reargue[d] the issues already presented to the Court").

Nowhere in Ms. Doe's motion does she claim that the Court "fail[ed] to consider material facts" that Ms. Doe previously presented to the Court, or how consideration of those material facts would change the Court's ruling, given the Court's prior two rulings on this issue.  In short, Ms. Doe's motion fails to show any proper basis for reconsideration.  Ms. Doe is "not entitled to a second bite at the apple" and therefore her motion should be denied.  *Target Tech. Co., LLC v. Williams Advanced Materials, Inc.*, No. 04-1083, 2008 WL 5002935, at * 21 (C.D. Cal. Nov. 21, 2008); *see Pegasus Satellite Television, Inc. v. DirecTV, Inc.*, 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004) ("motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent").

### C. <u>Ms. Doe's Motion Is Meritless Because the Court's Well-Reasoned Order Needs No Reconsideration.</u>

As discussed, Ms. Doe's motion is improper, fails to satisfy the requisite legal standard, and should be denied.  Nevertheless, Mr. Rose addresses Ms. Doe's substantive arguments, which in any event, are meritless (and have been fully briefed by the parties and considered by the Court on two prior occasions).

### 1. <u>Any Criminal Investigation, Which Has Been Open Since December 2015 and for Which No Criminal Charges Have</u>

**DEFT DERRICK ROSE'S OPPOSITION TO PLTF'S EX PARTE MOTION FOR RECONSIDERATION OF 9/22/16 ORDER [ECF # 264] PRECLUDING PLAINTIFF'S USE OF A PSEUDONYM AT TRIAL**

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

### Been Filed, Is a Separate Proceeding Independent of This Civil Trial Starting October 4, 2016.

Despite Ms. Doe's contention, no "new material facts" have "emerged regarding a pending criminal investigation and likely criminal prosecution."  ECF # 276-1 at 2. As Ms. Doe herself concedes, this is not a new event—Ms. Doe's counsel's declaration states that Ms. Doe went to the LAPD in 2015 to file her criminal complaint.  ECF #276-2 (Anand Decl.) ¶ 2 ("In August 2015, a criminal complaint was filed by Plaintiff Jane Doe against Defendants Rose, Hampton and Allen.").[4]  California Penal Code section 293.5 does not apply to this civil proceeding, and Ms. Doe's belated reliance on a criminal statute where no criminal charges are pending is misguided.

Ms. Doe first went to the LAPD in December 2015 – nearly 2½ years after the events of August 26-27, 2013, several months after filing this civil suit, and close to a year ago.  No criminal case is pending; no charges have been filed against Mr. Rose, Mr. Hampton, or Mr. Allen.  Ms. Doe's own motion makes clear that Ms. Doe's file was never forwarded to the district attorney.  *See* ECF # 276-1 at 2–3.  There is no change warranting reconsideration.

While Mr. Anand claims that the criminal investigation "has progressed" (ECF # 276-1 at 2) and criminal prosecution is "likely" (*id*.) and that Detective Hernandez is willing to testify in this Court (*id*. at 5), Ms. Doe does not submit a declaration from Detective Hernandez to that effect.  The letter from Detective Hernandez to Mr. Anand simply repeats what the parties have known since December 2015 – that Ms. Doe went to the LAPD in December 2015 and the LAPD opened a criminal investigation at that time that has not since resulted in criminal charges.  That separate criminal investigation will independently run its course.  It does not change the fact that no

---

[4] Ms. Doe's original response to Mr. Rose's interrogatory inquiring when she first complained to law enforcement was "August 2013."  Ms. Doe supplemented her response with "August 2015" and testified that she first went to law enforcement in December 2015.  Doe Tr. 361:19–25.

**DEFT DERRICK ROSE'S OPPOSITION TO PLTF'S EX PARTE MOTION FOR RECONSIDERATION OF 9/22/16 ORDER [ECF # 264] PRECLUDING PLAINTIFF'S USE OF A PSEUDONYM AT TRIAL**

1   criminal charges have been brought against Mr. Rose, Mr. Allen, or Mr. Hampton, and

2   no criminal case against Mr. Rose, Mr. Allen, or Mr. Hampton is pending.

3   Accordingly, there is no change warranting reconsideration of the Court's order.

4   　　　Ms. Doe relied on *People v. Bryant*, 94 P.3d 624, 631 (Colo. 2004) in her

5   previous filing. *See* ECF # 71 at 10. *People v. Bryant* was a criminal case involving a

6   teenage accuser, and criminal charges were brought within weeks after the alleged

7   incident. Ms. Doe is simply and improperly repeating arguments already considered by

8   the Court in violation of the Local Rules. L.R. 7-18.

9   　　　**2.**　　**The Court Properly Weighed Ms. Doe's Desire for**

10   　　　　　**Anonymity Against the Prejudice to Mr. Rose and the**

11   　　　　　**Public's Interest in Disclosure, and Ms. Doe Cites No New**

12   　　　　　**Facts or Law to Change the Court's Analysis.**

13   　　　The Court properly considered Ms. Doe's need for a pseudonym and recognized

14   that Ms. Doe was "vulnerable to harassment" (ECF # 264 at 3) but ultimately

15   concluded that "although Plaintiff's need for a pseudonym has not vanished, the

16   prejudice to Defendant Rose and the public's interest in disclosure together weigh

17   against allowing Plaintiff to proceed under a pseudonym at trial." ECF # 264 at 5.

18   　　　The Court also already carefully considered Ms. Doe's argument repeated again

19   that "[a]llowing her to proceed as 'Jane Doe' will not prejudice the defense if an

20   adequate explanation is provided to the jury." ECF # 276-1 at 4. Ms. Doe made this

21   identical argument in her August 29, 2016 filing. ECF # 196 at 8 ("The Court can give

22   a simple instruction that the use of a pseudonym does not indicate that Defendants are

23   liable; the Court has not determined whether or not the Defendants are liable; and, the

24   jury alone is to resolve the question of whether or not Defendants are liable."). In

25   response, the Court reasoned:

26   　　　　　The effect of this "subliminal" suggestion — indeed, it is

27   　　　　　perhaps more accurately characterized as an overt

28   　　　　　suggestion, repeated each time Plaintiff is referred to as

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

250355.1　　　　　　　　　　　　10　　　　　　Case No. CV 15-7503-MWF(JCx)

1    "Jane Doe" — is likely to be strong enough that a limiting

2    instruction would not sufficiently eliminate the resulting

3    prejudice to Defendant Rose.

4  ECF # 264 at 4.

5       Additionally, "the balance of the public interest has shifted to favor public access

6  and disclosure."  ECF # 264 at 5.  "Closing the trial would raise First Amendment

7  concerns that have not adequately been briefed.  The Court is not willing to violate the

8  First Amendment, or even skirt its edges."  *Id*.  At the September 20, 2016 Pretrial

9  Conference, the Court stated that whether the media chooses to identify Ms. Doe by her

10 true name is an independent journalistic decision, and that media outlets have been free

11 to make that decision independent of the Court's ruling on her anonymity for purposes

12 of this civil proceeding.

13      Ms. Doe argues that "posts which directed threats of serious harm against the

14 Plaintiff have increased exponentially" placing "Plaintiff at risk of serious bodily injury

15 or even death."  ECF # 276-1.  Ms. Doe made these exact arguments in her prior filings.

16 ECF # 71 at 10; ECF # 196 at 9.  Ms. Doe relies on social media comments that appear

17 to discuss the case, but Ms. Doe does not identify any specific, credible threats to her

18 safety.  Ms. Doe's motion submits no declaration from Ms. Doe stating that she has

19 faced any threats or risk of serious bodily injury or death.

20

21

22

23

24

25

26

27

28

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

**DEFT DERRICK ROSE'S OPPOSITION TO PLTF'S EX PARTE MOTION FOR RECONSIDERATION OF 9/22/16 ORDER [ECF # 264] PRECLUDING PLAINTIFF'S USE OF A PSEUDONYM AT TRIAL**

While Ms. Does complains of isolated comments about her in the media and she speculates about harassment from "irrational" fans, it is undisputed that Mr. Rose's name, reputation, and public image are being irreparably tarnished by the pendency of this lawsuit and Ms. Doe's false accusations against him. *See, e.g., Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996) (public humiliation and embarrassment are insufficient grounds for allowing plaintiff in civil suit to proceed anonymously); *Qualls v. Rumsfeld*, 228 F.R.D. 8, 12 (D.D.C. 2005) ("fears of embarrassment . . . do not permit a plaintiff to proceed under a pseudonym"). Ms. Doe "should 'have foreseen' the public scrutiny that accompanies a case such as the one she filed, especially considering [Mr. Rose's] notoriety as a [professional basketball player for the New York Knicks]." *See Doe v. Cabrera*, 307 F.R.D. 1, 6 (D.D.C. 2014). Mr. Rose is a public figure whose private life is subject to heightened scrutiny and the most intimate details about his personal life have been splashed all over these court filings and media accounts.

### D. The Prejudice to Mr. Rose and the Public Interest in Disclosure Continue to Outweigh Ms. Doe's Desire For Anonymity at Trial and Ms. Doe Cites No New Legal Authority or Facts.

As previously briefed and argued and ruled upon, the Court has fairly balanced: (1) a 30-year-old woman's desire for anonymity—despite substantial evidence undermining her credibility and her repeated admissions of untruthfulness on material issues in this case—in the face of her deliberate efforts to seek media attention (*see* ECF # 250) and irreparably damage Mr. Rose's reputation and public image with this fabricated extortionate rape claim; (2) Mr. Rose's right to a fair trial, his ability to fully confront his accuser, and defend himself against highly damaging false accusations; and (3) the constitutional presumption of open court proceedings in order to accurately and fairly report the proceedings and keep the public apprised.

Ms. Doe has not met and cannot meet her requisite burden to show this is the "unusual" case that overcomes the First Amendment guarantee of open court

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

**DEFT DERRICK ROSE'S OPPOSITION TO PLTF'S EX PARTE MOTION FOR RECONSIDERATION OF 9/22/16 ORDER [ECF # 264] PRECLUDING PLAINTIFF'S USE OF A PSEUDONYM AT TRIAL**

proceedings. *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981). Ms. Doe's desire for anonymity does not "outweigh[] prejudice to [Mr. Rose] and the public's interest in knowing [Ms. Doe's] identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Ms. Doe can point to no authority allowing a 30-year old "Jane Doe" to remain anonymous while suing "a public figure of considerable fame and celebrity" (ECF # 99 at 4) who is facing one-sided adverse public scrutiny based on Ms. Doe's false accusations, about which he cannot fairly and fully confront his accuser or apprise the public of the true facts and events. *See, e.g., Cabrera*, 307 F.R.D. at 6–10; *Shakur*, 164 F.R.D. at 361–62.

"Where victims are not minors, courts are generally less inclined to let the alleged victim proceed in litigation under a pseudonym." *Cabrera*, 307 F.R.D. at 7; *Yaman v. U.S. Dep't of State*, 786 F. Supp. 2d 148, 153 (D.D.C. 2011); *Doe v. Eschenbach*, No. 06–2131, 2007 WL 1848013, at *2 (D.D.C. June 27, 2007); *E.E.O.C. v. Spoa, LLC*, No. 13–1615, 2013 WL 5634337, at *3–4 (D. Md. Apr. 2, 2009); *Doe v. De Amigos*, LLC, No. 11–cv–1755, ECF # 24 (D.D.C. Apr. 30, 2012).

In *Shakur*, a sexual assault civil suit against Tupac Shukar that followed his criminal conviction for sexual abuse, the court refused to allow the plaintiff to proceed anonymously. *Id*. at 361. Here, as in *Shakur*, Ms. Doe put her credibility in issue when she chose to file this lawsuit making serious charges. *Id*. "Fairness requires that she be prepared to stand behind her charges publicly." *Shakur*, 164 F.R.D. at 361. Second, this is not a criminal case, but a civil suit for damages, where Ms. Doe "is seeking to vindicate primarily her own interests." *See id*. Third, Mr. Rose "has been publicly accused" and Mr. Rose "would be placed at a serious disadvantage" if he were "required to defend himself publicly while [Ms. Doe] could make her accusations from behind a cloak of anonymity." *See id*. "Finally, the public has a right of access to the courts." *Id*.

The fact that Ms. Doe voluntarily and extensively injected her own statements and those of her attorneys to various media outlets on the eve of trial (*see, e.g.*, ECF #

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

**DEFT DERRICK ROSE'S OPPOSITION TO PLTF'S EX PARTE MOTION FOR RECONSIDERATION OF 9/22/16 ORDER [ECF # 264] PRECLUDING PLAINTIFF'S USE OF A PSEUDONYM AT TRIAL**

250; ECF # 220-1 Ex. A) undermines her argument for anonymity. *Shakur*, 164 F.R.D. at 361; *Cabrera*, 307 F.R.D. at 9.

> The Court is deeply concerned and troubled by the public statement made by the plaintiff—presumably with the plaintiff's consent—to the media after the plaintiff filed the complaint.  It appears that the plaintiff, her attorney, and others operating on her behalf, are attempting to try her case in the media or gain a tactical advantage through their public statements.  Upon the filing of the complaint, the plaintiff and any counsel representing the plaintiff or otherwise acting on her behalf should have remained silent about the case.  Although the court appreciates zealous advocacy, counsel for the plaintiff and other attorneys acting on her behalf should have known better than to publicize the plaintiff's case.

*Cabrera*, 307 F.R.D. at 9 (record citations omitted).

The purpose of open court proceedings is to "protect the public's legitimate interest in knowing all the facts and events surrounding court proceedings." *Doe v. Texaco, Inc.*, No. 06-0280, 2006 WL 2850035, at *6 (N.D. Cal. Oct. 5, 2006).  The public gets a fair and balanced account of the proceedings.  People with probative information can come forward.  *See Cabrera*, 307 F.R.D. at 8.  Jane Doe faces exposure for her false accusations.  Her use of Jane Doe allows her to shield herself from complete cross-examination and gives her a license to commit perjury because she knows that it is unlikely that someone will come forward with the truth.  Ms. Doe's anonymity has unfairly impeded Mr. Rose's ability to impeach her credibility.  If the public knew of her true identity, more witnesses like Gabriela Chavez would have timely come forward with probative evidence.  Ms. Doe's anonymity has impermissibly prevented Mr. Rose from mounting a complete defense.  *See, e.g., Advanced Textile*, 214 F.3d at 1072.

This is a false rape claim.  It's extortion by a Jane Doe who wants to hide behind the cloak of anonymity while seeking millions in damages from a celebrity with whom

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

**DEFT DERRICK ROSE'S OPPOSITION TO PLTF'S EX PARTE MOTION FOR RECONSIDERATION OF 9/22/16 ORDER [ECF # 264] PRECLUDING PLAINTIFF'S USE OF A PSEUDONYM AT TRIAL**

1  she was in a long-term nonexclusive consensual sexual relationship.  From the outset of

2  the case, Jane Doe has enjoyed the safeguards in place to protect her identity from

3  being disclosed.  By proceeding with this case anonymously and filing information

4  under seal, Ms. Doe has been able to prevent the public from learning the true facts and

5  events.  Despite overwhelming evidence that she has fabricated this claim against Mr.

6  Rose, the balance of interests thus far has been one-sided—overwhelmingly favorable

7  to Jane Doe at Mr. Rose's expense.  Based on a totality of the circumstances balancing

8  test, Mr. Rose requests that the Court preclude Plaintiff's use of the Jane Doe

9  pseudonym at trial.  No objective evidence of rape exists, and all objective evidence

10  proves consent.

11      The public's interest in the case is best served by requiring that Ms. Doe reveal

12  her identity.  *See, e.g., Shakur*, 164 F.R.D. at 361; *Doe v. Frank*, 951 F.2d 320, 323

13  (11th Cir. 1992); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (plaintiff's privacy

14  right must outweigh the "customary and constitutionally-embedded presumption of

15  openness in judicial proceedings").

16      Ms. Doe's extensive efforts to seek pretrial publicity is exactly the reason that the

17  public and the press have a right to know who is using the public court system that we

18  all pay for.  Ms. Doe's intent is to use the media and her anonymity to damage Mr.

19  Rose's public image as part of her effort to extort a settlement payment.  The fair way

20  to prevent that sort of misuse of the court system and manipulation of media coverage

21  is for the press to be allowed to use her true name.

22      Ms. Doe provides no legal authority to overcome the constitutional presumption

23  of open court proceedings.   Nor does Ms. Doe reconcile her extensive pretrial

24  interviews, 90-minute national press conference, her requests for pretrial TV

25  interviews, and her desire for "as many as five cameras" in the courtroom with her

26  request for anonymity.  Given the overwhelming evidence demonstrating that this is a

27  fabricated claim to extort money from a wealthy former lover, the Court should be

28  mindful of (1) the prejudice to Mr. Rose as a result of the one-sided media scrutiny of

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

**DEFT DERRICK ROSE'S OPPOSITION TO PLTF'S EX PARTE MOTION FOR RECONSIDERATION OF 9/22/16 ORDER [ECF # 264] PRECLUDING PLAINTIFF'S USE OF A PSEUDONYM AT TRIAL**

1  this case; and (2) the constitutional right of the public and media to assess the

2  credibility of Jane Doe's allegations, thoroughly fact-check, and accurately report in a

3  fair and balanced manner.

4       In any event, no case cited in the Court's order relating to pretrial proceedings

5  applies to the facts here.  Ms. Doe's desire to proceed anonymously runs afoul of the

6  public's common law right of access to judicial proceedings.  *Nixon v. Warner*

7  *Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978); *E.E.O.C. v. Erection Co.*, 900 F.2d 168,

8  169 (9th Cir. 1990).

9       "The use of fictitious names is disfavored, and the judge has an independent duty

10  to determine whether exceptional circumstances justify such a departure from the

11  normal method of proceeding in federal courts."  *Doe v. Blue Cross & Blue Shield*

12  *United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) (Posner, J.).  "The people have a right

13  to know who is using their courts."  *Id*.  There, the court held that the fact that the case

14  involved psychiatric records was an insufficient justification for allowing the use of a

15  fictitious name; should specific material be highly embarrassing, an appropriate part of

16  the judicial record could be sealed.  *Id*.  Although this case states in dicta that "fictitious

17  names are allowed when necessary to protect the privacy of children, rape victims, and

18  other particularly vulnerable parties or witnesses" (*id.*), fictitious names are not allowed

19  to encourage the filing of false rape accusations, particularly when, as here, Jane Doe is

20  conducting a nationwide media blitz on the eve of trial.  *See* ECF # 250.

21       In *Advanced Textile*, the Ninth Circuit allowed foreign garment workers who

22  sued under the Fair Labor Standards Act to use fictitious names because they faced "an

23  objectively reasonable fear of extraordinarily severe retaliation," including termination,

24  deportation, arrest, and imprisonment.  *Advanced Textile*, 214 F.3d at 1063.

25  Nonetheless, the *Advanced Textile* court stated:  "We recognize that the balance

26  between a party's need for anonymity and the interests weighing in favor of open

27  judicial proceedings may change as the litigation progresses."  *Id.* at 1069.  The Ninth

28  Circuit set forth three factors: "(1) the severity of the threatened harm; (2) the

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

**DEFT DERRICK ROSE'S OPPOSITION TO PLTF'S EX PARTE MOTION FOR RECONSIDERATION OF 9/22/16 ORDER [ECF # 264] PRECLUDING PLAINTIFF'S USE OF A PSEUDONYM AT TRIAL**

1   reasonableness of the anonymous party's fears; and (3) the anonymous party's

2   vulnerability to such retaliation." *Id.* at 1068–69.

3         In *Cabrera*, a 27-year-old female alleged that she was brutally raped by a

4   professional baseball player. She "'continued to experience extreme physical pain and

5   bleeding' from her genitalia," so she "'went to the Washington Hospital Center for a

6   Sexual Assault Forensic Examination ("SAFE") [,]' which revealed several injuries to

7   her genitalia." *Cabrera*, 307 F.R.D. at 3. Despite being "deeply concerned and

8   troubled by" her public comments in the media about the case (*id.* at 9), the court

9   allowed her to proceed anonymously for pretrial proceedings only. *Id.* at 10.

10              If, however, a trial is ultimately needed to resolve this
11              dispute, then the defendant's ability to receive a fair trial
                will likely be compromised if the Court allows the plaintiff
12              to continue using a pseudonym, as the jurors may construe
                the Court's permission for the plaintiff to conceal her true
13              identity as a subliminal comment on the harm the alleged
14              encounter with the defendant has caused the plaintiff.
                Therefore, if this case proceeds to trial, the plaintiff will not
15              be allowed to use a pseudonym.

16

17   *Id.* at 10 (citation omitted); *see id.* at 2 n.2. *Cabrera*'s rationale applies here, even more

18   so, because Ms. Doe's case lacks any indicia of reliability that typically accompanies a

19   sexual assault case. Unlike the anonymous plaintiff in *Cabrera*—who reported

20   physical injuries and immediately went to the hospital for a Sexual Assault Forensic

21   Examination—Ms. Doe has no such contemporaneous evidence to substantiate her

22   claim.

23         In *Doe v. Penzato*, No. 10-5154, 2011 WL 1833007 (N.D. Cal. May 13, 2011),

24   the plaintiff alleged human trafficking and other claims against her employer, and

25   claimed that she and other victims of violence residing with her in transitional housing

26   feared retaliation. At an early stage of the litigation, she moved to proceed

27   anonymously. *Id.* at *1–2. There, the court noted that the defendants conceded they

28   were not prejudiced. "As Defendants themselves state, despite being publicly named in

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

17

**DEFT DERRICK ROSE'S OPPOSITION TO PLTF'S EX PARTE MOTION FOR RECONSIDERATION OF 9/22/16 ORDER [ECF # 264] PRECLUDING PLAINTIFF'S USE OF A PSEUDONYM AT TRIAL**

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

1  this case, they have not been approached by media or any other interested parties with
2  inquiries about this litigation." *Id*. at *4.  In contrast here, Mr. Rose is a public figure
3  who has been significantly prejudiced, and is under intense media and public scrutiny
4  as a result of Ms. Doe's false accusations against him.

5       In *Alyssa C. v. Palo Alto Housing Corp.*, No. 07-1112, 2007 WL 878524 (N.D.
6  Cal. Mar. 20, 2007), the court, citing the *Advanced Textile* factors, found that the
7  plaintiff had not provided specific facts sufficient for the court to makes findings about
8  the severity of the threatened harm; the reasonableness of her fear; or her vulnerability
9  to retaliation." *Id*. at *2; *cf. Erection*, 900 F.2d at 170–72 (Reinhardt, J., concurring).
10  Similarly here, Jane Doe's claims are false and she cannot articulate specific facts
11  showing an objectively reasonable fear of harm or retaliation if she proceeds under her
12  true name because they do not exist.

13       *Roe v. St. Louis University*, No. 08-cv-1474, 2009 WL 9101738 (E.D. Mo. Apr.
14  2, 2009), decided at the motion to dismiss stage, involved a student's rape claim against
15  the university, where the plaintiff immediately reported the incident and the university
16  conducted a timely investigated.  *Id*. at 1.  Here, Ms. Doe is not a student but a 30-year-
17  old woman, there was no contemporaneous report or investigation of her allegations,
18  and she sued a high-profile celebrity, not a university.   This consideration is
19  "significant because governmental bodies do not share the concerns about 'reputation'
20  that private individuals have when they are publicly charged with wrongdoing."
21  *Shakur*, 164 F.R.D. at 361 n.1; *see Yaman*, 786 F. Supp. 2d at 153; *De Amigos*, ECF #
22  24 at 4; *Cabrera*, 307 F.R.D. at 8; *Doe v. Von Eschenbach*, No. 06-2131, 2007 WL
23  1848013, at *2 (D.D.C. June 27, 2007).

24       *E.E.O.C. v. Spoa, LLC*, No. 13-1615, 2013 WL 5634337 (D. Md. 2013), a sexual
25  harassment suit against an employer, ruled that the plaintiff "shall appear under her
26  legal name in open court."  *Id*. at *3.  "[B]ecause Doe will appear under her legal name
27  in open court, there is no risk that the court's limited grant of anonymity would

28

**DEFT DERRICK ROSE'S OPPOSITION TO PLTF'S EX PARTE MOTION FOR RECONSIDERATION OF 9/22/16 ORDER [ECF # 264] PRECLUDING PLAINTIFF'S USE OF A PSEUDONYM AT TRIAL**

1  implicitly influence the jury should this case advance to trial." *Id.  Spoa* supports Mr.

2  Rose's position.

3      *Spoa* relies on a "discretionary, case-by-case" analysis set forth in *James v.*

4  *Jacobson*, 6 F.3d 233, 242 (4th Cir. 1993), which identifies five non-exclusive factors

5  to guide the trial court's discretion:

> [1] whether the justification asserted by the requesting
> party is merely to avoid the annoyance and criticism that
> may attend any litigation or is to preserve privacy in a
> matter of sensitive and highly personal nature; [2] whether
> identification poses a risk of retaliatory physical or mental
> harm to the requesting party or even more critically, to
> innocent non-parties; [3] the ages of the persons whose
> privacy interests are sought to be protected; [4] whether the
> action is against a governmental or private party; and [5],
> relatedly, the risk of unfairness to the opposing party from
> allowing an action against it to proceed anonymously.

14  *Jacobson*, 6 F.3d at 238–39; *Nat'l Ass'n of Waterfront Emp'rs*, 587 F. Supp. 2d 90, 99

15  (D.D.C. 2008).  Four of these factors unquestionably weigh against Jane Doe in this

16  case.  And because Ms. Doe's accusations are false, and because she is actively seeking

17  out pretrial media attention to influence public opinion and potential jurors, the first

18  factor cannot outweigh the substantial prejudice to Mr. Rose in defending against false

19  rape accusations.

20      Jane Doe has not met and cannot meet her requisite burden to show this is the

21  "unusual" (*Doe*, 655 F.2d at 922 n.1) or "exceptional" (*Waterfront*, 587 F. Supp. 2d at

22  99)

23  case that entitles her to the "rare dispensation" that her identity remain sealed

24  (*Jacobson*, 6 F.3d at 238).   Jane Doe's desire for (selective) anonymity (at her

25  convenience) does not "outweigh[] prejudice to [Mr. Rose] and the public's interest in

26  knowing [Ms. Doe's] identity." *Advanced Textile*, 214 F.3d at 1068.  No case involves

27  a 30-year-old woman suing "a public figure of considerable fame and celebrity" (ECF #

28  99 at 4) who is facing one-sided adverse public scrutiny based on Ms. Doe's false

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

**DEFT DERRICK ROSE'S OPPOSITION TO PLTF'S EX PARTE MOTION FOR RECONSIDERATION OF 9/22/16 ORDER [ECF # 264] PRECLUDING PLAINTIFF'S USE OF A PSEUDONYM AT TRIAL**

1  accusations, about which he cannot fairly and fully confront his accuser or apprise the

2  public of the true facts and events.

3      **E.**    **Ms. Doe Failed to Comply with the Local Rules Governing *Ex***

4              **_Parte_ Applications.**

5      Not only are motions for reconsideration disfavored, *ex parte* applications are

6  also disfavored and rarely granted. *See Mission Power Engineering v. Cont'l Casualty*

7  *Co.*, 883 F. Supp. 488, 490–91 (C.D. Cal. 1995). The Local Rules and this Court set

8  forth specific requirements, which were not satisfied here.

9      Ms. Doe did not make reasonable, good faith efforts to advise all counsel of the

10  application, did not state whether any other counsel opposes the application, and did not

11  file a proposed order. L.R. 7-19. Mr. Anand notified Mr. Rose's counsel via email at

12  1:18 p.m. Friday, September 23, 2016, and Mr. Rose's counsel responded via email at

13  2:47 p.m. with his availability to discuss the proposed motion. With no further

14  response from Ms. Doe's counsel, Ms. Doe simply filed her ex parte motion for

15  reconsideration Sunday evening, September 25, 2016. Baute Decl. ¶ 2 & Ex. A.

16      Additionally, this Court's rules posted on the Court's website require that "the

17  application should advise whether opposing counsel will be filing opposition" and that

18  Ms. Doe's counsel "shall notify the opposing party that opposition papers must be filed

19  no later than 24 hours (or one court day) following such service." Ms. Doe's counsel

20  failed to do so. Additionally: "Applications that fail to conform to Local Rule 7-19 and

21  7-19.1, including a statement of opposing counsel's position, will not be considered."

22  Finally: "Sanctions may be imposed for misuse of ex parte applications."

23  **III.**    **CONCLUSION**

24      Ms. Doe's *ex parte* motion for reconsideration should be denied.

25

26

27

28

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

**DEFT DERRICK ROSE'S OPPOSITION TO PLTF'S EX PARTE MOTION FOR RECONSIDERATION OF 9/22/16 ORDER [ECF # 264] PRECLUDING PLAINTIFF'S USE OF A PSEUDONYM AT TRIAL**

1    DATED:  September 27, 2016          BAUTE CROCHETIERE & GILFORD LLP

2

3

4                                       By:  /s/ Mark D. Baute

5                                            MARK D. BAUTE
                                             COURTNEY A. PALKO
6                                            Attorneys for Defendant
                                             DERRICK ROSE, an individual
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

**DEFT DERRICK ROSE'S OPPOSITION TO PLTF'S EX PARTE MOTION FOR RECONSIDERATION OF 9/22/16 ORDER [ECF # 264] PRECLUDING PLAINTIFF'S USE OF A PSEUDONYM AT TRIAL**

# PROOF OF SERVICE

**JANE DOE v. DERRICK ROSE**
Case No. CV 15-7503-MWF(JCx) [2235.1]

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 777 South Figueroa Street, Suite 4900, Los Angeles, CA 90017.

On this date below, I served true copies of the following document(s) described as **DEFENDANT DERRICK ROSE'S OPPOSITION TO PLAINTIFF'S EX PARTE MOTION FOR RECONSIDERATION OF SEPTEMBER 22, 2016 ORDER [ECF # 264] PRECLUDING PLAINTIFF'S USE OF A PSEUDONYM AT TRIAL** on the interested parties in this action as follows:

### (**SEE ATTACHED SERVICE LIST**)

☒      **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 27, 2016, at Los Angeles, California.

/s/ Courtney A. Palko
COURTNEY A. PALKO

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

## SERVICE LIST

**JANE DOE v. DERRICK ROSE**
Case No. CV 15-7503-MWF(JCx) [2235.1]

Brandon J. Anand, Esq.                  *Attorneys for Plaintiff*
ANAND LAW, PC                           *JANE DOE*
5455 Wilshire Blvd., Suite 1812
Los Angeles, CA  90036
Telephone:  (323) 325-3389
Fax:  (323) 488-9659
E-mail:  brandon@anandlaw.com;
info@anandlaw.com

Waukeen Q. McCoy, Esq.                  *Attorneys for Plaintiff*
McCOY LAW FIRM P.C.                      *JANE DOE*
555 Montgomery Street, Suite 1100
San Francisco, CA  94111
Telephone:  (415) 675-7705
Fax:  (415) 675-2530
E-mail:  mail@mccoyslaw.com

Thaddeus J. Culpepper, Esq.             *Attorneys for Plaintiff*
CULPEPPER LAW GROUP                      *JANE DOE*
3818 Crenshaw Blvd., Suite 905
Los Angeles, CA 90008
Telephone: (310) 997-0806
E-mail: culpepper@alumni.pitt.edu

Patrick M. Maloney, Esq.                *Attorneys for Defendants*
THE MALONEY FIRM, APC                    *RANDALL HAMPTON and RYAN*
2381 Rosecrans Avenue, Suite 405         *ALLEN*
El Segundo, California 90245
Telephone:  (310) 540-1505
Fax:  (310) 540-1507
E-mail:  pmaloney@maloneyfirm.com

Michael D. Monico, Esq.                 *Attorneys for Defendants*
Barry A. Spevack, Esq.                   *RANDALL HAMPTON and RYAN*
MONICO & SPEVACK                         *ALLEN*
20 S. Clark Street, Suite 700
Chicago, IL  60603
Telephone: (312) 782-8500
Fax: (312) 759-2000
E-mail: mm@monicolaw.com