**BAUTE CROCHETIERE & GILFORD LLP**
MARK D. BAUTE (State Bar No. 127329)
mbaute@bautelaw.com
COURTNEY A. PALKO (State Bar No. 233822)
cpalko@bautelaw.com
777 South Figueroa Street, Suite 4900
Los Angeles, California 90017
Telephone: (213) 630-5000
Facsimile: (213) 683-1225

*Attorneys for Defendant*
DERRICK ROSE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JANE DOE (A Pseudonym),<br><br>Plaintiff,<br><br>v.<br><br>DERRICK ROSE, an Individual; RANDALL HAMPTON, an Individual; RYAN ALLEN, an Individual; and DOES 1-10 Inclusive,<br><br>Defendants. | **Case No. CV 15-7503-MWF(JCx)**<br><br>Complaint Filed:  August 26, 2015<br><br>**DEFENDANT DERRICK ROSE'S MOTION TO DISMISS FOR ABUSE OF PROCESS OR FOR MISTRIAL, SANCTIONS, ADDITIONAL EXAMINATION OF PLAINTIFF, JURY ADMONITION RE PLAINTIFF'S MANIPULATION AND WITHHOLDING OF PROBATIVE EVIDENCE, AND EXCLUSION OF PLAINTIFF'S UNTIMELY DISCLOSED EXHIBITS:** ███<br>███████<br><br>**TRIAL:**<br>Date:       October 4, 2016<br>Time:      8:30 a.m.<br>Location: Courtroom 1600<br><br>Hon. Michael W. Fitzgerald |

**[FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT [ECF 327]**

**DATED OCTOBER 11, 2016.]**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................ 1

II. STATEMENT OF FACTS ........................................................................... 1

III. ARGUMENT ............................................................................................... 4

    A. Plaintiff's Willful Abuse of Process Merits Dismissal. .......................... 4

    B. Alternatively, the Court Should Grant a Mistrial and Issue Sanctions in the Form of Attorneys' Fees. ............................................. 5

    C. At Minimum, Mr. Rose Requests Two Hours of Additional Cross-Examination of Plaintiff about the Withheld Text Exchanges and a Jury Admonition Explaining Plaintiff's Misconduct. ............................................................................................ 6

    D. The Court Should Exclude Plaintiff's Untimely Disclosed Exhibits Other than Plaintiff's Exhibit 1 (Pages 1 and 2) and Exhibit 2. ...................................................................................... 6

    [REDACTED] ........ 9

IV. CONCLUSION .......................................................................................... 11

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

251258.1      i      Case No. CV 15-7503-MWF(JCx)

**DEFENDANT DERRICK ROSE'S MOTION TO DISMISS, ET AL.**

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Abraham v. County of Greenville, South Carolina*,
    237 F.3d 386 (4th Cir. 2001) ................................................................. 5

*Campbell Indus. v. M/V Gemini*,
    619 F.2d 24 (9th Cir. 1980) ................................................................ 7, 8

*Chambers v. NASCO, Inc.*,
    501 U.S. 32 (1991) ............................................................................... 5

*Langer v. Monarch Life Ins. Co.*,
    966 F.2d 786 (3d Cir. 1992) ................................................................. 6

*Lasar v. Ford Motor Co.*,
    399 F.3d 1101 (9th Cir. 2005) ............................................................. 6

*Moore v. Citgo Ref. & Chems. Co., LP*,
    735 F.3d 309 (5th Cir. 2013) ............................................................... 5

*Projects Mgmt. Co. v. Dyncorp Int'l LLC*,
    734 F.3d 366 (4th Cir. 2013) ............................................................... 5

*United States v. Shaffer Equip. Co.*,
    11 F.3d 450 (4th Cir. 1993) ................................................................. 5

*United States v. W.R. Grace*,
    526 F.3d 499 (9th Cir. 2008) ............................................................ 7, 8

*Valentin v. Dinkins*,
    121 F.3d 72 (2d Cir. 1997) .................................................................. 5

*Walter Int'l Prods., Inc. v. Salinas*,
    650 F.3d 1402 (11th Cir. 2011) ....................................................... 7, 8

*Wyle v. R.J. Reynolds Indus., Inc.*,
    709 F.2d 585 (9th Cir. 1983) ............................................................... 5


**STATUTES**

Fed. R. Civ. P. 26(a) or (e) ........................................................................... 8

Fed. R. Civ. P. 37(b)(2)(A)(v) ..................................................................... 5

Fed. R. Civ. P. 37(c)(1) ............................................................................ 7, 8

Fed. R. Civ. P. 41(b) .................................................................................... 5

Fed. R. Evid. 402 ........................................................................................................ 7

Fed. R. Evid. 403 .................................................................................................... 7, 8

Local Rule 16-6 ......................................................................................................... 7

**MISCELLANEOUS**

ABA Model Rule 3.4 ................................................................................................. 5

## I. INTRODUCTION

Mr. Rose files this motion to dismiss the case for abuse of process after discovering on the fourth day of trial that Plaintiff intentionally manipulated and withheld probative evidence (and lied during her trial testimony about the substance of that evidence). Alternatively, Mr. Rose seeks a mistrial, sanctions, two hours of additional cross-examination of Plaintiff (one hour for Mr. Rose's counsel, and one hour for counsel for Mr. Hampton and Mr. Allen), and a jury admonition that defense counsel has been prejudiced by Plaintiff's production of evidence four days into trial in an effort to gain an advantage at trial.

## II. STATEMENT OF FACTS

On October 7, 2016, Plaintiff's counsel first provided counsel for Mr. Rose, Mr. Allen, and Mr. Hampton with one copy of a loose pile of papers purporting to be Plaintiff's trial exhibits. Trial started on October 4, 2016, and defense counsel had not yet seen or been provided with any of Plaintiff's trial exhibits. Plaintiff's trial exhibits are not the same as the exhibit list previously exchanged and filed with the Court on August 30, 2016 (ECF # 208) or Plaintiff's belated exhibit list filed September 2, 2016 (ECF # 222). Nor were Plaintiff's trial exhibits identified by Bates number designations.

Plaintiff's "Binder Tab 1" identified as Plaintiff's Exhibit 4 purports to be the text exchanges between Ms. Doe and Mr. Rose on August 26-27, 2013, the date of the alleged incident:

| No. of Ex. | Description | Date Identified | Date Admitted | Binder Tab No. |
|---|---|---|---|---|
| 4 | Excerpts of Text Messages Between Plaintiff and Defendant Rose (also referenced as Exhibit 500 in the Deposition of Derrick Rose, June 17, 2016 and | 11/29/2015 | 5/12/2016 | 1 |

| | referenced as Exhibit 2 in the Deposition of Defendant Randall Hampton, May 13, 2016) | | | |
|---|---|---|---|---|

The document Plaintiff identified as "Binder Tab 1" includes four text messages never previously produced in this case. For example, the following texts are included on the document entitled "Binder Tab 1" but were omitted from Plaintiff's production of documents of the text exchanges between Ms. Doe and Mr. Rose (Doe_Production_Set_One_112 – Doe_Production_Set_One_127).[1] These omitted texts include the following exchanges on August 26:

| 12:59 PM | **DERRICK:** | ███████████████████ |
|---|---|---|
| 1:02 PM | **MS. DOE:** | ███████████████████ |

And, more significantly, the texts from August 27 that were deliberately withheld are highly probative:

| 1:36 AM | **MS. DOE:** | ███████████████████ ███████████ |
|---|---|---|
| 10:03 PM | **MS. DOE:** | "When are u making the deposit, I need to give some cash to kendra as well she has been calling and texting me." |

The 1:36 a.m. text shows that:



---

[1] Mr. Rose did not save any of his text exchanges with Ms. Doe from three years ago, and he testified that he's changed his number numerous times since 2013. Plaintiff saved her text exchanges with Mr. Rose. The parties relied on Plaintiff's production of text exchanges in litigating this case.



Additionally, the 10:03 p.m. text shows:

1. At 10 p.m. on August 27, 2013, Ms. Doe is only concerned about getting money from Mr. Rose.
2. Ms. Doe has contemporaneous probative text exchanges with Kendra that she failed to produce in this case.

This is consistent with Plaintiff's pattern of misconduct in this case. Plaintiff withheld the relevant text exchanges despite Mr. Rose's document requests until Plaintiff was tripped up at her deposition and discovered their existence. Mr. Rose had to seek a court order to reopen Plaintiff's deposition to question her about the withheld text exchanges. That second deposition of Plaintiff took place on June 14, 2016. Now, on the fourth day of trial, Plaintiff produced several new text exchanges that were deleted from the text exchanges belatedly produced by Plaintiff during discovery.

Additionally, Plaintiff provided false interrogatory responses about when she first went to law enforcement. In her verified response to Interrogatory No. 15 on November 27, 2015, she responded: "August 2013." Her response to Interrogatory No. 16, which requested "a full explanation as to how and why [she] delayed

complaining to law enforcement for more than two years after the alleged rape" was: "Not applicable." On May 2, 2016, she amended her verified response to Interrogatory No. 15 to state: "On or about August 31, 2015 at 9:21 A.M." She testified at her deposition that the actual date was December 2015. At trial, she testified that she spoke with law enforcement after she filed her civil lawsuit but did not file a criminal complaint until December 2015.

During her trial testimony, Plaintiff has admitted repeatedly to lying about nearly every material fact in this case. She admitted that she lied about ████████; she lied about her friend wanting ecstasy; she lied about ████████; she lied about missing work the next day; she lied about when she first went to law enforcement; she lied about getting ████████; she lied that Mr. Rose owed her $269 for ████ she didn't buy and cab fare she didn't pay for. She admitted that she failed to produce a credit card statement showing she paid for cab fare; she failed to produce relevant text exchanges with Kendra; she failed to produce any photos of the alleged burns on her hands (which she either first noticed when she showered or when she drove to work or when she was at work); she failed to produce a bloody blanket; she failed to produce condoms or condom wrappers she discovered, her black dress, or lubricant-covered sheets.

Moreover, Plaintiff and her counsel have deliberately and repeatedly violated the Court's order regarding Federal Rule of Evidence 412 (ECF # 304). The Court has stricken the statements from the record and admonished the jury to disregard them. But the damage is done and Plaintiff's counsel has made it clear that they want to and intend to get certain information before the jury in blatant violation of the Court's order, which is in place to protect alleged sexual assault victims.

## III. ARGUMENT

### A. Plaintiff's Willful Abuse of Process Merits Dismissal.

Federal courts have inherent power to dismiss an action as a sanction against parties for "bad faith" conduct in litigation or for "willful disobedience" of a court

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

1  order.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461–62 (4th Cir. 1993).  Moreover, the court has statutory authority to dismiss an action for failure to comply with the Federal Rules of Civil Procedure; or failure to comply with court orders, and such a dismissal operates as an adjudication on the merits.  Fed. R. Civ. P. 41(b); *see also* Fed. R. Civ. P. 37(b)(2)(A)(v).  Dismissal is a permissible sanction when the sanctioned party's misconduct is related to the merits of the case.  *See Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 591 (9th Cir. 1983); *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997); *Projects Mgmt. Co. v. Dyncorp Int'l LLC*, 734 F.3d 366, 374–77 (4th Cir. 2013) (affirming dismissal as sanction for discovery malfeasance where plaintiff provided false answers to interrogatories, provided false deposition testimony, withheld relevant documents during discovery, and made late disclosures of material significance that continued until day before trial); *Moore v. Citgo Ref. & Chems. Co., LP*, 735 F.3d 309, 316–17 (5th Cir. 2013).

Plaintiff should not be allowed to play fast and loose with discovery rules and Court orders.  Nor can she be permitted to keep lying her way through this trial.  It is egregious that she again withheld probative text exchanges from the evening at issue—until trial—after this Court had already compelled a second deposition in June 2016 after Plaintiff wrongfully withheld these text exchanges during discovery.  Plaintiff and her counsel have deliberately concealed probative evidence in this case and dismissal is warranted.

**B.     Alternatively, the Court Should Grant a Mistrial and Issue Sanctions in the Form of Attorneys' Fees.**

An attorney must not "obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value."  ABA Model Rule 3.4; *see Abraham v. County of Greenville, South Carolina*, 237 F.3d 386, 392–93 (4th Cir. 2001) (mistrial proper where crucial evidence concealed by county's failure to adequately respond to discovery requests).

Violation of an *in limine* order, occurring during any phase of the trial, may be ground for a mistrial. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1105–07, 1114–15 (9th Cir. 2005). Plaintiff and her counsel have deliberately concealed probative evidence in this case and sanctions are warranted.

### C. At Minimum, Mr. Rose Requests Two Hours of Additional Cross-Examination of Plaintiff about the Withheld Text Exchanges and a Jury Admonition Explaining Plaintiff's Misconduct.

Mr. Rose requests that Plaintiff return to the stand for two hours of additional cross-examination about the withheld text exchanges (one hour for Mr. Rose's counsel, and one hour for counsel for Mr. Allen and Mr. Hampton). Additional questioning is particularly necessary to determine why these texts were withheld during discovery, whether Plaintiff was responsible for the manipulation, whether the texts have been otherwise manipulated, deleted, or withheld, and whether additional texts exist. Moreover, Mr. Rose's counsel is entitled to question Plaintiff about why she lied about the substance of the wrongfully withheld text exchanges, ███████████████████████████████████████████████████ and that at 10 p.m. on the evening of August 27, 2013, Plaintiff was only concerned about receiving payment from Mr. Rose.

Here, because Plaintiff has engaged in flagrant and repeated misconduct, Mr. Rose requests that the Court reprimand Plaintiff and her attorneys in front of the jury, explain that they wrongfully withheld and manipulated probative evidence, and to admonish them against continuing such misconduct. *See Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 811 (3d Cir. 1992).

### D. The Court Should Exclude Plaintiff's Untimely Disclosed Exhibits Other than Plaintiff's Exhibit 1 (Pages 1 and 2) and Exhibit 2.

On October 7, 2016 (the fourth day of trial), Plaintiff's counsel first provided counsel for Mr. Rose, Mr. Allen, and Mr. Hampton with a single incomplete loose

set of papers purporting to be Plaintiff's trial exhibits. Plaintiff's trial exhibits do not match the document productions or the exhibit lists previously exchanged and filed with the Court. Nor do Plaintiff's exhibits include Bates designations. Plaintiff's Binder Tabs 3, 4, 13, 16, and 17 are missing; Binder Tab 6 is not the referenced pleading but has been retyped and is incomplete; Binder Tabs 7 and 8 do not include the date or verification; defense counsel has never seen Binder Tabs 9 and 10 before; Plaintiff has two different photographs marked Binder Tab 11. The demonstrative marked as Plaintiff's exhibit which Plaintiff's counsel used at opening and during examination of Plaintiff is omitted.

Mr. Rose requests that the Court exclude Plaintiff's exhibits on the grounds that they were untimely provided to defense counsel and did not provide defense counsel adequate time to review and prepare, are cumulative, relate to collateral issues that will be unduly time consuming and confusing to the jury. *See, e.g.*, ECF # 46; L.R. 16-6; Fed. R. Evid. 402, 403; Fed. R. Civ. P. 37(c)(1); *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc); *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980); *Walter Int'l Prods., Inc. v. Salinas*, 650 F.3d 1402, 1415 (11th Cir. 2011).

This Court's amended jury trial order entered on February 25, 2016 (ECF # 46) required the parties to file and serve a joint exhibit list on August 30, 2016 (ECF # 208). Plaintiff's amended exhibit list was disclosed more than five weeks late, and includes irrelevant, cumulative, and time-consuming material unrelated to the issues of consent. Plaintiff's newly disclosed exhibit list is inadequate, incomplete, and entirely too late.

Mr. Rose requests that Plaintiff be precluded from offering any untimely disclosed exhibits at trial because Mr. Rose would be unfairly prejudiced by the late, incomplete disclosure, and because Plaintiff's exhibits are untrustworthy and irrelevant under Federal Rule of Evidence 402, without any probative value to any of the issues remaining for trial, and any minimal relevance is substantially

1 outweighed by a danger or unfair prejudice in light of Plaintiff's delay and violation
2 of the Court's scheduling order, undue delay, wasting time, and needlessly
3 presenting cumulative evidence under Federal Rule of Evidence 403.

4     Failure to timely provide information is a serious violation of the Federal
5 Rules of Civil Procedure, warranting preclusion of evidence at trial.

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1); *see also Campbell*, 619 F.2d at 27 (noting that "[f]ew would question a court's inherent power to discipline breaches of Rule 26(e), even in the absence of a court order").

    Here, Plaintiff failed to disclose her trial exhibits until four days into trial. She didn't even previously disclose her intention to use several of these exhibits. Trial has now begun, and Mr. Rose has been denied an opportunity to review and investigate the exhibits and to prepare his defense. Plaintiff has violated Rule 26(a), and that failure is neither substantially justified nor harmless.

    This Court should impose the requested sanction. *Campbell*, 619 F.2d at 27. The Court "has broad authority 'to control the pace of litigation before it.'" *Walter Int'l Prods.*, 650 F.3d at 1415; *see W.R. Grace*, 526 F.3d at 509 (en banc) ("[A] district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

1  Plaintiff's unreasonable and unexcused failure to identify and exchange her
2  trial exhibits has seriously prejudiced Mr. Rose, who could not adequately prepare
3  for trial. Plaintiff's exhibits should not be admitted as evidence.

[Lines 4–28 redacted]

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

251258.1

9

Case No. CV 15-7503-MWF(JCx)

**DEFENDANT DERRICK ROSE'S MOTION TO DISMISS, ET AL.**



## IV. CONCLUSION

This case should be dismissed for abuse of process. Alternatively, the Court should grant a mistrial and issue sanctions in the form of attorneys' fees. At minimum, Mr. Rose requests two hours of additional cross-examination of Plaintiff (one hour for Mr. Rose's counsel, and one hour for counsel for Mr. Hampton and Mr. Allen), and a jury admonition that defense counsel has been prejudiced by Plaintiff's production of evidence four days into trial in an effort to gain an advantage at trial. Additionally, Plaintiff's untimely disclosed exhibits should be excluded. ██████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████

DATED: October 10, 2016           BAUTE CROCHETIERE & GILFORD LLP

By: /s/ Mark D. Baute
    MARK D. BAUTE
    COURTNEY A. PALKO
    Attorneys for Defendant
    DERRICK ROSE

251258.1

11

Case No. CV 15-7503-MWF(JCx)

**DEFENDANT DERRICK ROSE'S MOTION TO DISMISS, ET AL.**

# PROOF OF SERVICE

**JANE DOE v. DERRICK ROSE**
Case No. CV 15-7503-MWF(JCx) [2235.1]

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 777 South Figueroa Street, Suite 4900, Los Angeles, CA 90017.

On this date indicated below, I served true copies of the following document(s) described as **MOTION TO DISMISS FOR ABUSE OF PROCESS OR FOR MISTRIAL, SANCTIONS, ADDITIONAL EXAMINATION OF PLAINTIFF, JURY ADMONITION RE PLAINTIFF'S MANIPULATION AND WITHHOLDING OF PROBATIVE EVIDENCE, AND EXCLUSION OF PLAINTIFF'S UNTIMELY DISCLOSED EXHIBITS;** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ on the interested parties in this action as follows:

**(\*\*SEE ATTACHED SERVICE LIST\*\*)**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 11, 2016, at Los Angeles, California.

/s/ Courtney A. Palko
COURTNEY A. PALKO

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

# SERVICE LIST

**JANE DOE v. DERRICK ROSE**
Case No. CV 15-7503-MWF(JCx) [2235.1]

| | |
|---|---|
| Brandon J. Anand, Esq.<br>ANAND LAW, PC<br>5455 Wilshire Blvd., Suite 1812<br>Los Angeles, CA 90036<br>Telephone: (323) 325-3389<br>Fax: (323) 488-9659<br>E-mail: brandon@anandlaw.com;<br>info@anandlaw.com | *Attorneys for Plaintiff*<br>*JANE DOE* |
| Waukeen Q. McCoy, Esq.<br>McCOY LAW FIRM P.C.<br>555 Montgomery Street, Suite 1100<br>San Francisco, CA 94111<br>Telephone: (415) 675-7705<br>Fax: (415) 675-2530<br>E-mail: mail@mccoyslaw.com | *Attorneys for Plaintiff*<br>*JANE DOE* |
| Thaddeus J. Culpepper, Esq.<br>CULPEPPER LAW GROUP<br>3818 Crenshaw Blvd., Suite 905<br>Los Angeles, CA 90008<br>Telephone: (310) 997-0806<br>E-mail: culpepper@alumni.pitt.edu | *Attorneys for Plaintiff*<br>*JANE DOE* |
| Patrick M. Maloney, Esq.<br>THE MALONEY FIRM, APC<br>2381 Rosecrans Avenue, Suite 405<br>El Segundo, California 90245<br>Telephone: (310) 540-1505<br>Fax: (310) 540-1507<br>E-mail: pmaloney@maloneyfirm.com | *Attorneys for Defendants*<br>*RANDALL HAMPTON and RYAN ALLEN* |
| Michael D. Monico, Esq.<br>Barry A. Spevack, Esq.<br>MONICO & SPEVACK<br>20 S. Clark Street, Suite 700<br>Chicago, IL 60603<br>Telephone: (312) 782-8500<br>Fax: (312) 759-2000<br>E-mail: mm@monicolaw.com | *Attorneys for Defendants*<br>*RANDALL HAMPTON and RYAN ALLEN* |

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225