

Suite 2400
865 South Figueroa Street
Los Angeles, CA 90017-2566

**Diana Palacios**
213.633.6828 tel
213.633.6899 fax

dianapalacios@dwt.com

October 16, 2016

The Hon. Michael W. Fitzgerald, United States District Judge
United States District Court, Central District of California
312 North Spring Street
Los Angeles, CA 90012

      Re:    *Jane Doe v. Derrick Rose et al.*, Case No. 2:15-cv-07503-MWF-JC

Dear Judge Fitzgerald:

      We write as outside counsel for the New York Post. During the trial in the above-entitled matter, Julia Marsh, a reporter for the New York Post who has been covering this trial, requested copies of the exhibits entered into the record. It is our understanding that this issue is currently under consideration by the Court and per your suggestion, we write to formally request, as a matter of public interest, copies of these exhibits.[1] Because this trial is scheduled to end as soon as Tuesday, we respectfully request that Ms. Marsh be given access to the trial exhibits before noon Monday, October 17, 2016.

      Under the First Amendment and federal common law, the press and public have a presumptive right of access to judicial records and proceedings. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 564 (1980); *CBS, Inc. v. District Court*, 765 F.2d 823, 825 (9th Cir. 1985) ("*CBS II*"). Indeed, courts have historically "recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). In *CBS II*, the Ninth Circuit reaffirmed that the "right of access is grounded in the First Amendment and in common law, and extends to documents filed in pretrial proceedings *as well as in the trial itself*." 765 F.2d at 825 (emphasis added). This presumption applies with equal force in criminal and in

---

[1] The press has standing to assert the public's – and its own – right of access to court proceedings and records. *See, e.g., Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982) (newspaper has right to be heard on issue of exclusion from court proceedings). The Ninth Circuit has held that non-parties, like the New York Post, should be permitted to intervene for the purpose of challenging limitations on the right of access. *Beckman Industries, Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992); *see also In re Associated Press*, 162 F.3d 503, 508 19 (7th Cir. 1998) ("the Press ought to have been able to intervene in order to present arguments against limitations on the constitutional or common law right of access").

civil proceedings. *See, e.g., Richmond Newspapers*, 448 U.S. at 580 n.17 (Burger, C.J.) ("historically both civil and criminal trials have been presumptively open").

The right of access includes not only the right to inspect records, but also the right to copy those records. For example, in *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1294 (9th Cir. 1986), the Ninth Circuit held that "[s]uch factors as promoting the public's understanding of the judicial process and of significant public events justify creating a 'strong presumption' in favor of *copying* access." (Emphasis added). Based on this strong presumption, the Ninth Circuit held that the district court erred in refusing to provide the public with copies of the tapes that were introduced into evidence at trial. *See also In re Nat'l Broadcasting Co.*, 653 F.2d 609, 620-21 (D.C. Cir. 1981) (appeals court reversed district court's denial of media's application to inspect and copy the video and audio tapes entered into evidence at trial) (footnotes omitted)).

Moreover, the public's right of access to judicial records mandates timely, contemporaneous access. In *In re Charlotte Observer*, 882 F.2d 850, 856 (4th Cir. 1989), the court declared that the public's right of access is "threatened *whenever immediate access . . . is denied*, whatever provision is made for later disclosure." (Emphasis added). Even a 48-hour delay in the release of presumptively public court records "is a total restraint on the public's first amendment right of access even though the restraint is limited in time." *Associated Press v. District Court*, 705 F.2d 1143, 1147 (9th Cir. 1983). Hence, the Ninth Circuit has not hesitated in granting mandamus relief to news organizations when district courts improperly have restricted the public's right of access to judicial records. *See, e.g., Oregonian Publishing Co. v. District Court*, 920 F.2d 1462, 1466 (9th Cir. 1990); *Valley Broad. Co.*, 798 F.2d at 1292; *CBS, Inc. v. U.S. Dist. Court for Cent. Dist. of California*, 765 F.2d 823, 825 (9th Cir. 1985); *Associated Press*, 705 F.2d at 1147.

As these cases illustrate, the trial exhibits in this case are subject to the public's constitutional and common law rights of access. In fact, these exhibits are quintessential judicial records that are presumed to be public – they were not filed under seal, they were discussed in an open courtroom when the public and members of the press were present, and they have been entered into the record as evidence at trial. In addition, the public's right of contemporaneous access to judicial records is especially important in this proceeding because of the gravity of the accusations and due to the overwhelming public interest in this trial.

Finally, there are no compelling reasons to restrict access to the trial exhibits. To overcome the strong presumption that civil litigation records are public, a party must present "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Even in highly publicized cases, such as this one, compelling reasons to restrict access must be based on ascertainable facts not pure conjecture. *See Valley Broad. Co.*, 798 F.2d at 1297 (rejecting the claim that jurors may be prejudiced if the videos were publicly aired because "without articulable facts, such speculation was conjecture" and therefore "the district court abused its discretion by weighing this conjectural factor in its analysis"). Here, no justification, much less a compelling one, has been offered by the parties to justify restricting the public and press from inspecting and copying the trial exhibits in this case.[2] In fact, counsel for defendant Derrick Rose, Mr. Mark Baute, on the record, stated that he did not object to the press having access to the trial exhibits.

Because there is a strong presumptive right of access to the trial exhibits and there is no compelling justification to restrict this right, we respectfully request that the Court provide the press and public immediate by noon Monday access to copies of the trial exhibits entered into the record in this case.

Sincerely,

Davis Wright Tremaine LLP

Diana Palacios
(SBN 290923)

cc: Kiry Gray, Clerk of Court
Mark D. Baute, Esq.
Courtney A. Palko, Esq.
Patrick M. Maloney, Esq.
Michael D. Monico, Esq.
Scott J. Krischke, Esq.
Brandon J Anand, Esq.
Waukeen Q. McCoy, Esq.
Ronak Patel, Esq.
Julia Marsh

---

[2] Nor can the parties seek *ex post facto* sealing of the trial exhibits because they are now a public record that cannot be made private. *See In re Google Inc. Gmail Litig.*, 2014 U.S. Dist. LEXIS 136420, at *32 (N.D. Cal. Aug. 6, 2014) (explaining that the Ninth Circuit has held "that material that has been publicly disclosed cannot be protected"); *see also TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2012 U.S. Dist. LEXIS 58227, at *9 (D. Ariz. Apr. 25, 2012) (denying a motion to seal a public transcript as a "backdoor attempt[] to seal the courtroom") (internal quotations omitted).