**BAUTE CROCHETIERE & GILFORD LLP**
MARK D. BAUTE (State Bar No. 127329)
mbaute@bautelaw.com
COURTNEY A. PALKO (State Bar No. 233822)
cpalko@bautelaw.com
777 South Figueroa Street, Suite 4900
Los Angeles, California 90017
Telephone: (213) 630-5000
Facsimile: (213) 683-1225

*Attorneys for Defendant*
DERRICK ROSE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JANE DOE (A Pseudonym),<br><br>Plaintiff,<br><br>v.<br><br>DERRICK ROSE, an Individual; RANDALL HAMPTON, an Individual; RYAN ALLEN, an Individual; and DOES 1-10 Inclusive,<br><br>Defendants. | Case No. CV 15-7503-MWF(JCx)<br><br>Complaint Filed: August 26, 2015<br><br>**DEFENDANT DERRICK ROSE'S OBJECTIONS TO CONSPIRACY JURY INSTRUCTION NO. 18 AND VERDICT FORM QUESTION 4 INCONSISTENT WITH PRIOR RULING ELIMINATING CONSPIRACY CLAIM FROM TRIAL**<br><br>**Trial:**<br>Date:  October 4, 2016<br>Time:  8:30 a.m.<br>Place:  Courtroom 1600<br><br>Judge:  Hon. Michael W. Fitzgerald |

251625.1

Case No. CV 15-7503-MWF(JCx)

**DEFT ROSE'S OBJECTIONS TO CONSPIRACY JURY INSTRUCTION NO. 18 AND VERDICT FORM QUESTION 4 INCONSISTENT W/PRIOR RULING ELIMINATING CONSPIRACY CLAIM FROM TRIAL**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. STATEMENT OF FACTS .................................................................................. 1

III. ARGUMENT ....................................................................................................... 3

    A. The Court's Prior Ruling on Civil Conspiracy Was Correct. .................. 3

    B. It Is Highly Prejudicial to Reinject a Conspiracy Theory at the Close of Trial into the Jury Instructions and Verdict Form. ................... 4

IV. CONCLUSION ................................................................................................... 5

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

251625.1

i

Case No. CV 15-7503-MWF(JCx)

**DEFT ROSE'S OBJECTIONS TO CONSPIRACY JURY INSTRUCTION NO. 18 AND VERDICT FORM QUESTION 4 INCONSISTENT W/PRIOR RULING ELIMINATING CONSPIRACY CLAIM FROM TRIAL**

## I. INTRODUCTION

Mr. Rose objects to the inclusion of Jury Instruction No. 18 (Conspiracy) and Question 4 (Conspiracy) on the Jury Verdict Form. At the outset of trial, the Court ruled that civil conspiracy is not a separate tort. Mr. Rose relied on the Court's ruling in presenting his defense at trial. The Court's reintroduction of civil conspiracy into the Jury Instructions and Verdict Form at the close of trial is highly prejudicial and constitutes reversible error.

The Court was correct in excluding conspiracy. Lack of consent is an affirmative element that Plaintiff bears the burden of proving as to each defendant separately. This is clear in Instruction No. 4. There is no transferred lack of consent. If she cannot prove sexual battery against Mr. Rose, she cannot hold him liable for sexual battery based on sexual activity that Mr. Rose did not engage in. Mr. Rose, Mr. Allen, and Mr. Hampton each admit the sex occurred. A conspiracy instruction is entirely inapplicable to these facts and inappropriate in this case. And most importantly, Mr. Rose relied on the Court's prior ruling that civil conspiracy was not a separate tort in presenting his defense. On the eve of closing arguments, the Court's injection of civil conspiracy into the jury instructions and verdict form constitutes reversible error.

## II. STATEMENT OF FACTS

At 9:08 p.m. on October 17, 2016, the Court provided counsel with the final jury instructions in this case, which added the following new instruction excluded from the two prior versions distributed by the Court and discussed at Court with all counsel that day:

**INSTRUCTION NO. 18**
**(CONSPIRACY)**

Plaintiff Monica Rios claims that Defendants Derrick Rose, Randall Hampton, and/or Ryan Allen committed sexual battery against her. She further contends that each Defendant is liable even if he did not personally commit a

sexual battery because he was part of a conspiracy. A conspiracy is an agreement by two or more persons to commit a wrongful act. Such an agreement may be made orally or in writing or may be implied by the conduct of the parties.

If you find that any Defendant committed a sexual battery that harmed Plaintiff Monica Rios, then you must determine whether the other Defendants are also responsible for the harm. A Defendant is responsible if Plaintiff Monica Rios proves all of the following:

1. That Defendant was aware that another Defendant planned to commit sexual battery; and

2. That Defendant agreed with the other Defendant and intended that the other Defendant commit the sexual battery which in fact occurred.

Mere knowledge of a wrongful act without cooperation or an agreement to cooperate is insufficient to make a Defendant responsible for harm caused by another Defendant.

A conspiracy may be inferred from circumstances, including the nature of the acts done, the relationships between the parties, and the interests of the Defendants. For a Defendant to be liable under the doctrine of conspiracy, Plaintiff Monica Rios is not required to prove that a Defendant personally committed a wrongful act or knew all the details of the agreement.

Additionally, the Court's verdict form provided at the same time as the new Jury Instruction No. 18 (Conspiracy) included the following new Question 4 as to conspiracy:

251625.1

2

Case No. CV 15-7503-MWF(JCx)

**DEFT ROSE'S OBJECTIONS TO CONSPIRACY JURY INSTRUCTION NO. 18 AND VERDICT FORM QUESTION 4 INCONSISTENT W/PRIOR RULING ELIMINATING CONSPIRACY CLAIM FROM TRIAL**

**Question 4 (Conspiracy)**

If you answered Question 3 "Yes" as to any Defendant, do you find any other Defendant or Defendants liable for sexual battery on the basis of conspiracy and not on the basis of his own sexual activity with Plaintiff Monica Rios?

| | | |
|---|---|---|
| Derrick Rose | Yes____ | No____ |
| Randall Hampton | Yes____ | No____ |
| Ryan Allen Yes No | Yes____ | No____ |

Please go to Question 5.

## III.  ARGUMENT

### A.  The Court's Prior Ruling on Civil Conspiracy Was Correct.

At the pretrial conference, the Court concluded that civil conspiracy was not a separate tort, and that civil conspiracy would not be a separate claim that Plaintiff would be proving at trial, and against which Mr. Rose would have to present a defense. Mr. Rose relied on the Court's ruling in his trial preparation and strategy. Mr. Rose elicited no evidence or testimony to defend against a conspiracy claim that Mr. Rose believed, based on the Court's representation, would not be a part of the trial.

The Court's ruling was correct. Civil conspiracy is not an independent tort. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510–11 (1994). "A conspiracy cannot be alleged as a tort separate from the underlying wrong it is organized to achieve." *Id*. at 513. Allegations of civil conspiracy cannot constitute a separate claim for relief under California law. *See Moran v. Endres*, 135 Cal. App. 4th 952, 954 (2006) (conspiracy is not a cause of action). In order to maintain an action for conspiracy, a plaintiff must allege that the defendant had knowledge of and agreed to both the objective and the course of action that resulted in the injury, that there was a wrongful act committed pursuant to that agreement, and that there was resulting damage. *Quelimane Co. v. Stewart Title Guaranty Co.*, 19 Cal. 4th 26, 47 (1998). "'Bare' allegations and 'rank' conjecture do not suffice for a civil conspiracy." *Choate*

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

*v. County of Orange*, 86 Cal. App. 4th 312, 333 (2000), *as modified on denial of reh'g* (Jan. 17, 2001) (citing *Mahaney v. Warren County*, 206 F.3d 770, 772 (8th Cir. 2000)).

> Because civil conspiracy is so easy to allege, plaintiffs have a weighty burden to prove it. (*Hinkle v. City of Clarksburg* (4th Cir.1996) 81 F.3d 416 [affirming summary judgment on cover-up conspiracy allegations].) They must show that each member of the conspiracy acted in concert and came to a mutual understanding to accomplish a common and unlawful plan, and that one or more of them committed an overt act to further it. (*Id*. at p. 421.) It is not enough that the conspiring officers knew of an intended wrongful act, they had to agree—expressly or tacitly—to achieve it. Unless there is such a meeting of the minds, "the independent acts of two or more wrongdoers do not amount to a conspiracy." (*National Congress For Puerto Rican Rights v. City of New York* (S.D.N.Y.1999) 75 F.Supp.2d 154, 168.)

*Choate*, 86 Cal. App. 4th at 333; *see Redmond v. San Jose Police Dep't*, No. 14-cv-02345, 2015 WL 4940897, at * 5 (N.D. Cal. Aug. 19, 2015).

As the Court properly recognized and decided before trial, a conspiracy theory makes no sense in this case.

### B. It Is Highly Prejudicial to Reinject a Conspiracy Theory at the Close of Trial into the Jury Instructions and Verdict Form.

It is prejudicial to proceed through trial on an understanding that a theory is out of play, allow Mr. Rose to present his entire defense, and then resurrect that theory on the final day of trial, after it is too late to change trial preparation and strategy. Mr. Rose, Mr. Allen, and Mr. Hampton have already testified for several hours in this case, as has Plaintiff. Jury Instruction No. 18 and Question 4 of the verdict form should not

be included in the jury instruction and verdict form. This instruction and verdict form question are confusing to the jury and unhelpful in deciding the issues tried before the jury, i.e., whether Plaintiff invited Mr. Rose, Mr. Allen, and Mr. Hampton to her apartment when she was sober and then had consensual sex with them.

## IV.   CONCLUSION

Mr. Rose objects to Jury Instruction No. 18 (Conspiracy) and Question 4 (Conspiracy) on the verdict form on the ground that civil conspiracy theory was eliminated from the case prior to the start of trial, and it is prejudicial and reversible error to reinsert a conspiracy theory into the jury instructions and verdict form on the final day of trial, when Mr. Rose has no opportunity to change his trial preparation and strategy.

DATED:  October 18, 2016            BAUTE CROCHETIERE & GILFORD LLP

By:   /s/ Mark D. Baute
    MARK D. BAUTE
    COURTNEY A. PALKO
    Attorneys for Defendant
    DERRICK ROSE

**PROOF OF SERVICE**
**JANE DOE v. DERRICK ROSE**
Case No. CV 15-7503-MWF(JCx) [2235.1]

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 777 South Figueroa Street, Suite 4900, Los Angeles, CA 90017.

On this date below, I served true copies of the following document(s) described as **DEFENDANT DERRICK ROSE'S OBJECTIONS TO CONSPIRACY JURY INSTRUCTION NO. 18 AND VERDICT FORM QUESTION 4 INCONSISTENT WITH PRIOR RULING ELIMINATING CONSPIRACY CLAIM FROM TRIAL** on the interested parties in this action as follows:

**(\*\*SEE ATTACHED SERVICE LIST\*\*)**

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jdiep@bautelaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 18, 2016, at Los Angeles, California.

/s/ Courtney A. Palko
COURTNEY A. PALKO

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

251625.1    i    Case No. CV 15-7503-MWF(JCx)
**DEFT ROSE'S OBJECTIONS TO CONSPIRACY JURY INSTRUCTION NO. 18 AND VERDICT FORM QUESTION 4 INCONSISTENT W/PRIOR RULING ELIMINATING CONSPIRACY CLAIM FROM TRIAL**

# SERVICE LIST
**JANE DOE v. DERRICK ROSE**
Case No. CV 15-7503-MWF(JCx) [2235.1]

| | |
|---|---|
| Brandon J. Anand, Esq.<br>ANAND LAW, PC<br>5455 Wilshire Blvd., Suite 1812<br>Los Angeles, CA 90036<br>Telephone: (323) 325-3389<br>Fax: (323) 488-9659<br>E-mail: brandon@anandlaw.com;<br>info@anandlaw.com | *Attorneys for Plaintiff*<br>*JANE DOE* |
| Waukeen Q. McCoy, Esq.<br>McCOY LAW FIRM P.C.<br>555 Montgomery Street, Suite 1100<br>San Francisco, CA 94111<br>Telephone: (415) 675-7705<br>Fax: (415) 675-2530<br>E-mail: mail@mccoyslaw.com | *Attorneys for Plaintiff*<br>*JANE DOE* |
| Thaddeus J. Culpepper, Esq.<br>CULPEPPER LAW GROUP<br>3818 Crenshaw Blvd., Suite 905<br>Los Angeles, CA 90008<br>Telephone: (310) 997-0806<br>E-mail: culpepper@alumni.pitt.edu | *Attorneys for Plaintiff*<br>*JANE DOE* |
| Patrick M. Maloney, Esq.<br>THE MALONEY FIRM, APC<br>2381 Rosecrans Avenue, Suite 405<br>El Segundo, California 90245<br>Telephone: (310) 540-1505<br>Fax: (310) 540-1507<br>E-mail: pmaloney@maloneyfirm.com | *Attorneys for Defendants*<br>*RANDALL HAMPTON and RYAN ALLEN* |
| Michael D. Monico, Esq.<br>Barry A. Spevack, Esq.<br>MONICO & SPEVACK<br>20 S. Clark Street, Suite 700<br>Chicago, IL 60603<br>Telephone: (312) 782-8500<br>Fax: (312) 759-2000<br>E-mail: mm@monicolaw.com | *Attorneys for Defendants*<br>*RANDALL HAMPTON and RYAN ALLEN* |

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225